| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF CALIFORNIA |
| Case number *(if known)* _____ Chapter  **11** |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 　　04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **OROVILLE HOSPITAL** |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **94-1634554** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business**<br><br>**2767 Olive Highway**<br>**Oroville, CA 95966**<br>Number, Street, City, State & ZIP Code<br><br>**Butte**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | orovillehospital.com | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

| Debtor | OROVILLE HOSPITAL | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

- ■ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

B. *Check all that apply*

- ■ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6221__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ■ No.
- ☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

| Debtor | **OROVILLE HOSPITAL** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **OROHEALTH CORPORATION: A NONPROFIT HEALTHCARE SYSTEM** | Relationship | **SOLE CORPORATE MEMBER** |
| District | **EASTERN DISTRICT OF CALIFORNIA** When **12/08/25** | Case number, if known | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                ☐ 1,000-5,000           ☐ 25,001-50,000
☐ 50-99               ■ 5001-10,000           ☐ 50,001-100,000
☐ 100-199             ☐ 10,001-25,000         ☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million       ■ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million     ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million    ☐ More than $50 billion

| 16. Estimated liabilities | ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
|---|---|---|---|
| | ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| | ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| | ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor  **OROVILLE HOSPITAL**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **December 8, 2025**
MM / DD / YYYY

X _(signature)_    **Robert J. Wentz**
Signature of authorized representative of debtor    Printed name

Title    **President and Chief Executive Officer**

**18. Signature of attorney**

X _(signature)_    Date **December 8, 2025**
Signature of attorney for debtor    MM / DD / YYYY

**Nicholas A. Koffroth (SBN 287854)**
Printed name

**Fox Rothschild LLP**
Firm name

**10250 Constellation Blvd.**
**Suite 900**
**Los Angeles, CA 90067**
Number, Street, City, State & ZIP Code

Contact phone **(424) 285-7070**    Email address **nkoffroth@foxrothschild.com**

**287854  California**
Bar number and State

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **OROVILLE HOSPITAL** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF CALIFORNIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **December 8, 2025**

X _____
Signature of individual signing on behalf of debtor

**Robert J. Wentz**
Printed name

**President and Chief Executive Officer**
Position or relationship to debtor

| Fill in this information to Identify the case: |
|---|
| Debtor Name:    OROVILLE HOSPITAL |
| United States Bankruptcy Court for the:    Eastern District of California |
| Case Number (If known): |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES ATTN CHRISTINE OGURO 1501 CAPITOL AVE STE 71.2048 SACRAMENTO, CA 95814-5005 | CONTACT: CHRISTINE OGURO Christine.Oguro@dhcs.ca.gov | SETTLEMENT | | | | $26,267,285.36 |
| 2 | MODERN-SUNDT ATTN SARA KORNBLATT, ESQ. C/O GIBBS GIDEN 12100 WILSHIRE BLVD LOS ANGELES, CA 90025 | CONTACT: SARA KORNBLATT, ESQ. PHONE: 310-552-3400 skomblatt@gibbsgiden.com | LAWSUIT | CUD | | | $16,889,445.90 |
| 3 | CHANGE HEALTHCARE ATTN VASSI ILIADIS, DAVID WILLNER, OREN KREPS 1999 AVENUE OF THE STARS, SUITE 1400 LOS ANGELES, CA 90067 | CONTACT: VASSI ILIADIS, DAVID WILLNER, OREN KREPS vassi.iliadis@hoganlovells.com; david.willner@hoganlovells.com; oren.kreps@hoganlovells.com | LITIGATION | CUD | | | $15,477,600.00 |
| 4 | U.S. DEPARTMENT OF JUSTICE ATTN EDWARD C. CROOKE CIVIL DIVISION, FRAUD SECTION 175 N STREET NE WASHINGTON, DC 200004 | CONTACT: EDWARD C. CROOKE Jennifer.gregory@doj.ca.gov | SETTLEMENT | | | | $9,515,327.67 |
| 5 | CARDINAL HEALTH ATTN TYRONZA WALTON P.O. BOX 742946 LOS ANGELES, CA 90074-2946 | CONTACT: TYRONZA WALTON PHONE: 800-678-7889 Tyronza.Walton@cardinalhealth.com | TRADE DEBT | | | | $2,422,039.30 |

Debtor: OROVILLE HOSPITAL

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | PHOENIX SETTLEMENT ADMIN. ATTN YAMI BURNS 1411 N. BATAVIA ST., SUITE 105 ORANGE, CA 92867 | CONTACT: YAMI BURNS yami@phoenixclassaction.com | SETTLEMENT | | | | $1,250,000.00 |
| 7 | MEDLINE INDUSTRIES ATTN MICHELLE CURTIN DEPT. LA 21558 PASADENA, CA 91185-1558 | CONTACT: MICHELLE CURTIN PHONE: 847-643-4712 mcurtin@medline.com | TRADE DEBT | | | | $1,037,209.43 |
| 8 | OHPAC PARTNERS, LLC ATTN RICHARD PACHULSKI 10100 SANTA MONICA BLVD LOS ANGELES, CA 90067 | CONTACT: RICHARD PACHULSKI PHONE: 310-277-6910 rpachulski@pszjlaw.com | TRADE DEBT | | | | $1,024,373.45 |
| 9 | BETA HEALTHCARE GROUP ATTN RAY BASTIN PO BOX 500030 SAN DIEGO, CA 92150-0030 | CONTACT: RAY BASTIN PHONE: 916-266-6100 ray.bastin@betahg.com | TRADE DEBT | | | | $990,678.80 |
| 10 | OROVILLE MEDICAL COMPLEX, LLC ATTN RICHARD PACHULSKI 10100 SANTA MONICA BLVD LOS ANGELES, CA 90067 | CONTACT: RICHARD PACHULSKI PHONE: 310-277-6910 rpachulski@pszjlaw.com | TRADE DEBT | | | | $874,269.13 |
| 11 | ZIMMER, INC. ATTN DANIEL CARABALLO 14235 COLLECTIONS CENTER DR CHICAGO, IL 60693 | CONTACT: DANIEL CARABALLO PHONE: 800-613-6131 daniel.caraballo@zimmerbiomet.com | TRADE DEBT | | | | $548,305.91 |
| 12 | PACIFIC PARKS LANDSCAPING, INC LAW OFFICES OF ABDULAZAZ, GROSSPART & DUDMAN 6454 COLDWATER CANYON AVE. NORTH HOLLYWOOD, CA 91606 | CONTACT: KEN GROSSBART PHONE: 310-734-3391 | LAWSUIT | CUD | | | $518,275.72 |
| 13 | VITEL NET ATTN MICHAEL KOLLAR 1640 BORO PLACE 4TH FLOOR, SUITE 505 MCLEAN, VA 22102 | CONTACT: MICHAEL KOLLAR PHONE: 703-762-9992 info@vitelnet.com | TRADE DEBT | | | | $403,406.47 |
| 14 | BOSTON SCIENTIFIC CORPORATION ATTN KETNOUVONG, BOUNTIAP PO BOX 951653 DALLAS, TX 75395-1653 | CONTACT: KETNOUVONG, BOUNTIAP PHONE: 800-525-8576 bountiap.ketnouvong@bsci.com> | TRADE DEBT | | | | $351,335.36 |
| 15 | VITALANT ATTN MISTY JOHNSON P.O. BOX 29650 PHOENIX, AZ 85038-9650 | CONTACT: MISTY JOHNSON PHONE: 602-414-3540 ar@vitalant.org | TRADE DEBT | | | | $346,526.59 |
| 16 | CANNON DESIGN ATTN SAMUEL J. MUIR, ESQ. 222 BROADWAY, SUITE 1503 OAKLAND, CA 94507 | CONTACT: SAMUEL J. MUIR, ESQ. PHONE: 310-229-2770 sam@muir.law | TRADE DEBT | D | | | $324,480.30 |
| 17 | CHANGE HEALTHCARE ATTN LUANNE ANDERSON P.O. BOX 98347 CHICAGO, IL 60693-8347 | CONTACT: LUANNE ANDERSON PHONE: 866-455-9430 luanne.anderson@optum.com | TRADE DEBT | | | | $314,878.48 |

Debtor: OROVILLE HOSPITAL

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | STRYKER SALES LLC<br>ATTN NOEL PEREIRA<br>21343 NETWORK PLACE<br>CHICAGO, IL 60673-1213 | CONTACT: NOEL PEREIRA<br>PHONE: 800-253-3210<br>noel.pereira@stryker.com | TRADE DEBT | | | | $308,734.54 |
| 19 | MEDICAL SOLUTIONS<br>ATTN DARREL REICHENBERG<br>P.O. BOX 850737<br>MINNEAPOLIS, MN 55485-0737 | CONTACT: DARREL REICHENBERG<br>PHONE: 866-633-3548<br>darrel.reichenberg@medicalsolutions.com | TRADE DEBT | | | | $298,591.91 |
| 20 | OMNICELL, INC.<br>ATTN DORTHEA CARMON<br>P.O. BOX 204650<br>DALLAS, TX 75320-4650 | CONTACT: DORTHEA CARMON<br>PHONE: 650-331-8185<br>accounts.receivable@omnicell.com | TRADE DEBT | | | | $284,817.87 |
| 21 | CURATIVE TALENT, LLC<br>ATTN BLAKE BEAR<br>PO BOX 122549<br>DALLAS, TX 75312-2549 | CONTACT: BLAKE BEAR<br>bbear@doximity.com | TRADE DEBT | | | | $277,780.25 |
| 22 | LANDMARK HEALTHCARE FACILITIES<br>ATTN MICHAEL D. CLEARY<br>839 N. JEFFERSON ST<br>MILWAUKEE, WI 53202 | CONTACT: MICHAEL D. CLEARY<br>mcleary@landmarkleadership.com | TRADE DEBT | | | | $261,838.29 |
| 23 | CALIFORNIA HEALTHCARE INS, INC<br>ATTN PRESIDENT AND COO<br>9229 SIERRA COLLEGE BLVD<br>ROSEVILLE, CA 95661-5919 | CONTACT: PRESIDENT AND COO<br>PHONE: 916-773-3992<br>mhiggins@optimahealthcare.com | TRADE DEBT | | | | $234,784.00 |
| 24 | CHG MEDICAL STAFFING, INC.<br>ATTN EVONNE ORWIN<br>P.O. BOX 972670<br>DALLAS, TX 75397-2670 | CONTACT: EVONNE ORWIN<br>PHONE: 800-328-3021<br>Evonne.Orwin@CHGHealthcare.com | TRADE DEBT | | | | $228,252.38 |
| 25 | INTUITIVE SURGICAL<br>PO BOX 883629<br>LOS ANGELES, CA 90088-3629 | PHONE: 408-523-2100<br>customerservice@intusurg.com | TRADE DEBT | | | | $224,331.56 |
| 26 | PACIFIC GAS & ELECTRIC<br>P.O. BOX 997300<br>SACRAMENTO, CA 95899-7300 | PHONE: 800-743-5000<br>customerservice@pge.com | TRADE DEBT | | | | $221,868.46 |
| 27 | STERIS CORPORATION<br>ATTN ALEX SYLVAN<br>P.O. BOX 644063<br>PITTSBURGH, PA 15264-4063 | CONTACT: ALEX SYLVAN<br>PHONE: 440-354-2600<br>alex_sylvan@steris.com | TRADE DEBT | | | | $202,241.51 |
| 28 | CLINICOMP INTERNATIONAL, INC.<br>ATTN SEAN GALLAGHER<br>9655 TOWNE CENTRE DR<br>SAN DIEGO, CA 92121 | CONTACT: SEAN GALLAGHER<br>PHONE: 858-546-8202<br>sean.gallagher@clinicomp.com | TRADE DEBT | | | | $199,835.00 |
| 29 | ALE USA, INC.<br>ATTN CARMEN AZEVEDO<br>P.O. BOX 660367<br>DALLAS, TX 75266-0367 | CONTACT: CARMEN AZEVEDO<br>PHONE: 972-519-4305<br>Enterprise Orderdesk@al-enterprise.com | TRADE DEBT | | | | $198,687.24 |

Debtor: OROVILLE HOSPITAL    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30   WEATHERBY LOCUMS, INC.  ATTN EVONNE ORWIN  P.O. BOX 972633  DALLAS, TX 75397-2633 | CONTACT: EVONNE ORWIN  Evonne.Orwin@CHGHealthcare.com | TRADE DEBT | | | | $190,078.49 |

Filed 12/08/25　　　　　Case 25-26876　　　　　Doc 1



# RESOLUTIONS OF
# THE BOARD OF TRUSTEES
# OF
# OROVILLE HOSPITAL

The members of the Board of Trustees ("**Board**") of Oroville Hospital, a California nonprofit public benefit corporation (the "**Corporation**"), adopted the following resolutions at the meeting of the Board held on December 6, 2025:

**Chapter 11 Case**:

WHEREAS, the Corporation has one member, as such term is defined in Section 5056 of the California Nonprofit Corporation Law, which is OroHealth Corporation: a Nonprofit Healthcare System, a California nonprofit public benefit corporation ("**Member**"), and the Member exercises its membership rights through the Corporation's Board or Chair of the Board;

WHEREAS, the Member, as the sole member of the Corporation, has authorized the Board and Corporation to take the following actions set forth in these resolutions.

WHEREAS, pursuant to the terms of the Corporation's Bylaws, the business and affairs of the Corporation shall be managed, and all corporate power shall be exercised under the direction of the Board;

WHEREAS, the Board has considered the financial and operational aspects of the Corporation's business and the recommendations of the Corporation's professionals and advisors;

WHEREAS, the Board has reviewed the historical performance of the Corporation, the market for the Corporation's services, and the current and long-term liabilities of the Corporation; and

WHEREAS, the Board has reviewed, considered, and received the recommendations of the senior management of the Corporation, including the recommendation of the Chief Executive Officer, Chief Operating Officer and Chief Financial Officer to file the chapter 11 case of the Corporation, and the Corporation's professionals and advisors as to the terms of the proposed restructuring to be implemented during the course of a chapter 11 case of the Corporation.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board, it is necessary, advisable and in the best interests of the Corporation, having considered the interests of creditors and other interested parties, that a voluntary petition be filed by the Corporation under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

BE IT FURTHER RESOLVED, that Chief Executive Officer, Robert J. Wentz, and/or Chief Operating Officer, Scott Chapple, and/or the Chief Financial Officer, Colleen Duncan, in their discretion, and each hereby is authorized and directed on behalf of and in the name of the Corporation to execute and file and to cause counsel for the Corporation to prepare with assistance of the Corporation as appropriate all petitions, schedules, lists and other papers, documents and pleadings in connection with the Corporation's bankruptcy case, and to take any and all action

179911224.1　　2767 Olive Highway　Oroville, CA 95966　530•533•8500
www.OrovilleHospital.com

which the Officer(s) deems necessary and proper in connection with the Corporation's bankruptcy case;

BE IT FURTHER RESOLVED, that the Corporation be, and it hereby is, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such instruments as it, in its discretion, may deem necessary or advisable in order to carry out the purpose and intent of the foregoing resolutions; and

BE IT FURTHER RESOLVED, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions of the management and members of the Board, in the name and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified.

**Retention of Advisors**:

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgement, that is necessary, advisable and in the best interests of the Corporation, having considered the interests of creditors and other interested parties, to employ the law firm of Fox Rothschild LLP, as general bankruptcy counsel to the Corporation to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights, including filing and pleading and in connection therewith, the Corporation is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Fox Rothschild LLP;

WHEREAS, the Board has determined, in good faith exercise of its reasonable judgment, that it is necessary, advisable and in the best interests of the Corporation, having considered the interests of the creditors and other interested parties, to engage Hooper Lundy & Bookman LLP, as special healthcare regulatory and transactional counsel for the Corporation in connection with chapter 11 case, subject to the Bankruptcy Court approval;

WHEREAS, the Board has determined, in good faith exercise of its reasonable judgment, that it is necessary, advisable and in the best interests of the Corporation, having considered the interests of the creditors and other interested parties, to engage Greenberg Glusker, LLP, as conflicts counsel for the Corporation in connection with chapter 11 case, subject to the Bankruptcy Court approval;

WHEREAS, the Board has determined, in good faith exercise of its reasonable judgment, that it is necessary, advisable and in the best interests of the Corporation, having considered the interests of the creditors and other interested parties, to engage Cain Brothers, a division of KeyBanc Capital Markets as investment banker for the Corporation in connection with chapter 11 case, subject to the Bankruptcy Court approval;

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable judgment, that is necessary, advisable and in the best interests of the Corporation, having considered the interests of creditors and other interested parties, to engage Epiq Systems, Inc., as Claims and Noticing Agent for the Corporation in connection with the chapter 11 case, subject to the

179911224.1

Bankruptcy Court approval; and

WHEREAS, the Board has determined, in the good-faith exercise of its reasonable business judgment, that it is necessary, advisable and in the best interests of the Corporation, having considered the interests of creditors and other interested parties, to engage FTI Consulting, Inc., as Financial Advisor for the Corporation in connection with the chapter 11 case, subject to Bankruptcy Court approval.

NOW, THEREFORE, BE IT RESOLVED, that the Corporation is authorized to engage Fox Rothschild LLP as general bankruptcy counsel for the Corporation in connection with the chapter 11 case, subject to the Bankruptcy Court approval;

BE IT RESOLVED, that the Corporation is authorized to engage Hooper Lundy & Bookman LLP, as special healthcare regulatory and transactional counsel for the Corporation in connection with the chapter 11 case, subject to the Bankruptcy Court approval;

BE IT RESOLVED, that the Corporation is authorized to engage Greenberg Glusker, LLP, as conflicts counsel for the Corporation in connection with the chapter 11 case, subject to the Bankruptcy Court approval;

BE IT RESOLVED, that the Corporation is authorized to engage Cain Brothers as an investment banker for the Corporation in connection with the chapter 11 case, subject to the Bankruptcy Court approval;

BE IT RESOLVED, that the Corporation is authorized to engage Epiq Systems, Inc., as Claims and Noticing Agent for the Corporation in connection with the chapter 11 case, subject to the Bankruptcy Court approval;

BE IT RESOLVED, that the Corporation is authorized to engage FTI Consulting, Inc. as Financial Advisor for the Corporation in connection with the chapter 11 case, subject to the Bankruptcy Court approval;

BE IT RESOLVED, the Corporation be, and it hereby is, authorized and directed to employ additional professionals as the Corporation, in its reasonable discretion deems necessary to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code or to carry out the purpose and intent of the foregoing resolutions; the Corporation is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of any additional professional; and

BE IT RESOLVED, that Corporation is authorized and empowered to engage and retain all assistance by legal counsel, accountants, investment banking advisors, financial advisors, restructuring advisors, and other professionals, subject to the Bankruptcy Court approval, and to perform any and all further acts and deeds that the Corporation deems necessary, proper and or advisable, in furtherance thereof with a view to the successful prosecution of the Corporation's chapter 11 case.

179911224.1

RESOLVED FURTHER, that any actions taken by officers of the Corporation prior to the date of the foregoing resolutions adopted hereby that are within the authority conferred thereby are hereby ratified, confirmed and approved as the acts and deeds of the Corporation.

These Resolutions of the Board of Trustees shall be filed in the Minute Book of the Corporation and become a part of the records of Corporation.

_____
Roy C. Shannon, M.D., Secretary

179911224.1