4

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:　(310) 598-4150
Facsimile:　(310) 556-9829

*Proposed Counsel to Oroville Hospital,
the Debtor and Debtor-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case No. 25-26876 |
| OROVILLE HOSPITAL,[1] | **DCN KCO-1** |
| Debtor and Debtor in Possession. | Chapter 11 |
| | Hon. Christopher M. Klein |
| | [*Relief requested on ex parte basis.*] |

**DECLARATION OF ROBERT J. WENTZ IN SUPPORT OF
DEBTOR'S *EX PARTE* EMERGENCY MOTION FOR ORDER AUTHORIZING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

I, Robert J. Wentz, declare as follows:

1. I am the President and Chief Executive Officer of Oroville Hospital ("Oroville Hospital"). I am also the Chief Executive Officer of Oroville Hospital's parent corporation,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

- 1 -

178762405.1

Orohealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors"). I make this declaration in support of the *Debtor's Ex Parte Emergency Motion for Order Authorizing Joint Administration of Chapter 11 Cases* filed concurrently herewith (the "Motion") and for all other purposes authorized by law.

2. Except as otherwise indicated, all facts in this declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, including FTI Consulting, Inc. ("FTI") as their financial advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. The documents referenced herein, or otherwise relied upon for purposes of this Declaration, are business records of the Debtors, prepared and kept in the ordinary course of the regularly conducted business activities of the Debtors and used by me for those purposes. I am over the age of eighteen and authorized to submit this declaration on behalf of the Debtors. If called upon as a witness, I could and would testify competently to the facts set forth in this declaration.

3. OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors are exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, will be set forth in the Declaration of Robert J. Wentz in Support

178762405.1

Filed 12/08/25

of Chapter 11 Petitions and First Day Motions (the "First Day Declaration"). A more detailed description of the Debtors, including their current and historical business operations and the events precipitating these bankruptcy cases (the "Chapter 11 Cases"), will be set forth in the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") to be filed subsequent to this Declaration.

4.  On December 8, 2025 (the "Petition Date"), the Debtor initiated this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2] As of the date of this Declaration, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

5.  The Debtors are each filing a motion in each of their Chapter 11 Cases seeking identical relief set forth in the Motion. The Debtors have filed these motions to ensure that the Chapter 11 Cases proceed efficiently and economically, for the benefit of the estates, the Court, the Office of the United States Trustee and creditors, thus avoiding the need to repetitive, similar motions and other pleadings in the Chapter 11 Cases.

6.  The Debtors are formed to operate their nonprofit healthcare system in a centralized manner. OroHealth is governed by a nine-member board of trustees. Pursuant to its bylaws, "the Trustees of [OroHealth] shall also be the members of the Board of Trustees of Oroville Hospital." Pursuant to Oroville Hospital's bylaws, "the sole member of [Oroville Hospital], as the term 'member' is defined in Section 5056 of the California Nonprofit Corporation Law, shall be OroHealth Corporation: A Nonprofit Healthcare System." The Debtors' corporate relationship is reflected in their ordinary course operations: OroHealth provides support services to Oroville Hospital, including accounting, finance, supply chain management, purchasing, and executive management. As a practical matter, the costs of these services are tracked by accounting book entries reflecting "due from" and "due to" accounts between the Debtors given the regularity of the

---

[2] Unless otherwise indicated herein, all references to "§" and "Section" refer to a Section of the Bankruptcy Code.

178762405.1

1. financial relationship between the two.

2. 7. I believe that joint administration of the Chapter 11 Cases will ease the administrative burden on the Court, Debtors, and all parties in interest without harming their substantive rights. The Debtors' ordinary course operations are materially interrelated—including shared management, accounting, finance, supply chain management, and purchasing functions. As a result, I believe that joint administration is likely to benefit parties in interest because the Debtors' operations and relationship will otherwise require parties to file duplicative papers in each of the Chapter 11 Cases absent joint administration. I do not believe that joint administration will prejudice or adversely affect the rights of the Debtors' creditors because the Debtors only seek joint administration—not substantive consolidation. Accordingly, I believe that joint administration would simplify the Chapter 11 Cases and reduce costs for the Debtors, creditors, and other parties in interest considering the Debtors' status as affiliates and the interrelatedness of their prepetition operations.

8. I believe that an immediate and orderly transition into chapter 11 is critical to the Debtor's viability, and any delay in granting the requested relief could hinder operations and disrupt the efficient restructuring process. Accordingly, and based on the foregoing, it is my opinion that any delay in granting the relief described in the Motion may cause the Debtor immediate and irreparable harm.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of December, 2025, in Butte County, California.



_____
Robert J. Wentz

178762405.1