**10**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>    Debtors and Debtors in Possession.<br><br>☒   Affects All Debtors<br>☐   Affects Oroville Hospital<br>☐   Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>    Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN NAK-1**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>[*Relief requested on ex parte basis.*] |

**DEBTORS' *EX PARTE* APPLICATION FOR ENTRY OF AN ORDER:
(I) MODIFYING LBR 9014-1(d) TO ALLOW THE FILING AND SERVICE OF AN
OMNIBUS NOTICE OF FIRST DAY MOTIONS; (II) SHORTENING NOTICE WITH
RESPECT TO THE FIRST DAY MOTIONS; (III) MODIFYING LBR 9014-1(d)(5) TO
ALLOW REQUESTS FOR RELIEF TO BE JOINED IN A SINGLE MOTION; AND (IV)
MODIFYING LBR 9014-1(d)(4) SOLELY FOR PROCEDURAL FIRST DAY MOTIONS**

Oroville Hospital, a California nonprofit public benefit corporation ("Oroville Hospital"),

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

- 1 -

178762389.1

and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors") hereby submit this application (the "Application") for entry of an order (the "Order") substantially in the form attached as **Exhibit A** to the contemporaneously filed exhibit list (the "Exhibit List"): (i) modifying LBR 9014-1(d) to allow the filing and service of an omnibus notice of hearing for First-Day Motions (as defined below); (ii) shortening the time period for notice and setting the First-Day Motions for hearing (the "Hearing") on December 11, 2025, at 11:00 a.m. (Pacific Time), such that service of all documents for the First-Day Motions on the Notice Parties (defined below), by either email, facsimile, mail, or overnight delivery, by December 9, 2025, at 5:00 p.m. (Pacific Time), shall be deemed sufficient to have the matter heard at the Hearing; (iii) modifying LBR. 9014-1(d)(5) to allow requests for relief to be joined in a single First Day Motion to the extent necessary for the relief requested in typical first day motions; (iv) expanding the page limitation in LBR 9014-1(d)(4) from six to ten pages solely for certain procedural First-Day Motions; and (v) granting the Debtors such other relief as is just and appropriate. The proposed form of Order is lodged concurrently herewith given the *ex parte* relief sought in the Motion. In support of this Application, the Debtor refers to the *Declaration of Robert J. Wentz in Support of Debtors' Ex Parte Application for Entry of an Order: (I) Modifying LBR 9014-1(d) to Allow the Filing and Service of an Omnibus Notice of First Day Motions; (II) Shortening Notice with Respect to the First Day Motions; (III) Modifying LBR 9014-1(d)(5) to Allow Requests for Relief to be Joined in a Single Motion; and (IV) Modifying LBR 9014-1(d)(4) Solely for Procedural First Day Motions* (the "Wentz Declaration"), and respectfully states as follows:

**I.**

**JURISDICTION AND VENUE**

    The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent

178762389.1

of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are § 105 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")[2] and LBRs 1001-1, 9006-1, and 9014-1.

## II.

## FACTUAL BACKGROUND

A. **General Background**

On the date hereof (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the above-captioned chapter 11 bankruptcy cases (the "<u>Chapter 11 Cases</u>"). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors are exempt from federal income taxation as an organization described in

---

[2] Unless otherwise indicated, all references to "§" or "Section" are to a section of the Bankruptcy Code.

- 3 -

Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, will be set forth in the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "<u>First Day Declaration</u>").

### B. **Facts Relevant to this Application**

On or promptly after the Petition Date, the Debtors intend to file certain motions seeking expedited relief necessary for the efficient transition of the Debtors into bankruptcy (collectively, the "<u>First Day Motions</u>"). The First Day Motions are identified below by title and proposed docket control number. As set forth more fully below, the Debtors have summarized the relief requested in each of the First Day Motions (except to the extent such First Day Motion seeks "such other relief as is just and appropriate") as follows:

| DCN | RELIEF SOUGHT |
|---|---|
| NAK-1 | *Debtor's Ex Parte Application for Entry of an Order: (I) Modifying LBR 9014-1(d) to Allow the Filing and Service of an Omnibus Notice of First Day Motions; (II) Shortening Notice with Respect to the First Day Motions; (III) Modifying LBR 9014-1(d)(5) to Allow Requests for Relief to be Joined in a Single Motion; and (IV) Modifying LBR 9014-1(d)(4) Solely for Procedural First Day Motions* |
| NAK-2 | *Debtors' Emergency Motion for Order Authorizing: (I) A Consolidated List of Thirty Largest General Unsecured Creditors for All Cases; (II) A Consolidated Master Mailing Matrix for All Cases; and (III) the Debtors' Claims and Noticing Agent to Maintain the Master Mailing Matrix* |
| NAK-4 | *Debtors' Emergency Motion for Entry of an Order Protecting Confidential Patient and Employee Information* |
| KCO-2 | *Debtors' Emergency Motion for Entry of Interim and Final Orders (i) Authorizing Debtors to (a) Pay Prepetition Wages, Salaries, and Other Compensation and (b) Continue Employee Benefits, and (ii) Granting Related Relief* |
| KCO-3 | *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Existing Bank Accounts; (B) Continue Use of Cash Management System; (C) Continue Use of Business Forms; (D) Perform Intercompany Transactions; (E) Continue Credit Card Program; (F) Honor Certain Prepetition Obligations Related Thereto; and (G) Authorizing the Debtors to Continue Issuing Patient Refunds (II) Waiving Requirements of LBR 2015-1; (III) Granting Limited Waiver of Section 345(b) Deposit Requirements; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* |
| NAK-5 | *Debtor's Emergency Motion for Order Limiting Scope of Notice* |
| NAK-6 | *Application for Authorization to Employ and Retain Epiq Corporate Restructuring, LLC as Notice, Claims, and Solicitation Agent, Effective as of the Petition Date* |
| KCO-4 | *Debtors' Emergency Motion for Interim and Final Orders: (I) Approving Debtors' Adequate Assurance of Payment for Utility Services; (II) Prohibiting Utility* |

178762389.1

| | |
|---|---|
| | *Providers from Altering, Refusing, or Discontinuing Service; (III) Approving Debtors' Proposed Procedures; and (IV) Granting Related Relief* |
| KCO-5 | *Debtors' Emergency Motion for Entry of an Interim and Final Orders: (I) Authorizing the Debtors to Maintain, Renew, or Supplement Their Insurance Policies and Satisfy All Obligations Related Thereto, and (II) Granting Related Relief* |
| KCO-6 | *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* |
| KCO-7 | *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtors to Honor Prepetition Obligations to Physicians as Critical Vendors* |
| NAK-7 | *Debtors' Emergency Motion for Interim Order (I) Approving Debtors' Use of Cash Collateral, and (II) Setting Final Hearing on the Use of Cash Collateral* |
| NAK-8 | *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing; (II) Granting Postpetition Senior Liens and Superpriority Administrative Claims to DIP Lenders; (III) Granting Adequate Protection to Prepetition Secured Lenders; and (IV) Granting Related Relief* |
| KCO-8 | *Debtors' Emergency Motion for an Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* |

As set forth in the Wentz Declaration, the Debtors will suffer immediate, irreparable harm if the relief requested in the First Day Motions is not granted, and any delay in scheduling the Hearing will negatively affect the Debtors' ability to operate and to maximize and preserve the assets of their bankruptcy estates for the benefit of creditors.

### III.

### RELIEF REQUESTED

**A.      The Debtors request modification of LBR 9014-(d) to allow the filing and service of an omnibus notice of the Hearing on the First Day Motions to the Notice Parties.**

LBR 9014- 1(d)(1) provides that "every application, motion, contested matter or other request for an order, shall be comprised of a motion, or other request for relief, notice, evidence, and a certificate of service." LBR 9014-1(d)(1). Moreover, "each of the documents described in subpart (d)(1) here of shall be filed as a separate document." LBR 9014-1(d)(4). However, "[t]he Court may…on motion of a party in interest for cause, modify the provisions of these Rules in a manner not inconsistent with the Federal Rules of Bankruptcy Procedure to accommodate the needs of a particular case or proceeding." LBR 1001-1(a).

The First Day Motions will be filed contemporaneously, and the Debtors expect the First Day Motions to be heard at the same date and time, at least on an interim basis. This is because the

- 5 -

178762389.1

requests for relief in the First Day Motions all relate primarily to the Debtors' desire to maintain the continuity of operations and ease the transition of their healthcare facilities into the Chapter 11 Cases. Given the similar goals of the relief sought, the Debtors anticipate that the First Day Motions will directly affect largely the same stakeholders. As such, modification of LBR 9014-1(d) to permit an omnibus notice of the Hearing on the First Day Motions will: (i) reduce repetitive filings and service requirements; (ii) avoid unnecessary repetition in multiple pleadings; and (iii) avoid the confusion that might arise from service of multiple notices. Based on the foregoing, cause exists to modify LBR 9014-1(d) to allow the filing and service of an omnibus notice.

The Debtors further request that the Court authorize the scope and manner of notice of the Hearing to ensure that service of the omnibus notice is sufficient to have the First Day Motions heard at the Hearing. The Debtors propose that they will provide omnibus notice of the Hearing on the First Day Motions by first class mail, overnight delivery, facsimile, or email (where available) to the following parties: (i) the Office of the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis) filed in accordance with Bankruptcy Rule 1007(d), or, upon the appointment of an official committee of unsecured creditors, to such committee; (iii) creditors that assert a security interest in the Debtor's real property or cash collateral; (iv) parties that file with the Court and serve upon the Debtor requests for notice of all maters in accordance with Bankruptcy Rule 2002(i); and (v) any parties directly affected by the relief sought in any First Day Motion as set forth in the notice section of such First Day Motion or related memorandum of points and authorities (collectively, the "Notice Parties"). The Debtors submit that the proposed Notice Parties and notice methods are sufficient to provide notice of the Hearing on the First Day Motions.

**B.      The Debtors request that the Court shorten the period required for notice of the Hearing on the First Day Motions.**

The Court may shorten notice of a hearing seeking "first day" relief in a chapter 11 case. Specifically, Bankruptcy Rule 9006(c)(1) contemplates that the Court may shorten notice periods "for cause shown." FED. R. BANKR. P. 9006(c)(1). While the Court's Local Rules of Practice contemplate certain notice periods, they also provide that the Court may shorten notice "[i]n

- 6 -

178762389.1

appropriate circumstances and for good cause shown." LBR 9014-1(f)(3).  Moreover, the Local Rules of Practice specifically contemplate shortened notice for first day hearings in chapter 11 cases:

> In chapter 11, 12, and 13 cases, preliminary hearings on motions for "first day orders," including, but not limited to, motions to use cash collateral, borrow money, and pay employees, shall comply with Fed. R. Bankr. P. 4001(b) and Fed. R. Bankr. P. 6003. Such motions will generally be heard by the Court within two (2) days of a request for such preliminary hearing or as soon thereafter as reasonably possible. Counsel for the debtor or the trustee shall contact the chambers of the assigned judge as soon as it is known that a hearing will be needed to ascertain what notice will be required and the date and time of the hearing

LBR 9014-1(f)(4); *see also* Fed. R. Bankr. P. 4001(b)(2)(A), (c)(2)(A) (permitting hearings on interim relief related to cash collateral and postpetition financing on less than 14 days' notice); Fed R. Bankr. P. 6003(a) (permitting a hearing on less than 21 days' notice to use, sell, or lease estate property where "relief is needed to avoid immediate and irreparable harm").

　　　　Cause exists to shorten notice of the Hearing because any delay in the relief sought in the First Day Motions will negatively affect the Debtors' ability to operate and to maximize and preserve the assets of their bankruptcy estates.  As set forth more specifically in the First Day Motions and the evidence submitted in support, the Debtors operate a comprehensive healthcare system in and around Butte County, California.  The wide-ranging nature of the Debtors' operations and the critical significance of the Debtors' facilities and operations to the communities they serve requires that the Debtors minimize operational disruptions resulting from their Chapter 11 Cases. As set forth above, the First Day Motions seek relief critical to this objective, including: (i) the continued payment of wages and benefits; (ii) maintenance of the confidentiality of patient records; (iii) maintenance of the Debtors' cash management system; (iv) renewing and continuation of insurance; (v) the payment of critical vendors; and (vi) continued access to cash collateral and financing, among others.  Additionally, the requests for relief in the First Day Motions are of the kind contemplated in LBR 9014-1(f)(4) and Bankruptcy Rules 4001 and 6003, which expressly permit hearings on shortened notice to avoid the irreparable harm that is likely to occur if the Debtors' operations are disrupted.  Accordingly, cause exists to shorten notice of the Hearing on

178762389.1

the First Day Motions and set the hearing on December 11, 2025, at 11:00 a.m. (Pacific Time), or as soon thereafter as the Court may be available.

**C.      The Debtors seek authority to join requests for relief in a single motion to the extent necessary and typical of First Day Motions.**

Generally, the Local Rules of Practice require that "every application, motion, contested matter, or other request for an order shall be filed separately from every other request." LBR 9014-1(d)(5).  However, "[t]he Court may…on motion of a party in interest for cause, modify the provisions of these Rules in a manner not inconsistent with the Federal Rules of Bankruptcy Procedure to accommodate the needs of a particular case or proceeding." LBR 1001-1(f).

The Debtors seek authority to join requests for relief in certain First Day Motion out of an abundance of caution.  The First Day Motions are reasonably limited to the subject matter of the relief sought in the subject motion.  However, as a technical matter, each First Day Motion seeks multiple distinct, but related, relief.  Further parsing the relief sought in the First Day Motions into additional pleadings would interfere with the Court's ability to consider fully the subject matter of each First Day Motion, cause unnecessarily duplicative filings, increase the likelihood of creditor confusion, and substantially increase expense to the estates from the numerous additional documents that would result without any added benefit.  The Debtors submit that modifying LBR 9014-1(d)(5) will: (i) significantly reduce filings and the volume of paper to serve; (ii) avoid unnecessary clogging of the Court's docket; and (iii) simplify the papers for the benefit of all parties. Based on the foregoing, cause exists to modify LBR 9014-1(d)(5) to accommodate the needs of these Chapter 11 Cases.

**D.      The Debtors seek authority to expand the pagination limitation for combined motions and memoranda of points and authorities for procedural First Day Motions.**

LBR 9014-1(d)(4) permits "a motion or other request for relief and a memorandum of points and authorities thereto" to "be filed together as a single document when not exceeding six (6) pages in length, including the caption page."  LBR 9014-1(d)(4).  The Debtors anticipate filing the following procedural First Day Motions: (i) motion for joint administration; (ii) motion to file consolidated largest creditors list and mailing matrix; (iii) motion to limit notice; (iv) motion to

178762389.1

approve procedures for filing confidential patient information; and (v) motion to extend the deadline to file statements and schedules (collectively, the "Procedural First Day Motions"). Solely with respect to these Procedural First Day Motions, the Debtors seek authority to expand the page limitation in LBR 9014-1(d)(4) from six to ten pages. The Debtors submit that this will reduce the number of docket entries early in these Chapter 11 Cases and aid in the efficient review administration of First Day Motions. The Debtors have limited the request to the Procedural First Day Motions to ensure that motions addressing more substantive issues will comply with the separate motion and memorandum of points and authorities requirements in the Local Rules of Practice.

## IV.

## CONCLUSION

The Debtors respectfully request that the Court enter an order: (i) modifying LBR 9014-1(d) to allow the filing and service of an omnibus notice of hearing for First-Day Motions; (ii) shortening the time period for notice and setting the First-Day Motions for hearing (the "Hearing") on December 11, 2025, at 11:00 a.m. (Pacific Time), such that service of all documents for the First-Day Motions on the Notice Parties (defined below), by either email, facsimile, mail, or overnight delivery, by December 9, 2025, at 5:00 p.m. (Pacific Time), shall be deemed sufficient to have the matter heard at the Hearing; (iii) modifying LBR 9014-1(d)(5) to allow requests for relief to be joined in a single First Day Motion to the extent necessary for the relief requested in typical first day motions; (iv) expanding the page limitation in LBR 9014-1(d)(4) from six to ten pages solely for the Procedural First Day Motions; and (v) granting the Debtors such other relief as is just and appropriate. The proposed form of Order is lodged concurrently herewith given the *ex parte* relief sought in the Motion.

178762389.1

Dated: December 8, 2025

**FOX ROTHSCHILD LLP**

*/s/ Nicholas A. Koffroth*
Keith C. Owens
Nicholas A. Koffroth

*Proposed Counsel to Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

178762389.1