**5**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    (310) 598-4150
Facsimile:    (310) 556-9828

*Proposed Counsel to Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Lead Case No. 25-26876 |
| OROVILLE HOSPITAL, *et al.*,[1] | Jointly Administered With:<br>Case No. 25-26877 |
| Debtors and Debtors in Possession. | **DCN NAK-1** |
| | Chapter 11 |
| ☒ Affects All Debtors | Hon. Christopher D. Jaime |
| ☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit<br>Healthcare System | *[Relief requested on ex parte basis.]* |
| Debtors and Debtors in Possession. | |

**DECLARATION OF ROBERT J. WENTZ IN SUPPORT OF DEBTORS' *EX PARTE*
APPLICATION FOR ENTRY OF AN ORDER: (I) MODIFYING LBR 9014-1(d) TO
ALLOW THE FILING AND SERVICE OF AN OMNIBUS NOTICE OF FIRST DAY
MOTIONS; (II) SHORTENING NOTICE WITH RESPECT TO THE FIRST DAY
MOTIONS; III) MODIFYING LBR 9014-1(d)(5) TO ALLOW REQUESTS FOR
RELIEF TO BE JOINED IN A SINGLE MOTION; AND (IV) MODIFYING LBR 9014-
1(d)(4) SOLELY FOR PROCEDURAL FIRST DAY MOTIONS**

I, Robert J. Wentz declare as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

178762392.1

1.      I am the President and Chief Executive Officer of Oroville Hospital ("Oroville Hospital"). I am also the Chief Executive Officer of Oroville Hospital's parent corporation, Orohealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors"). I make this declaration in support of the *Debtor's Ex Parte Application for Entry of an Order: (I) Modifying LBR 9014-1(d) to Allow the Filing and Service of an Omnibus Notice of First Day Motions; (II) Shortening Notice with Respect to the First Day Motions; (III) Modifying LBR 9014-1(d)(5) to Allow Requests for Relief to be Joined in a Single Motion; and (IV) Modifying LBR 9014-1(d)(4) Solely for Procedural First Day Motions* filed concurrently herewith (the "Application") and for all other purposes authorized by law.

2.      Except as otherwise indicated, all facts in this declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, including FTI Consulting, Inc. ("FTI") as their financial advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. The documents referenced herein, or otherwise relied upon for purposes of this Declaration, are business records of the Debtors, prepared and kept in the ordinary course of the regularly conducted business activities of the Debtors and used by me for those purposes. I am over the age of eighteen and authorized to submit this declaration on behalf of the Debtors. If called upon as a witness, I could and would testify competently to the facts set forth in this Declaration.

3.      OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient

178762392.1

visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors are exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating these bankruptcy cases (the "Chapter 11 Cases"), will be set forth in the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") to be filed subsequent to this Declaration.

4.      On December 8, 2025 (the "Petition Date"), the Debtors initiated these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2] As of the date of this Declaration, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

5.      On or promptly after the Petition Date, the Debtors intend to file certain motions seeking expedited relief necessary for the efficient transition of the Debtors into bankruptcy (collectively, the "First Day Motions").  The First Day Motions are identified below by title and proposed docket control number, along with a summary of the relief requested in each of the First Day Motions (except to the extent such First Day Motion seeks "such other relief as is just and appropriate") as follows:

| DCN | RELIEF SOUGHT |
| --- | --- |
| NAK-1 | *Debtor's Ex Parte Application for Entry of an Order: (I) Modifying LBR 9014-1(d) to Allow the Filing and Service of an Omnibus Notice of First Day Motions; (II) Shortening Notice with Respect to the First Day Motions; (III) Modifying LBR 9014-1(d)(5) to Allow Requests for Relief to be Joined in a Single Motion; and (IV) Modifying LBR 9014-1(d)(4) Solely for Procedural First Day Motions* |
| NAK-2 | *Debtors' Emergency Motion for Order Authorizing: (I) A Consolidated List of Thirty Largest General Unsecured Creditors for All Cases; (II) A Consolidated Master Mailing Matrix for All Cases; and (III) the Debtors' Claims and Noticing Agent to Maintain the Master Mailing Matrix* |
| NAK-4 | *Debtors' Emergency Motion for Entry of an Order Protecting Confidential Patient and Employee Information* |

---

[2] Unless otherwise indicated herein, all references to "§" and "Section" refer to a Section of the Bankruptcy Code.

178762392.1

| KCO-2 | *Debtors' Emergency Motion for Entry of Interim and Final Orders (i) Authorizing Debtors to (a) Pay Prepetition Wages, Salaries, and Other Compensation and (b) Continue Employee Benefits, and (ii) Granting Related Relief* |
|---|---|
| KCO-3 | *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain Existing Bank Accounts; (B) Continue Use of Cash Management System; (C) Continue Use of Business Forms; (D) Perform Intercompany Transactions; (E) Continue Credit Card Program; (F) Honor Certain Prepetition Obligations Related Thereto; and (G) Authorizing the Debtors to Continue Issuing Patient Refunds (II) Waiving Requirements of LBR 2015-1; (III) Granting Limited Waiver of Section 345(b) Deposit Requirements; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* |
| NAK-5 | *Debtor's Emergency Motion for Order Limiting Scope of Notice* |
| NAK-6 | *Application for Authorization to Employ and Retain Epiq Corporate Restructuring, LLC as Notice, Claims, and Solicitation Agent, Effective as of the Petition Date* |
| KCO-4 | *Debtors' Emergency Motion for Interim and Final Orders: (I) Approving Debtors' Adequate Assurance of Payment for Utility Services; (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (III) Approving Debtors' Proposed Procedures; and (IV) Granting Related Relief* |
| KCO-5 | *Debtors' Emergency Motion for Entry of an Interim and Final Orders: (I) Authorizing the Debtors to Maintain, Renew, or Supplement Their Insurance Policies and Satisfy All Obligations Related Thereto, and (II) Granting Related Relief* |
| KCO-6 | *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* |
| KCO-7 | *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing the Debtors to Honor Prepetition Obligations to Physicians as Critical Vendors* |
| NAK-7 | *Debtors' Emergency Motion for Interim Order (I) Approving Debtors' Use of Cash Collateral, and (II) Setting Final Hearing on the Use of Cash Collateral* |
| NAK-8 | *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to Obtain Postpetition Secured Financing; (II) Granting Postpetition Senior Liens and Superpriority Administrative Claims to DIP Lenders; (III) Granting Adequate Protection to Prepetition Secured Lenders; and (IV) Granting Related Relief* |
| KCO-8 | *Debtors' Emergency Motion for an Order Extending Time to File Schedules of Assets and Liabilities and Statements of Financial Affairs* |

6.      The First Day Motions will be filed contemporaneously with this Application, and I am informed and believe that it is likely the First Day Motions would commonly be heard at the same date and time, at least on an interim basis. The requests for relief in the First Day Motions all relate primarily to the Debtors' desire to maintain the continuity of operations and ease the transition of their healthcare facilities into the Chapter 11 Cases. Given the similar goals of the relief sought, I am informed and anticipate that the First Day Motions will directly affect largely the same stakeholders. As such, an omnibus notice of the Hearing on the First Day Motions will:

- 4 -

178762392.1

(i) reduce repetitive filings and service requirements; (ii) avoid unnecessary repetition in multiple pleadings; and (iii) avoid the confusion that might arise from service of multiple notices.

7.      I believe that any delay in the relief sought in the First Day Motions will negatively affect the Debtors' ability to operate and to maximize and preserve the assets of their bankruptcy estates.  As set forth more specifically in the First Day Motions and the evidence submitted in support, the Debtors operate a comprehensive healthcare system in and around Butte County, California.  The wide-ranging nature of the Debtors' operations and the critical significance of the Debtors' facilities and operations to the communities they serve requires that the Debtors minimize operational disruptions resulting from their Chapter 11 Cases.  As set forth above, the First Day Motions seek relief critical to this objective, including: (i) the continued payment of wages and benefits; (ii) maintenance of the Debtors' cash management system; (iii) renewing and continuation of insurance; (iv) the payment of critical vendors; and (v) continued access to cash collateral and financing, among others.

8.      The Debtors anticipate filing the following procedural First Day Motions: (i) motion for joint administration; (ii) motion to file consolidated largest creditors list and mailing matrix; (iii) motion to limit notice; (iv) motion to approve procedures for filing confidential patient information; and (v) motion to extend the deadline to file statements and schedules.

9.      I believe that an immediate and orderly transition into chapter 11 is critical to the Debtors' viability, and any delay in granting the requested relief could hinder operations and disrupt the efficient restructuring process. Accordingly, and based on the foregoing, it is my opinion that any delay in granting the relief described in the Application may cause the Debtors immediate and irreparable harm.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of December, 2025, in Butte County, California.



_____
Robert J. Wentz

178762392.1