**9**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:     (310) 598-4150
Facsimile:     (310) 556-9828

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | Lead Case No. 25-26876 |
| OROVILLE HOSPITAL, *et al.*,[1] | Jointly Administered With:<br>Case No. 25-26877 |
| Debtors and Debtors in Possession. | **DCN NAK-2** |
| | Chapter 11 |
| ☒ Affects All Debtors | Hon. Christopher D. Jaime |
| ☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System | **Hearing Information** <br>Hearing Date:     December 11, 2025<br>Hearing Time:    11:00 a.m.<br>Location:            Courtroom 32<br>                            501 I Street<br>                            Sacramento, California 95814<br>                            *or*<br>                            *by Zoom Webinar* |
| Debtors and Debtors in Possession. | |

**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING:
(I) A CONSOLIDATED LIST OF THIRTY LARGEST GENERAL UNSECURED
CREDITORS FOR ALL CASES; (II) A CONSOLIDATED MASTER MAILING
MATRIX FOR ALL CASES; AND (III) THE DEBTORS' CLAIMS AND
<u>NOTICING AGENT TO MAINTAIN THE MASTER MAILING MATRIX</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

- 1 -

179655683.1

Oroville Hospital, a California nonprofit public benefit corporation ("Oroville Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors"), the debtors and debtors in possession in the above-captioned cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[2] hereby submit this motion (the "Motion") for entry of an order (the "Order") substantially in the form attached as **Exhibit A** to the contemporaneously filed exhibit list (the "Exhibit List") authorizing: (i) the Debtors to file, in each of their respective Chapter 11 Cases: (a) an identical, consolidated list of the 30 largest general unsecured creditors, in lieu of filing separate lists of the 20 largest unsecured creditors for each Debtor, and (b) an identical, consolidated master mailing matrix, in lieu of a separate matrix for each Debtor; and (ii) the Debtors' claims and noticing agent to maintain the master mailing matrix and to provide such matrix in electronic format to any party in interest upon request. In support of this Motion, the Debtors refer to the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") and the *Declaration of Robert J. Wentz in Support of Debtors' Emergency Motion for Order Authorizing: (I) A Consolidated List of Thirty Largest General Unsecured Creditors for All Cases; (II) A Consolidated Master Mailing Matrix for All Cases; and (III) the Debtors' Claims and Noticing Agent to Maintain the Master Mailing Matrix* (the "Wentz Declaration") filed concurrently herewith, and respectfully state as follows:

## I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article

---

[2] Unless otherwise indicated herein, all references to "§" or "Section" refer to a Section of the Bankruptcy Code.

179655683.1

III of the United States Constitution.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The legal bases for the relief requested herein are §§ 105(a) and 521, Bankruptcy Rules 1007, 2002, 6003, and 6004, and LBR 1007-1.

**II.**

**FACTUAL BACKGROUND**

A.      **General Background**

On the date hereof (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors are exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, are set forth in the First Day Declaration.

179655683.1

**B.**     <u>Facts Relevant to this Motion</u>

The Debtors are formed to operate their nonprofit healthcare system in a centralized manner. OroHealth is governed by a nine-member board of trustees. Pursuant to its bylaws, "the Trustees of [OroHealth] shall also be the members of the Board of Trustees of Oroville Hospital." Pursuant to Oroville Hospital's bylaws, "the sole member of [Oroville Hospital], as the term 'member' is defined in Section 5056 of the California Nonprofit Corporation Law, shall be OroHealth Corporation: A Nonprofit Healthcare System." The Debtors' corporate relationship is reflected in their ordinary course operations: OroHealth provides support services to Oroville Hospital, including accounting, finance, supply chain management, purchasing, and executive management. As a practical matter, the costs of these services are tracked by accounting book entries reflecting "due from" and "due to" accounts between the Debtors given the regularity of the financial relationship between the two.

As of the Petition Date, the Debtors estimate that they have over $416 million in liabilities and over 8,900 potential creditors and parties in interest (on a consolidated basis). Given the Debtors' corporate structure, the nature of their businesses and creditor composition, the creditor body among the Debtors share substantial overlap and duplication.

The Debtors have separately sought Court authority to retain Epiq Systems, Inc. ("<u>Epiq</u>") as their claims and noticing agent.

**III.**

**<u>RELIEF REQUESTED</u>**

By this Motion, the Debtors seek entry of the Order authorizing: (i) the Debtors to file, in each of their respective Chapter 11 Cases (a) an identical, consolidated list of the 30 largest general unsecured creditors, in lieu of filing separate lists of the 20 largest unsecured creditors for each Debtor, and (b) an identical, consolidated master mailing matrix, in lieu of a separate matrix for each Debtor; and (ii) the Debtors' claims and noticing agent, Epiq, to maintain the master mailing matrix and to provide such matrix in electronic format to any party in interest upon request

- 4 -

III.

**BASIS FOR RELIEF REQUESTED**

A.       **A consolidated list of the 30 largest general unsecured creditors is appropriate under the circumstances of these Chapter 11 Cases.**

Section 521(a) and the Bankruptcy Rule 1007(d) require that a debtor must file a list setting forth the names, addresses and claim amounts of the creditors (excluding insiders) holding the twenty largest general unsecured claims in the debtor's case (the "Top 20 List").  *See* 11 U.S.C. § 521(a); FED. R. BANKR. P. 1007(d).  Given the integrated nature of the Debtors' businesses, the Debtors submit that it is efficient and beneficial for them to file a single, consolidated list of the 30 largest general unsecured creditors (the "Consolidated Top 30 List") rather than each Debtor filing a separate Top 20 List, as ordinarily required by Bankruptcy Rule 1007(d).  In light of the Debtors' corporate structure, the nature of their businesses and creditor composition, separate Top 20 Lists would have resulted in substantial overlap and duplication which will hamper rather than facilitate the United States Trustee's review of creditors' claims and its appointment of a committee of unsecured creditors. The Debtors believe that the Consolidated Top 30 List that was filed on behalf of all Debtors, in each Chapter 11 Case, is more representative of the parties in interest in these Chapter 11 Cases.  Moreover, a Consolidated Top 30 List will not obfuscate the complete composition of each Debtor's creditor body—each Debtor will file a separate set of schedules and a separate statement of financial affairs.

Relief similar to the relief requested in this Motion has been granted by other bankruptcy courts in similarly large cases. *See, e.g.*, *In re Autoseis, Inc.*, Case No. 14-20130, 2014 WL1405005 (Bankr. S.D. Tex. 2014) (authorizing the filing of a consolidated list for all debtors of the 30 largest unsecured creditors); *In re Onco Investment Co.*, No. 40, Case No. 04-10558-RB (Bankr. D. Del. Feb. 24, 2014 (authorizing Debtors to file a consolidated list of top 50 unsecured creditors); *In re Solutia, Inc.*, Nos. 4 and 164, Case No. 03-17949 (PCB) (Bankr. S.D.N.Y. Dec. 17, 2003) (the "Debtors are authorized to file the Modified Consolidated Top 50 List in lieu of filing a separate Top 20 List in each of the Debtors' chapter 11 cases"); *In re HQ Global Holdings, Inc.*, No. 6, Case No. 02-10760 (MFW) (Banks. D. Del. Mar. 14, 2002) (the "Debtors are authorized to file a single

179655683.1

consolidated list of their combined thirty largest creditors in lieu of top thirty lists for reach Debtor"). Accordingly, the Debtors submit that a Consolidated Top 30 List is appropriate under the circumstances of these Chapter 11 Cases.

**B.      A consolidated master mailing list is appropriate under the circumstances of these Chapter 11 Cases.**

Bankruptcy Rule 1007(a)(1) requires that a debtor file with its voluntary petition a list setting forth the name and address of each creditor. *See* FED. R. BANKR. P. 1007(a)(1). LBR 1007-1(b) requires that a debtor file a master address list with its petition "in strict compliance with instructions of the Clerk . . . in a format approved by the Court." LBR 1007-1(b). As of the Petition Date, the Debtors estimate that they have over $416 million in liabilities and over 8,900 potential creditors and parties in interest (on a consolidated basis). Requiring the Debtors to prepare individual matrices for each Debtor would be an exceptionally burdensome task, increasing the risk of errors to the information to be included in the matrices. When considering the Debtors' corporate structure, the nature of their businesses and creditor composition, separate master mailing matrices would have resulted in substantial overlap and duplication.

Relief similar to the relief requested in this Motion has been granted in other bankruptcy courts in similarly large cases. *See, e.g.*, *In re Autoseis, Inc.*, Case No. 14-20130, 2014 WL 1405005 (Bankr. S.D. Tex. 2014) (the "Debtors are authorized to file a single consolidated creditor matrix in lieu of separate creditor matrices for each of the Debtors"); *In re Solutia, Inc.*, Nos. 4 and 164, Case No. 03-17949 (PCB) (Bankr. S.D.N.Y., Dec. 17, 2003) (the "Debtors are authorized to prepare . . . a Creditors List, identifying their respective creditors on a consolidated basis, . . . in lieu of filing a creditor matrix for each Debtor"); *In re HQ Global Holdings, Inc.*, No. 29, Case No. 02-10760 (MFW) (Bankr. D. Del. Mar. 14, 2002) (authorizing debtors to file a single consolidated list of creditors in lieu of matrixes identifying their respective creditors); *In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) (citing Advisory Committee Note to Bankruptcy Rule 1015 (1983) (joint administration of affiliated debtors' claims, including the use of a single claims register, is appropriate where it results in easier and less costly case administration). Accordingly, the Debtors submit that a single master mailing list is appropriate under the

179655683.1

circumstances of these Chapter 11 Cases.

**C.**    <u>**The Debtors' claims and noticing agent should be authorized to maintain the master**</u>
<u>**mailing list**</u>.

The Debtors believe that going forward, Epiq, the proposed claims and noticing agent, should be permitted to maintain the master mailing list. In the ordinary course of their businesses, the Debtors (or their agents) maintain computerized lists of the names and addresses of their creditors that may be consolidated into creditor databases and used efficiently to provide interested parties with the notices that must be provided in these Chapter 11 Cases (the "<u>Notices</u>"), as required by the Bankruptcy Rules and LBRs.

In accordance with 28 U.S.C. § 156(c), the Debtors have concurrently filed an application seeking this Court's approval for the employment of Epiq as the claims and noticing agent in these Chapter 11 Cases. After consulting Epiq, the Debtors believe that permitting Epiq to maintain the master mailing list would be more expeditious and efficient than requiring the Clerk's office to maintain and update that list. The Debtors have furnished Epiq with the lists of creditors that will allow Epiq to maintain the master mailing list that will then be used to provide notice as required in these Chapter 11 Cases. As already noted, the Debtors have filed a consolidated master mailing list in the format required by the Local Rules of Practice with each of the Debtors' petitions, but propose that Epiq will maintain and update that list thereafter.

Bankruptcy courts have granted relief in other chapter 11 cases similar to the relief requested by Debtors here. *See e.g.*, *In re Solutia, Inc.*, Nos. 4 and 164, Case No. 03-17949 (PCB) (Bank. S.D.N.Y. Dec. 17, 2003) (authorizing debtors to prepare and maintain with their court approved claims agent, and to make available upon request, a Creditors List, identifying their respective creditors on a consolidated basis in the format currently kept, in the ordinary course of business). Accordingly, the Debtors submit that permitting Epiq to maintain the master mailing list is appropriate under the circumstances of these Chapter 11 Cases.

**IV.**

**<u>EMERGENCY CONSIDERATION</u>**

The Debtors respectfully request emergency consideration of this Motion pursuant to

Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." FED. R. BANKR. P. 6003. As set forth herein, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and that any delay in granting the requested relief could hinder operations and disrupt the efficient restructuring process. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requesting in this Motion on an emergency basis.

**V.**

**WAIVER OF BANKRUPTCY RULE 6004(a) AND 6004(h)**

To the extent applicable, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h) to ensure immediate implementation of these procedures.

**VI.**

**NOTICE**

The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to: (i) the Office of the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis) filed in accordance with Bankruptcy Rule 1007(d); (iii) creditors that assert a security interest in the Debtor's real property or cash collateral; and (iv) parties that file with the Court and serve upon the Debtor requests for notice of all maters in accordance with Bankruptcy Rule 2002(i) (collectively, the "Notice Parties"). If the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other parties in interest as the Court directs. The Debtor submits that such notice is sufficient and that no other or further notice be given.

No prior request for the relief sought herein has been made by the Debtor to this or any other court.

- 8 -

179655683.1

## VII.

## CONCLUSION

The Debtors respectfully request that the Court enter the Order, substantially in the form attached to the Exhibit List as **Exhibit A**: (i) granting this Motion; (ii) authorizing (a) the Debtors to file, in each of their respective Chapter 11 Cases an identical, consolidated list of the 30 largest general unsecured creditors, and an identical, consolidated master mailing matrix; (iii) authorizing Epiq to maintain the master mailing matrix and to provide such matrix in electronic format to any party in interest upon request; and (iv) granting the Debtor such other relief as the Court deems appropriate under the circumstances.

Dated: December 8, 2025

**FOX ROTHSCHILD LLP**

*/s/ Nicholas A. Koffroth*
Keith C. Owens
Nicholas A. Koffroth

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

179655683.1