**6**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  (310) 598-4150
Facsimile:  (310) 556-9828

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Lead Case No. 25-26876 |
| OROVILLE HOSPITAL, *et al.*,[1] | Jointly Administered With: Case No. 25-26877 |
| Debtors and Debtors in Possession. | **DCN NAK-2** |
| | Chapter 11 |
| ☒ Affects All Debtors | Hon. Christopher D. Jaime |
| ☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System | **Hearing Information**<br>Hearing Date:  December 11, 2025<br>Hearing Time:  11:00 a.m.<br>Location:  Courtroom 32<br>     501 I Street<br>     Sacramento, California 95814<br>*or*<br>*by Zoom Webinar* |
| Debtors and Debtors in Possession. | |

**DECLARATION OF ROBERT J. WENTZ IN SUPPORT OF
DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING:
(I) A CONSOLIDATED LIST OF THIRTY LARGEST GENERAL UNSECURED
CREDITORS FOR ALL CASES; (II) A CONSOLIDATED MASTER MAILING
MATRIX FOR ALL CASES; AND (III) THE DEBTORS' CLAIMS AND
NOTICING AGENT TO MAINTAIN THE MASTER MAILING MATRIX**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

- 1 -

179656288.1

179656288.1

I, Robert J. Wentz, declare as follows:

1. I am the President and Chief Executive Officer of Oroville Hospital ("Oroville Hospital"). I am also the Chief Executive Officer of Oroville Hospital's parent corporation, Orohealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors"). I make this declaration in support of the *Debtors' Emergency Motion for Order Authorizing: (I) A Consolidated List of Thirty Largest General Unsecured Creditors for All Cases; (II) A Consolidated Master Mailing Matrix for All Cases; and (III) the Debtors' Claims and Noticing Agent to Maintain the Master Mailing Matrix* (the "Motion") filed concurrently herewith and for all other purposes authorized by law.[2]

2. Except as otherwise indicated, all facts in this declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, including FTI Consulting, Inc. ("FTI") as their financial advisors, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. The documents referenced herein, or otherwise relied upon for purposes of this Declaration, are business records of the Debtors, prepared and kept in the ordinary course of the regularly conducted business activities of the Debtors and used by me for those purposes. I am over the age of eighteen and authorized to submit this declaration on behalf of the Debtors. If called upon as a witness, I could and would testify competently to the facts set forth in this declaration.

3. OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its

---

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

- 3 -

1  fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient
2  visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at
3  their facilities. Each of the Debtors are exempt from federal income taxation as an organization
4  described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description
5  of the Debtors, including their current and historical business operations and the events
6  precipitating these bankruptcy cases (the "Chapter 11 Cases"), will be set forth in the *Declaration*
7  *of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day
8  Declaration") to be filed subsequent to this Declaration.

9      4.    On December 8, 2025 (the "Petition Date"), the Debtors initiated these Chapter 11
10  Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code
11  (the "Bankruptcy Code").³ As of the date of this Declaration, the Debtors are operating their
12  businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108.
13  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases,
14  and no committees have been appointed or designated.

15      5.    The Debtors are formed to operate their nonprofit healthcare system in a centralized
16  manner. OroHealth is governed by a nine-member board of trustees. Pursuant to its bylaws, "the
17  Trustees of [OroHealth] shall also be the members of the Board of Trustees of Oroville Hospital."
18  Pursuant to Oroville Hospital's bylaws, "the sole member of [Oroville Hospital], as the term
19  'member' is defined in Section 5056 of the California Nonprofit Corporation Law, shall be
20  OroHealth Corporation: A Nonprofit Healthcare System." The Debtors' corporate relationship is
21  reflected in their ordinary course operations: OroHealth provides support services to Oroville
22  Hospital, including accounting, finance, supply chain management, purchasing, and executive
23  management. As a practical matter, the costs of these services are tracked by accounting book
24  entries reflecting "due from" and "due to" accounts between the Debtors given the regularity of the
25  financial relationship between the two.

26      6.    As of the Petition Date, the Debtors estimate that they have over $416 million in

---

³ Unless otherwise indicated herein, all references to "§" and "Section" refer to a Section of the Bankruptcy Code.

- 4 -

179656288.1

liabilities and over 8,900 potential creditors and parties in interest (on a consolidated basis). Given the Debtors' corporate structure, the nature of their businesses and creditor composition, the creditor body among the Debtors share substantial overlap and duplication.

7. The Debtors have separately sought Court authority to retain Epiq Systems, Inc. ("Epiq") as their claims and noticing agent.

8. I have reviewed the Motion and the relief requested therein. Based on my understanding of the creditor body in the Chapter 11 Cases and after discussions with the Debtors' advisors concerning the requirements concerning Top 20 Lists and mailing matrices, I believe that separate Top 20 Lists would have resulted in substantial overlap and duplication which will hamper rather than facilitate the United States Trustee's review of creditors' claims and its appointment of a committee of unsecured creditors. I also believe that the Consolidated Top 30 List that was filed on behalf of all Debtors, in each Chapter 11 Case, is more representative of the parties in interest in these Chapter 11 Cases.

9. Additionally, I believe that requiring the Debtors to prepare individual matrices for each Debtor would be an exceptionally burdensome task, increasing the risk of errors to the information to be included in the matrices. When considering the Debtors' corporate structure, the nature of their businesses and creditor composition, separate master mailing matrices would have resulted in substantial overlap and duplication.

10. In the ordinary course of their businesses, the Debtors (or their agents) maintain computerized lists of the names and addresses of their creditors that may be consolidated into creditor databases and used efficiently to provide interested parties with the notices that must be provided in these Chapter 11 Cases. The Debtors have furnished Epiq with the lists of creditors that will allow Epiq to maintain the master mailing list that will then be used to provide notice as required in these Chapter 11 Cases.

11. I believe an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and that any delay in granting the requested relief in the Motion could hinder operations and disrupt the efficient restructuring process. I believe that emergency relief is necessary to avoid immediate and irreparable harm to the Debtors in the early stages of the

179656288.1

Chapter 11 Cases. Moreover, I believe that immediate implementation of the relief sought in the Motion is necessary to limit the potential harm to the Debtors' operations and assets.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of December, 2025, in Butte County, California.

                                                            Robert J. Wentz

179656288.1