4

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:　　(310) 598-4150
Facsimile:　　(310) 556-9828

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>　　　Debtors and Debtors in Possession.<br><br>☒　Affects All Debtors<br><br>☐　Affects Oroville Hospital<br>☐　Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>　　　Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN NAK-5**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>**Hearing Information**<br>Hearing Date:　December 11, 2025<br>Hearing Time:　11:00 a.m.<br>Location:　　　Courtroom 32<br>　　　　　　　　501 I Street<br>　　　　　　　　Sacramento, California 95814<br>　　　　　　　　　　　*or*<br>　　　　　　　　*by Zoom Webinar* |

**DECLARATION OF ROBERT J. WENTZ IN SUPPORT OF
DEBTORS' EMERGENCY MOTION FOR ORDER LIMITING SCOPE OF NOTICE**

　　　　I, Robert J. Wentz, declare as follows:

　　　　1.　　　I am the President and Chief Executive Officer of Oroville Hospital ("Oroville

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

- 1 -

178765580.1

1 Hospital"). I am also the Chief Executive Officer of Oroville Hospital's parent corporation, Orohealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors"). I make this declaration in support of the *Debtor's Emergency Motion for Order Limiting Scope of Notice* (the "Motion") filed concurrently herewith and for all other purposes authorized by law.

2. Except as otherwise indicated, all facts in this declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors including FTI Consulting, Inc. ("FTI") as their financial advisors, Fox Rothschild LLP ("FR") as their general bankruptcy counsel, and Hooper Lundy & Bookman LLP ("HLB") as their special healthcare and corporate counsel, my review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or my opinions based upon my experience and knowledge. The documents referenced herein, or otherwise relied upon for purposes of this Declaration, are business records of the Debtors, prepared and kept in the ordinary course of the regularly conducted business activities of the Debtors and used by me for those purposes. I am over the age of eighteen and authorized to submit this declaration on behalf of the Debtors. If called upon as a witness, I could and would testify competently to the facts set forth in this Declaration.

3. OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 24,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors are exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description

178765580.1

of the Debtors, including their current and historical business operations and the events precipitating these bankruptcy cases (the "Chapter 11 Cases"), will be set forth in the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") to be filed concurrently with this Declaration.

4. On December 8, 2025 (the "Petition Date"), the Debtors initiated these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2] As of the date of this Declaration, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

5. As of the Petition Date, the Debtors estimate that they have over $416 million in liabilities and over 8,900 potential creditors and parties in interest (on a consolidated basis). The Debtors believe that limiting service as set forth below will preserve estate assets and efficiency without limiting the rights of parties affected by relief sought by the Debtors.

6. I have reviewed the Motion, the Limited Notice Procedures, the Limited Notice Matters and the Limited Notice List. Based on my understanding of the creditor body in the Chapter 11 Cases and after discussions with the Debtors' advisors concerning the scope of notice generally provided in the absence of the Limited Notice Procedures, I believe that it would be impractical and would impose a large administrative and economic burden upon the Debtors' estates if the Debtors were required to mail notice of every matter in the Chapter 11 Cases to all parties listed on the creditor matrix. As such, I believe that a predictable procedure for limiting notice will serve the administration of these Chapter 11 Cases.

7. I also believe an immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and that any delay in granting the requested relief in the Motion could hinder operations and disrupt the efficient restructuring process. I believe that emergency relief is necessary to avoid immediate and irreparable harm to the Debtors in the early stages of the

---

[2] Unless otherwise indicated herein, all references to "§" and "Section" refer to a Section of the Bankruptcy Code.

- 3 -

178765580.1

Chapter 11 Cases. Moreover, I believe that immediate implementation of the relief sought in the Motion is necessary to limit the potential harm to the Debtors' operations and assets.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 8th day of December, 2025, in Butte County, California.



Robert J. Wentz

- 4 -

178765580.1