**16**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:     (310) 598-4150
Facsimile:     (310) 556-9829

*Proposed Counsel to Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>             Debtors and Debtors<br>             in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-7**<br><br>Chapter 11<br><br>Hon. Christopher D. Jamie |
| ☒  Affects All Debtors<br><br>☐  Affects Oroville Hospital<br>☐  Affects OroHealth Corporation: A Nonprofit<br>     Healthcare System<br><br>          Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date:  December 11, 2025<br>Hearing Time:  11:00 a.m.<br>Location:      Courtroom 32<br>              501 I Street, Sixth Floor<br>              Sacramento, California 95814 |

**EXHIBITS IN SUPPORT OF DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING THE DEBTORS TO HONOR PREPETITION OBLIGATIONS TO ITS PHYSICIANS AS CRITICAL VENDORS; AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

1    Oroville Hospital, a California nonprofit public benefit corporation ("Oroville Hospital"), and

2  OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville

3  Hospital, the "Debtors") hereby submit the following exhibit in support of the *Debtors' Emergency*

4  *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Honor Prepetition*

5  *Obligations to its Physicians as Critical Vendors; and (II) Grant Related Relief* (the "Motion"):

6

| Exhibit | Description | Pages |
|---------|-------------|-------|
| A | [Proposed] Interim Order (i) Authorizing the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors; and (ii) Grant Related Relief | 3-8 |
| B | [Proposed] Final Order (i) Authorizing the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors; and (ii) Grant Related Relief | 9-13 |
| C | Critical Vendor Agreement | 14-17 |

12

13  Dated: December 8, 2025                     **FOX ROTHSCHILD LLP**

14

15                                           */s/*
                                            Keith C. Owens
16                                           Nicholas A. Koffroth

17                                           *Proposed Counsel to Oroville Hospital, et al.,*
                                            *the Debtors and Debtors-in-Possession*

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**[Proposed Interim Order]**

1  KEITH C. OWENS (SBN 184841)
   kowens@foxrothschild.com
2  NICHOLAS A. KOFFROTH (SBN 287854)
   nkoffroth@foxrothschild.com
3  **FOX ROTHSCHILD LLP**
   10250 Constellation Boulevard, Suite 900
4  Los Angeles, California 90067
   Telephone:    (310) 598-4150
5  Facsimile:    (310) 556-9828

6  *Proposed Counsel to Oroville Hospital, et al.,*
   *the Debtors and Debtors-in-Possession*
7

8
                    **UNITED STATES BANKRUPTCY COURT**
9                    **EASTERN DISTRICT OF CALIFORNIA**
                     **SACRAMENTO DIVISION**
10

11 In re:                                   Lead Case No. 25-26876

12 OROVILLE HOSPITAL, *et al.*,[2]           Jointly Administered With:
                                            Case No. 25-26877
13                  Debtors and Debtors
                    in Possession.          **DCN KCO-7**
14

15 ☒ Affects All Debtors                     Chapter 11

16                                           Hon. Christopher D. Jamie
   ☐ Affects Oroville Hospital
17 ☐ Affects OroHealth Corporation: A Nonprofit    **Hearing Information**
      Healthcare System                      Hearing Date:  December 11, 2025
18                                            Hearing Time:  11:00 a.m.
                  Debtors and Debtors in Possession.   Location:      Courtroom 32
19                                                          501 I Street, Sixth Floor
                                                            Sacramento, California 95814
20                                                             *or*
                                                          *by Zoom Webinar*
21        **[PROPOSED] INTERIM ORDER (I) AUTHORIZING THE DEBTORS**
         **TO HONOR PREPETITION OBLIGATIONS TO ITS PHYSICIANS AS**
22       <u>**CRITICAL VENDORS; AND (II) GRANTING RELATED RELIEF**</u>

23

24

25

26 ─────────────────
27 [2] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax
   identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit
28 Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville,
   California, 95966.

                                    -4-

1

2          Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders (i) Authorizing*

3   *the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors; and (ii) Grant*

4   *Related Relief* (the "Motion"),[3] §§ 105(a), 107(b), 363, 1107(a), and 1108 of the Bankruptcy Code,

5   Bankruptcy Rules 6003, 6004, 9018, and 9037, and Rules 9018-1 and 9037-1 of the Local Rules of

6   Practice, as more fully set forth in the Motion; and upon consideration of the *Declaration of Robert*

7   *J. Wentz in Support of Debtors' Debtors' Emergency Motion for Entry of Interim and Final Orders*

8   *(i) Authorizing the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors;*

9   *and (ii) Grant Related Relief*; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

10  §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. §157(b)(2);

11  and the Court being able to issue a final order consistent with Article III of the United States

12  Constitution; and venue of this proceeding and the Motion being proper before the Court pursuant to

13  28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

14  the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

15  having found that the Debtors' notice of the Motion and hearing on the Motion (the "Interim

16  Hearing") were appropriate under the circumstances and that no other notice need be provided; and

17  this Court having reviewed the Motion and having heard the statements in support of the relief

18  requested therein at the Interim Hearing; and this Court having determined that the legal and factual

19  bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted

20  herein and is necessary to avoid immediate and irreparable harm pursuant to Bankruptcy Rule 6003;

21  and after due deliberation and sufficient cause appearing therefor,

22          **IT IS HEREBY ORDERED THAT:**

23          1.      The Motion is GRANTED on an interim basis as set forth in this Interim Order.

24          2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____,

25  2025, at__:__ _.m., prevailing Pacific Standard Time. Any objections or responses to the Motion

26  shall be filed on or prior to [_____ ___, 2025], and served on: (a) counsel for the Debtors Fox

27  _____

28  [3] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herewith.

Rothschild LLP, 10250 Constellation Boulevard, Suite 900, Los Angeles, California 90067, Attn Keith C. Owens (kowens@foxrothschild.com) and Nicholas A. Koffroth (nkoffroth@foxrothschild.com); (b) the Office of the U.S. Trustee; (c) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis) filed in accordance with Bankruptcy Rule 1007(d) or the Official Committee of Unsecured Creditors (if appointed); (d) the proposed DIP lender; (e) creditors that assert a security interest in the Debtor's real property or cash collateral; (f) the State of California through the Attorney General for the State of California; (g) the United States of America through the United States Attorney for the Eastern District of California; and (h) parties that file with the Court and serve upon the Debtor requests for notice of all maters in accordance with Bankruptcy Rule 2002(i). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are hereby authorized, but not directed, in the reasonable exercise of their business judgment, to honor, pay, or otherwise satisfy, on a case-by-case basis, all or part of the prepetition Physician Claims in an amount not to exceed $6.75 million pending entry of the Final Order.

4. The Debtors are authorized to condition payment of the Physician Claims upon the terms of the Critical Vendor Agreement in form and substance substantially similar to the form attached as Exhibit C to the List of Exhibits filed in support of the Motion, and if such Physician fails to comply with said Critical Vendor Agreement: (a) any payment on account of a prepetition Physician Claim received by such party shall be deemed, in the Debtors' discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such Physician will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

5.      Any party that accepts payment from the Debtors on account of all or a portion of any Physician Claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order, and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

7.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

8.      Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

9.      The contents of the Motion satisfy the requirements of Bankruptcy rule 6003(b).

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

1        12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted

2    in this Interim Order in accordance with the Motion.

3        13.     This Court retains exclusive jurisdiction with respect to all matters arising from or

4    related to the implementation, interpretation, and enforcement of this Interim Order.

5    DATED:

6                                                 _____

7                                                 United States Bankruptcy Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

**[Proposed Final Order]**

1  KEITH C. OWENS (SBN 184841)
   kowens@foxrothschild.com
2  NICHOLAS A. KOFFROTH (SBN 287854)
   nkoffroth@foxrothschild.com
3  **FOX ROTHSCHILD LLP**
   10250 Constellation Boulevard, Suite 900
4  Los Angeles, California 90067
   Telephone:    (310) 598-4150
5  Facsimile:     (310) 556-9828

6  *Proposed Counsel to Oroville Hospital, et al.,*
   *the Debtors and Debtors-in-Possession*

7

8

9  **UNITED STATES BANKRUPTCY COURT**
   **EASTERN DISTRICT OF CALIFORNIA**
   **SACRAMENTO DIVISION**

10

| In re: | Lead Case No. 25-26876 |
|---|---|
| OROVILLE HOSPITAL, *et al.*,[4] | Jointly Administered With: Case No. 25-26877 |
| Debtors and Debtors in Possession. | **DCN KCO-7** |
| | Chapter 11 |
| ☒   Affects All Debtors | Hon. Christopher D. Jamie |
| ☐   Affects Oroville Hospital | **Hearing Information** |
| ☐   Affects OroHealth Corporation: A Nonprofit Healthcare System | Hearing Date: _____, 2025 |
| | Hearing Time: _____ |
| Debtors and Debtors in Possession. | Location:     Courtroom 32 |
| |       501 I Street, Sixth Floor |
| |       Sacramento, California 95814 |

**[PROPOSED] FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO HONOR PREPETITION OBLIGATIONS TO ITS PHYSICIANS AS
CRITICAL VENDORS; AND (II) GRANTING RELATED RELIEF**

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing*

*the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors; and (II) Grant*

---

[4] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

1   *Related Relief* (the "Motion"),[5] §§ 105(a), 107(b), 363, 1107(a), and 1108 of the Bankruptcy Code,

2   Bankruptcy Rules 6003, 6004, 9018, and 9037, and Rules 9018-1 and 9037-1 of the Local Rules of

3   Practice, as more fully set forth in the Motion; and upon consideration of the *Declaration of Robert*

4   *J. Wentz in Support of Debtors' Debtors' Emergency Motion for Entry of Interim and Final Orders*

5   *(I) Authorizing the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors;*

6   *and (II) Grant Related Relief*; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

7   §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. §157(b)(2);

8   and the Court being able to issue a final order consistent with Article III of the United States

9   Constitution; and venue of this proceeding and the Motion being proper before the Court pursuant to

10   28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

11   the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court,

12   having previously granted the Motion on an interim basis, and having set a final hearing on [_____]

13   (the "Final Hearing"); and this Court having found that the Debtors' notice of the Motion and hearing

14   on the Motion and the Final Hearing were appropriate under the circumstances and that no other

15   notice need be provided; and this Court having reviewed the Motion and having heard the statements

16   in support of the relief requested therein at the Final Hearing; and this Court having determined that

17   the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for

18   the relief granted herein and is necessary to avoid immediate and irreparable harm pursuant to

19   Bankruptcy Rule 6003; and after due deliberation and sufficient cause appearing therefor,

20       **IT IS HEREBY ORDERED THAT:**

21       1.     The Motion is GRANTED on a final basis as set forth in this Final Order.

22       2.     The Debtors are hereby authorized, but not directed, in the reasonable exercise of their

23   business judgment, to honor, pay, or otherwise satisfy, on a case-by-case basis, all or part of the

24   prepetition Physician Claims.

25       3.     The Debtors are authorized to condition payment of the Physician Claims upon the

26   terms of the Critical Vendor Agreement in form and substance substantially similar to the form

27

28   [5] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herewith.

attached as Exhibit C to the List of Exhibits filed in support of the Motion, and if such Physician fails to comply with said Critical Vendor Agreement: (a) any payment on account of a prepetition Physician Claim received by such party shall be deemed, in the Debtors' discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such Physician will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4.      Any party that accepts payment from the Debtors on account of all or a portion of any Physician Claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order, and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

5.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

7.      Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in

1  accordance with any interim and final orders, as applicable, authorizing or approving any postpetition

2  debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order")

3  and any budget in connection with any such post-petition debtor-in-possession financing or use of

4  cash collateral authorized herein. To the extent there is any inconsistency between the terms of the

5  DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall

6  control.

7           8.      The contents of the Motion satisfy the requirements of Bankruptcy rule 6003(b).

8           9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

9  of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

10           10.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final

11  Order are immediately effective and enforceable upon its entry.

12           11.      The Debtors are authorized to take all actions necessary to effectuate the relief granted

13  in this Final Order in accordance with the Motion.

14           12.      This Court retains exclusive jurisdiction with respect to all matters arising from or

15  related to the implementation, interpretation, and enforcement of this Final Order.

16  DATED:

17                                      _____

18                                      United States Bankruptcy Judge

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit C**

**Vendor Agreement**

[Oroville Hospital Letterhead]

December [___], 2025

TO: [Vendor]

[Name]

[Address]

Dear [Physician]: As you are aware, Oroville Hospital and OroHealth Corporation are debtors and debtors in possession (collectively, the "Debtors") having each filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Cases" and the "Bankruptcy Court," respectively) on December 8, 2025 (the "Petition Date"). On the Petition Date, the Debtors requested the Bankruptcy Court's authority to pay physicians (the "Critical Vendors"). On December [___], 2025, the Bankruptcy Court entered an [interim/final] order (the "Order") authorizing the Debtors, under certain conditions, to pay prepetition claims of certain "Critical Vendors" that agree to the terms below, as well as agree to be bound by the terms of the Order. A copy of the Order is annexed hereto (collectively with this letter, the "Letter Agreement"). To receive payment on prepetition claims pursuant to the Order, each selected physician Critical Vendor must agree to continue to supply services to the Debtors consistent with and as required under their current agreement with the Debtors for a minimum of one hundred twenty (120) days after execution of this Letter Agreement.

For purposes of administration of this program, you and the Debtors agree as follows:

1.    The estimated balance of your aggregate prepetition claim(s) against the Debtors is $[___] (the "Agreed Critical Vendor Claim").

2.    The Debtors will pay you $[___] (the "Payment") on account of the Agreed Critical Vendor Claim (net of any setoffs, credits, or discounts) if applicable.

3.    Nothing herein waives the Debtors' or your rights under section 365 of the Bankruptcy Code.

4.    You will continue to supply services to the Debtors consistent with and as required under your current agreement with the Debtors.

Payment of your Agreed Critical Vendor Claim in the manner set forth in the Order may only occur upon execution of this Letter Agreement by you and the return of this letter to the Debtors.

Your execution and return of this Letter Agreement constitutes an agreement between you and the Debtors:

    a.   to continue to supply services to the Debtors consistent with and as required under your current agreement with the Debtors for a minimum of one hundred twenty (120) days after execution of this Letter Agreement;

    b.   that you have reviewed the terms and provisions of the Order and consent to be bound by the same;

    c.   that if you fail to comply with the terms and provisions of this Letter Agreement, (i) the Debtors may demand repayment in cash and otherwise take all action to have such payment be deemed to be an improper post-petition transfer on account of a prepetition claim under section 549 of the Bankruptcy Code, and (ii) upon recovery by the Debtors, your prepetition claim will be reinstated as if the payment had not been made, and you must file a reinstated claim before the general bar date established by order of this Court; and

    d.   that you will keep the existence and the terms of this Letter Agreement confidential and will not disclose it to any person or entity without the prior written consent of the Debtors, other than as required by law.

The Debtors and you also hereby agree that any dispute concerning this Letter Agreement, the Order, or your participation in the Critical Vendor Payment Program shall be determined by the Bankruptcy Court and that all litigation arising out of or relating to this Letter Agreement, the Order, or your participation in the Critical Vendor Payment Program or its subject matter must be commenced in the Bankruptcy Court. If you have any questions about this Letter Agreement, do not hesitate to call.

Sincerely,

[Name of Applicable Debtor]
By: _____

Agreed and Accepted by:

[Physician]
By: _____

Date: _____