PETER C. ANDERSON
UNITED STATES TRUSTEE
EDMUND GEE, SBN 178627
ASSISTANT UNITED STATES TRUSTEE
JASON BLUMBERG, SBN 330150
TRIAL ATTORNEY
**UNITED STATES DEPARTMENT OF JUSTICE**
OFFICE OF THE UNITED STATES TRUSTEE
501 "I" Street, Suite 7-500
Sacramento, CA 95814
Telephone: (916) 930-2100
Email: jason.blumberg@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,<br><br>Debtors and Debtors in Possession.[1]<br><br>☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br><br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>DCN NAK-5<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>Hearing Date: December 11, 2025<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814<br>or *by Zoom Webinar* |

**OBJECTION OF THE UNITED STATES TRUSTEE TO**
**DEBTORS' MOTION TO LIMIT SCOPE OF NOTICE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

1

Peter C. Anderson, the United States Trustee for Region 17 (the "UST"), by and through his undersigned counsel, hereby files this preliminary objection to the *Debtors' Emergency Motion for Order Limiting Scope of Notice* (ECF No. 32) (the "Motion"). In support of his Objection, the UST respectfully represents as follows:

## I. INTRODUCTION

1. The Debtors' proposed notice limitations exceed the scope of Federal Bankruptcy Rule 2002(i). That provision permits limited notice only for the matters identified in Federal Bankruptcy Rules 2002(a)(2), 2002(a)(3) and 2002(a)(6) and only upon appointment of an official committee of unsecured creditors. Here, however, a committee has not yet been appointed.

2. Accordingly, the proposed notice procedures should be amended to expressly provide that notices under Federal Bankruptcy Rules 2002(a)(2), (3), and (6) shall be served on all creditors, until the UST appoints a committee. Further, the Debtors' apparent request to limit notice for the matters specified in Federal Bankruptcy Rules 2002(a)(1) and 3017(d) should be denied.

3. Finally, any order approving the Motion should provide that the Motion "is granted on an interim basis as set forth herein."

## II. FACTUAL BACKGROUND

**A. General Case Background**

4. On December 8, 2025 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the United States Bankruptcy Code. See ECF No. 1. The Debtors are currently debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

5.	On the Petition Date, the Court entered an Order directing the joint administration of these cases for procedural purposes only.  See ECF No. 15.

6.	The Debtors have not yet filed the required Schedules and Statements, including Schedule A/B, Schedule D, Schedule E/F, and the Statement of Financial Affairs.  See ECF No. 3.  The Debtors have requested that their deadline to file these documents be extended to January 22, 2026.  See ECF No. 65.

7.	According to the Petition filed in Case No. 25-26876, the estimated amount of Debtor Orohealth Hospital's assets is between $500,000,001 and $1 billion, and the estimated amount of its liabilities is between $100,000,001 and $500 million.  See ECF No. 1.

8.	According to the Petition filed in Case No. 25-26877, the estimated amount of Debtor Orohealth Corporation's assets is between $10,000,001 and $50 million, and the estimated amount of its liabilities is between $1,000,001 and $10 million.  See ECF No. 1 in Case No. Case No. 25-26877.

9.	The UST is soliciting creditors to form an official committee of unsecured creditors.

10.	The initial debtor interview and the meeting of creditors under 11 U.S.C. § 341 will be held on January 14, 2026 and January 20, 2026, respectively.

11.	According to the first day declaration of Robert J. Wentz (ECF No. 20) (the "First Day Declaration"), the Debtors and their affiliates operate "as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds …. an active emergency room … and 126 skilled nursing facility beds.  The Debtors also provide 33 specialty services at their 31 clinics …."  See First Day Declaration, at ¶ 8.

12.　　The Debtors "intend to pursue a sale process in these Chapter 11 Cases." See First Day Declaration, at ¶ 59.

**B.　　The Motion**

13.　　As part of the Motion, the Debtors seek authority to limit notice with respect to "Limited Notice Matters." See Motion, at p. 4. The Debtors propose that these notices instead be sent only to a "Limited Service List." Id.

14.　　Notice would not be so limited with respect to certain "Complete Notice Matters": (i) the time fixed for filing proofs of claim; (ii) objection deadlines and hearings with respect to approval of disclosure statements; (iii) objection deadlines, voting deadlines, and hearings with respect to confirmation of a plan or any modification thereof; (iv) entry of an order confirming a plan; and (v) hearings regarding dismissal or conversion of these cases. See Motion, at p 4; see also Fed. R. Bankr. P. 2002(a)(4), (5), (7), 2002(b), 2002(f)(7), and 3020(c)(2).

### III.　　OBJECTION

15.　　Federal Bankruptcy Rule 2002(a) identifies a number of notices that must be served on all creditors. See Fed. R. Bankr. P. 2002(a); In re SoCalDeal, Inc., 2021 WL 3702206, at *1 (Bankr. C.D. Cal. Aug. 19, 2021) ("Federal Rule of Bankruptcy Procedure 2002(a)(3) requires 21 days notice to all creditors ….").

16.　　The Debtors rely primarily on Federal Bankruptcy Rule 2002(i) as support for their request to limit notice. See Motion, at pp. 4-5. But that provision permits limited notice only of the matters identified in Federal Bankruptcy Rules 2002(a)(2) (sales), 2002(a)(3) (settlements and compromises) and 2002(a)(6) (fee applications) and only upon appointment of an official committee of unsecured creditors. Cf., In re Monument Rec. Corp., 71 B.R. 853, 863

(Bankr. M.D. Tenn. 1987) ("Notice to the committee pursuant to Bankruptcy Rule 2002(i) may satisfy the notice to creditors requirement imposed by various sections of the Code.").

17. Federal Bankruptcy Rule 2002(i) does not address or authorize limited notice of the matters specified in Federal Bankruptcy Rules 2002(a)(1) (the meeting of creditors), 2002(a)(4) (hearings on dismissal or conversion of a case), 2002(a)(5) (the time fixed to accept or reject a proposed plan modification), or 3017(d) (notice and transmittal of ballots for accepting or rejecting a plan).

18. Accordingly, the proposed notice procedures should be amended to expressly provide that notices under Federal Bankruptcy Rules 2002(a)(2), (3), and (6) shall be served on all creditors, at least until the UST appoints an official committee of unsecured creditors. Further, the Debtors' apparent request to limit notice for the matters specified in Federal Bankruptcy Rules 2002(a)(1) and 3017(d) should be denied. See Fed. R. Bankr. P. 2002(a), (i); Local Bankruptcy Rule 2002-4; see also ECF No. 64 in Case No. 25-25004-C-11 (In re Rizo-Lopez Foods, Inc.) (Order dated September 19, 2025), at ¶¶ 7-9.

19. Finally, any order approving the Motion should provide that the Motion "is granted on an interim basis as set forth herein."[2]

///

///

///

---

[2] The proposed Order appears to contemplate final relief. Moreover, it provides that the Motion "is granted in its entirety." See ECF No. 34, at p. 5 (¶ 1).

## IV. CONCLUSION

20. The UST respectfully requests that this Court sustain the Objection and deny the Motion, unless the Motion is modified to address the UST's concerns. The UST reserves all his rights, including to object to final approval of the Motion.

Dated: December 10, 2025.

          Respectfully submitted,

          PETER C. ANDERSON
          UNITED STATES TRUSTEE

          By: /s/ Jason Blumberg
          JASON BLUMBERG
          Trial Attorney for the United States Trustee