PETER C. ANDERSON
UNITED STATES TRUSTEE
EDMUND GEE, SBN 178627
ASSISTANT UNITED STATES TRUSTEE
JASON BLUMBERG, SBN 330150
TRIAL ATTORNEY
**UNITED STATES DEPARTMENT OF JUSTICE**
OFFICE OF THE UNITED STATES TRUSTEE
501 "I" Street, Suite 7-500
Sacramento, CA 95814
Telephone: (916) 930-2100
Email:  jason.blumberg@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,<br><br>Debtors and Debtors in Possession.[1]<br><br>☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br><br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>DCN NAK-4<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>Hearing Date: December 11, 2025<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>    501 I Street<br>    Sacramento, California 95814<br>    or *by Zoom Webinar* |

## LIMITED OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION TO PROTECT CONFIDENTIAL INFORMATION

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

1

Peter C. Anderson, the United States Trustee for Region 17 (the "UST"), by and through his undersigned counsel, hereby files this preliminary objection to the Debtors' Emergency Motion for Entry of an Order Protecting Confidential Patient and Employee Information (ECF No. 21) (the "Motion"). In support of his Objection, the UST respectfully represents as follows:

## I.　　INTRODUCTION

1. In view of the concerns implicated by the Debtors' HIPAA obligations, the UST does not oppose the Motion as it relates to patient records.

2. However, the UST opposes the Debtors' request to redact mailing addresses for their current and former employees, officers, and directors. Federal Bankruptcy Rule 1007(a) requires debtors to file this information. The Debtors' generalized concerns about identity theft and harassment do not satisfy their burden under 11 U.S.C. § 107(c) for the requested relief.

3. Finally, any order approving the Motion should provide that the Motion "is granted on an interim basis as set forth herein."

## II.　　FACTUAL BACKGROUND

### A.　　General Case Background

4. On December 8, 2025 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the United States Bankruptcy Code. See ECF No. 1. The Debtors are currently debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Court entered an Order directing the joint administration of these cases for procedural purposes only. See ECF No. 15.

6. The Debtors have not yet filed the required Schedules and Statements, including Schedule A/B, Schedule D, Schedule E/F, and the Statement of Financial Affairs. See ECF No.

3. The Debtors have requested that their deadline to file these documents be extended to January 22, 2026. See ECF No. 65.

7. According to the Petition filed in Case No. 25-26876, the estimated amount of Debtor Orohealth Hospital's assets is between $500,000,001 and $1 billion, and the estimated amount of its liabilities is between $100,000,001 and $500 million. See ECF No. 1.

8. According to the Petition filed in Case No. 25-26877, the estimated amount of Debtor Orohealth Corporation's assets is between $10,000,001 and $50 million, and the estimated amount of its liabilities is between $1,000,001 and $10 million. See ECF No. 1 in Case No. Case No. 25-26877.

9. The UST is soliciting creditors to form an official committee of unsecured creditors.

10. The initial debtor interview and the meeting of creditors under 11 U.S.C. § 341 will be held on January 14, 2026 and January 20, 2026, respectively.

11. According to the first day declaration of Robert J. Wentz (ECF No. 20) (the "First Day Declaration"), the Debtors and their affiliates operate "as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds …. an active emergency room … and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics …." See First Day Declaration, at ¶ 8.

12. The Debtors "intend to pursue a sale process in these Chapter 11 Cases." See First Day Declaration, at ¶ 59.

**B.    The Motion**

13. As part of the Motion, the Debtors seek entry of an Order "waiving any requirement obligating the Claims Agent to file the Patient Matrix or the Patient Schedules with

the Court, and authorizing the Claims Agent to file a redacted version of the Patient Schedules that specifically <u>redacts the names and addresses of the Patients</u>." <u>See</u> Motion, at p. 4 (emphasis added).

14. The Debtors also seek authority to "redact from their creditor matrix, schedules and statements, and other similar documents, certain personally identifiable information, including <u>residential addresses</u>, for current and former <u>Employees, officers, and directors</u> of the Debtors." <u>See</u> Motion, at p. 5 (emphasis added).

### III. <u>OBJECTION</u>

15. The general rule in bankruptcy is that information in papers filed in a case should be open to the public. <u>See</u> 11 U.S.C. §107. Bankruptcy Code Section 107(a) "evidences congress's strong desire to preserve the public's right of access to judicial records in bankruptcy proceedings." <u>See</u> <u>In re Orion Pictures Corp.</u>, 21 F.3d 24, 26 (2d Cir. 1994); <u>see</u> <u>also</u> <u>In re Roman Cath. Archbishop of Portland in Oregon</u>, 661 F.3d 417, 429 (9th Cir. 2011) (Section 107(a) "establishes a general right of public access to bankruptcy filings."); <u>In re Khan</u>, 2013 WL 6645436, at *3 (B.A.P. 9th Cir. Dec. 17, 2013) (exceptions to the general right of public access to bankruptcy filings embodied in 11 U.S.C. § 107(a) are construed narrowly).

16. In view of the concerns implicated by the Debtors' HIPAA obligations, the UST does not oppose the Motion as it relates to patient records. <u>See</u> Motion, at pp 4-5.

17. However, the UST opposes the Debtors' request to redact contact information for its current and former employees, officers, and directors. Federal Bankruptcy Rule 1007(a) requires debtors to file with the bankruptcy petition a "list <u>containing the name and address of each entity</u> included or to be included on Schedules D, E/F, G, and H …" <u>See</u> Fed. R. Bankr. Proc. 1007(a)(1) (emphasis added).

18. The Debtors' general concerns about potential identity theft and harassment are present in almost every bankruptcy case. It would turn Section 107 on its head if these speculative concerns could establish an exception to the general right of public access to bankruptcy documents. Cf., In re Crawford, 194 F.3d 954, 960 (9th Cir. 1999) ("[W]e conclude that the speculative possibility of identity theft is not enough to trump the importance of the governmental interests behind § 110 and § 107."); see also In re DSRD, Inc., Case No. 21-51050 (Bankr. N.D. Cal. August 10, 2021) (unnumbered docket entry) (denying debtor's motion to, inter alia, redact home address information on creditor matrix and list of top 30 unsecured creditors).

19. Finally, any order approving the Motion should provide that the Motion "is granted on an interim basis as set forth herein."[2]

### IV. CONCLUSION

20. The UST respectfully requests that this Court sustain the Objection and deny the Motion, unless the Motion is modified to address the UST's concerns. The UST reserves all his rights, including to object to final approval of the Motion.

Dated: December 10, 2025.

    Respectfully submitted,

    PETER C. ANDERSON
    UNITED STATES TRUSTEE

    By:/s/ Jason Blumberg
    JASON BLUMBERG
    Trial Attorney for the United States Trustee

---

[2] The proposed Order appears to contemplate final relief. Moreover, it provides that the Motion "is granted in its entirety." See ECF No. 23, at p. 4 (¶ 1).