Filed 12/10/25    Case 25-26876    Doc 80

PETER C. ANDERSON
UNITED STATES TRUSTEE
EDMUND GEE, SBN 178627
ASSISTANT UNITED STATES TRUSTEE
JASON BLUMBERG, SBN 330150
TRIAL ATTORNEY
**UNITED STATES DEPARTMENT OF JUSTICE**
OFFICE OF THE UNITED STATES TRUSTEE
501 "I" Street, Suite 7-500
Sacramento, CA 95814
Telephone: (916) 930-2100
Email: jason.blumberg@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,<br><br>Debtors and Debtors in Possession.[1]<br><br>☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br><br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>DCN KCO-7<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>Hearing Date: December 11, 2025<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>　　　　　501 I Street<br>　　　　　Sacramento, California 95814<br>　　　　　or *by Zoom Webinar* |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTORS' MOTION TO HONOR PREPETITION OBLIGATIONS TO CRITICAL VENDORS**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

1

Peter C. Anderson, the United States Trustee for Region 17 (the "UST"), by and through his undersigned counsel, hereby files this preliminary objection to the *Debtors' Emergency Motion for Interim and Final Orders Authorizing the Debtors to Honor Prepetition Obligations to Physicians as Critical Vendors* (ECF No. 52) (the "Motion"). In support of his Objection, the UST respectfully represents as follows:

## I. INTRODUCTION

1. The Debtor requests emergency relief to pay prepetition claims owed to physicians. However, the Motion fails to demonstrate how the $6.75 million requested to be paid on an interim basis was calculated and why the amount must be paid immediately to avoid immediate and irreparable harm.

## II. FACTUAL BACKGROUND

**A. General Case Background**

2. On December 8, 2025 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the United States Bankruptcy Code. See ECF No. 1. The Debtors are currently debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

3. On the Petition Date, the Court entered an Order directing the joint administration of these cases for procedural purposes only. See ECF No. 15.

4. The Debtors have not yet filed the required Schedules and Statements, including Schedule A/B, Schedule D, Schedule E/F, and the Statement of Financial Affairs. See ECF No. 3. The Debtors have requested that their deadline to file these documents be extended to January 22, 2026. See ECF No. 65.

5.　According to the Petition filed in Case No. 25-26876, the estimated amount of Debtor Orohealth Hospital's assets is between $500,000,001 and $1 billion, and the estimated amount of its liabilities is between $100,000,001 and $500 million. See ECF No. 1.

6.　According to the Petition filed in Case No. 25-26877, the estimated amount of Debtor Orohealth Corporation's assets is between $10,000,001 and $50 million, and the estimated amount of its liabilities is between $1,000,001 and $10 million. See ECF No. 1 in Case No. Case No. 25-26877.

7.　The UST is soliciting creditors to form an official committee of unsecured creditors.

8.　The initial debtor interview and the meeting of creditors under 11 U.S.C. § 341 will be held on January 14, 2026 and January 20, 2026, respectively.

9.　According to the first day declaration of Robert J. Wentz (ECF No. 20) (the "First Day Declaration"), the Debtors and their affiliates operate "as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds …. an active emergency room … and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics …." See First Day Declaration, at ¶ 8.

10.　The Debtors "intend to pursue a sale process in these Chapter 11 Cases." See First Day Declaration, at ¶ 59.

**B.　The Motion**

11.　As part of the Motion, the Debtors seek authority pay physicians, who work with the Debtors as independent contractors, for prepetition claims. See ECF No. 52, at p. 4. The Debtors assert that they owe "approximately $8.4 in prepetition normal course compensation for the month of November 2025 and the first eight days of December[.]" Id. The Motion argues that

the physicians are critical vendors because they are essential to the business, not easily replaced, may decide to seek alternative employment if not paid, and that the Debtors will suffer immediate and irreparable harm if the physicians are not properly paid. See ECF No. 52, at pp. 4-6.

12. As stated in the Motion, the Debtors request to pay up to $6.75 million in the interim to avoid immediate and irreparable harm, with the remaining $1.65 million being subject to final approval. See ECF No. 52, at p. 7. However, the Motion does to provide a calculation or reasoning arguing why $6.75 million is the amount needed on an interim basis.

### III. OBJECTION

13. Ninth Circuit case law casts considerable doubt on whether the necessity of payment doctrine applies outside the context of railroad reorganizations and otherwise survived the enactment of the Bankruptcy Code. See In re B & W Enterprises, Inc., 713 F.2d 534, 537 (9th Cir. 1983) ("The Necessity of Payment Rule was created for and has been applied only to railroad cases. Absent compelling reasons, we deem it unwise to tamper with the statutory priority scheme devised by Congress in the 1978 Act."); see also In re MacMillan, 652 B.R. 812, 813 (Bankr. D. Or. 2023) (denying critical vendor motion).

14. With respect to the argument that a bankruptcy court's general equitable powers authorize such relief, the Ninth Circuit observed, "[t]here is no indication that Congress intended the courts to fashion their own rules of super-priorities within any given priority class." In re B & W Enterprises, Inc., 713 F.2d at 537; see also Willms v. Sanderson, 723 F.3d 1094, 1103 (9th Cir. 2013) ("A bankruptcy court's equitable powers 'must and can only be exercised within the confines of the Bankruptcy Code.'") (quoting Norwest Bank Worthington v. Ahlers, 485 U.S. 197 (1988)).

15. Moreover, the "general rule is that a distribution on prepetition debt in a Chapter 11 case should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstance." See In re Airbeds, Inc., 92 B.R. 419, 422 (B.A.P. 9th Cir. 1988).

16. To the extent Section 363(b) can be a basis for paying a pre-petition claim, courts have required debtors to demonstrate that (i) the recipient of the payment would otherwise cease doing business with the debtor, and (ii) disfavored creditors will not be harmed by the payment. See, e.g., In re Kmart Corp., 359 F.3d 866, 873-74 (7th Cir. 2004).

17. The Debtors are seeking authority to pay prepetition amounts up to $6.75 million on an interim basis and $1.65 million on a final basis. See ECF No. 52, at p. 7. There is no evidence presented as to why $6.75 million is needed on an interim basis to avoid irreparable harm, compared to the $1.65 million that can wait for final approval. The Debtors fail to meet their burden to demonstrate why interim relief should be granted in the amount request, and should be denied until adequate support is provided.

### IV. CONCLUSION

The UST respectfully requests that this Court sustain the Objection and deny the Motion, unless the Motion is modified to address the UST's concerns. The UST reserves all his rights, including to object to final approval of the Motion.

Dated: December 10, 2025.

Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ Trevor Fehr
TREVOR FEHR
Trial Attorney for the United States Trustee