3

1 THOMAS G. MOUZES (SBN 099446)
BASHAR AHMAD (SBN 258619)
2 BOUTIN JONES INC.
Sacramento Offices
3 555 Capitol Mall, Suite 1500
Sacramento, California 95814
4 Telephone: (916) 321-4444
Facsimile: (916) 441-7597
5 Email: tmouzes@boutinjones.com
bahmad@boutinjones.com
6

7 Attorneys for Tri Counties Bank

8                     UNITED STATES BANKRUPTCY COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10                            (Sacramento Division)

| | |
|---|---|
| 11 In re | ) **Case No. 2025-26876** |
| 12 OROVILLE HOSPITAL, et al.,[1] | ) **Jointly Administered with:** |
| | ) **Case No. 2025-26877** |
| 13    Debtors and Debtors in | ) |
|        Possession. | ) Chapter 11 |
| 14 | ) |
| ☒ Affects All Debtors | ) DC No. NAK-7 |
| 15 ☐ Affects Oroville Hospital | ) |
| 16 ☐ Affects OroHealth Corporation: A | ) **OBJECTION TO DEBTORS' MOTION** |
|       Nonprofit Healthcare System | ) **FOR INTERIM AND FINAL ORDERS** |
| 17 | ) **(I) AUTHORIZING THE DEBTORS TO** |
| | ) **(A) OBTAIN SENIOR SECURED POST-** |
| 18 | ) **PETITION FINANCING, (B) USE CASH** |
| | ) **COLLATERAL AND (C) GRANT LIENS** |
| 19 | ) **AND PROVIDE SUPERPRIORITY** |
| | ) **ADMINISTRATIVE EXPENSE CLAIMS;** |
| 20 | ) **(II) GRANTING ADEQUATE** |
| | ) **PROTECTION TO CERTAIN** |
| 21 | ) **PREPETITION SECURED PARTIES;** |
| | ) **(III) MODIFYING THE AUTOMATIC** |
| 22 | ) **STAY; (IV) SCHEDULING A FINAL** |
| | ) **HEARING; AND (V) GRANTING** |
| 23 | ) **RELATED RELIEF; AND DEMAND FOR** |
| | ) **ADEQUATE PROTECTION** |
| 24 | ) |
| | ) Date:         December 11, 2025 |
| 25 | ) Time:         11:00 a.m. |
| | ) Department:   B, Crtrm 32 |
| 26 | ) Judge:        Honorable Christopher D. Jaime |

27 _____

28 [1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

1

OBJECTION

1    Secured Creditor Tri Counties Bank ("TCB") submits this initial Objection to the motion of

2    Debtor Oroville Hospital and Debtor OroHealth Corporation Motion (the "Debtors"): (I) Authorizing

3    Debtors To (A) Obtain Senior Secured Post-Petition Financing, (B) Use Cash Collateral, And

4    (C) Grant Liens And Provide Superpriority Administrative Expense Claims; (II) Granting Adequate

5    Protection To Certain Prepetition Secured Parties; (III) Modifying The Automatic Stay;

6    (IV) Scheduling A Final Hearing; And (V) Granting Related Relief. TCB demands adequate

7    protection of its secured interest. TCB submits this Objection under full reservation of its rights given

8    the emergency filings including preserving its rights to raise additional issues/objections at the hearing.

9    First, TCB joins in the objections of the United States Trustee's Office, Doc. 73, including

10   regarding the lack of proposed orders.

11   Second and briefly, TCB is a fully secured creditor in this case, with a secured claim of

12   $1,633,602.44. The secured claim of TCB is evidenced by a promissory note dated

13   September 15, 2021 in the original amount of $2,500,000 (the "Note") to Debtor Oroville Hospital, as

14   amended. The indebtedness and obligations due TCB are secured by a Commercial Security

15   Agreement dated November 9, 2022, executed by Debtor Oroville Hospital granting TCB a security

16   interest and lien in a variety of personal property collateral, including specifically identified equipment

17   as well as deposit accounts. These deposit accounts are perfected by control and are automatically

18   perfected. UCC §104(a)(1) and §9312. Based upon the amounts on deposit with TCB as of the petition

19   date, TCB is an oversecured creditor.

20   The Debtors have mistakenly treated TCB as an unsecured creditor. The motion purports to

21   grant the DIP Lender a first lien on virtually all of Debtors' property including **deposit accounts**,

22   which would include those held at TCB and TCB's equipment collateral. TCB demands adequate

23   protection of its secured interests.

24   Third, the motion appears to be in effect a *sub rosa* plan given its scope and effect.

25   Fourth, the entirety of the first day motions, given their breadth and scope, violate basic issues

26   of procedural due process and general principles of fairness. They also attempt to adjudicate rights

27   that require the filing of an adversary proceeding and any valuation of collateral should not occur via

28   first day motions, with a one-day notice.

OBJECTION
4908-5041-5744.7

TCB reserves its rights including to raise additional issues/objections at the hearing.

Dated: December 10, 2025.

BOUTIN JONES INC.
Attorneys at Law

By: _____ */s/ Thomas G. Mouzes*
THOMAS G. MOUZES
BASHAR AHMAD

Attorneys for Tri Counties Bank

3

OBJECTION
4908-5041-5744.7