**6**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 558-3629

*Proposed Counsel to Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession.<br><br>☒ Affects All Debtors<br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | Lead Case No. 25- 26876<br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-4**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>**Hearing Information**<br>Hearing Date: December 11, 2025<br>Hearing Time: 11 a.m.<br>Location:     Courtroom 32<br>               501 I Street<br>               Sacramento, California 95814 |

**ORDER: (I) APPROVING DEBTORS' ADEQUATE ASSURANCE OF PAYMENT FOR UTILITY SERVICES; (II) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; (III) APPROVING DEBTORS' PROPOSED PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

Upon the Debtors' Emergency Motion for Entry of an Order: (I) Approving Debtors' Adequate Assurance of Payment for Utility Services; (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Service; (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests; and (IV) Granting Related (the "<u>Motion</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed on December 8, 2025; and upon the First Day Declaration[2]; and this Court, having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court, having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court, having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court, having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court, having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court, having found that the Debtors' notice of the Motion and hearing on the Motion (the "<u>First Day Hearing</u>") were appropriate under the circumstances and no other notice need be provided; and this Court, having reviewed the Motion and having heard the statements in support of the relief requested therein at the First Day Hearing; and this Court, having determined that the legal and factual bases set forth in the Motion and at the First Day Hearing establish just cause for the relief granted herein and is necessary to avoid immediate and irreparable harm pursuant to Bankruptcy Rule 6003; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth in this Order.

2. The Debtors shall serve the Motion and this Order on each Utility Provider listed on the Utility Providers List, attached as **Exhibit C** to the Exhibit List, no later than three (3) business days after the date that this Order is entered.

3. The Debtors are authorized, but not directed, to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account.

---

[2] Unless otherwise indicated, all capitalized terms not defined herein shall have the meanings ascribed to them in the Memorandum of Points and Authorities filed concurrently herewith.

4. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment in satisfaction of section 366 of the Bankruptcy Code.[3]

5. The following Adequate Assurance Procedures are hereby approved, and the terms thereof are in full force and effect:

a) Subject to paragraphs (b)–(i) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $301,858.40 in the Adequate Assurance Account within five (5) business days after entry of the order granting this Motion.

b) A Utility Provider may make an Adequate Assurance Request if the Debtors have not satisfied their postpetition payment obligation with respect to the applicable Utility Services in accordance with the terms and conditions of such service, and such payment obligation remains unpaid past any applicable grace period for the Utility Service. No disbursement will be made for an Adequate Assurance Request unless the requesting Utility Provider provides notice to the following parties (the "Utility Notice Parties"): (i) the Debtors, (ii) proposed counsel to the Debtors, (iii) counsel to all lenders asserting a security interest in cash collateral; (iv) counsel for the DIP lender; (v) the Office of the United States Trustee; (vi) the 30 largest unsecured creditors on a consolidated basis or counsel for the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases. The Debtors shall honor such request within five (5) business days after the date they receive such Adequate Assurance Request, subject to the Debtors and the requesting Utility Provider reaching an alternative resolution. A court order is not required to honor the Adequate Assurance Request in accordance with the Adequate Assurance Procedures or to settle a postpetition payment dispute related to Utility Services.

c) If the Debtors make a disbursement to a Utility Provider from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount so disbursed.

d) The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of (i) the Debtors reconciling and paying the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider and (ii) the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases.

---

[3] Unless otherwise defined herein, all references to "Section" and "§" refer to a section of the Bankruptcy Code.

e) A Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, increases in the proposed allocable Adequate Assurance amount, or otherwise, must serve a request for additional assurance (an "Additional Assurance Request") on the Utility Notice Parties within thirty (30) days of the Petition Date.

f) All Additional Assurance Requests and Adequate Assurance Requests must set forth in writing the following: (i) the location(s) for which Utility Services are provided and the account number(s) for such location(s); (ii) the outstanding balance for each such account and a summary of the Debtors' payment history relevant to the affected account(s); (iii) an explanation as to why the Utility Provider believes the Adequate Assurance Deposit is not adequate assurance of payment under section 366 of the Bankruptcy Code or the basis for seeking the Adequate Assurance Deposit, each as applicable; and (iv) list all Prepetition Deposits or surety bonds that the Utility Provider holds for the Utility Services related to the Additional Assurance Request.

g) The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable. The Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to any official committee appointed in these cases, and the U.S. Trustee upon request.

h) The Debtors may reduce or remove a Utility Provider's portion of the Adequate Assurance Deposit with the consent of such Utility Provider at any time during the Chapter 11 Cases.

i) If the Debtors and the Utility Provider are not able to reach a resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors may request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to § 366(c)(3) of the Bankruptcy Code. Pending final resolution of the Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6. The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7. Unless and until a Utility Provider files and serves an Additional Assurance Request in accordance with the Adequate Assurance Procedures and the Court rules otherwise at a

Determination Hearing, the Utility Provider shall be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with § 366 and (b) forbidden from (i) discontinuing, altering, or refusing Utility Services to or discriminating against the Debtors on account of any unpaid prepetition charges, the commencement of these Chapter 11 Cases, or any perceived inadequacy of the Proposed Adequate Assurance, or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

8. The Debtors are authorized to (a) add any Utility Provider to the Utility Providers List (each a, "<u>Subsequently Identified Utility Provider</u>"), (b) remove any Utility Provider from the Utility Providers List, and (c) add to or subtract from the Adequate Assurance Account the portion of such deposit allocated to any Utility Provider(s); or Subsequently Identified Utility Provider(s); provided that the Debtors may only add Subsequently Identified Utility Provider(s) to the Utility Providers List and deposit funds in the Adequate Assurance Account in the sum of the "Proposed Adequate Assurance" allocated to such Subsequently Identified Utility Provider(s) within thirty (30) days from the Petition date, provided further that the Debtors shall provide fourteen (14) days' notice to any Utility Provider that it is being removed from the Utility Providers List and that its respective Adequate Assurance Deposit will be deducted from the Adequate Assurance Account. If an objection is received from such Utility Provider(s), the Debtors may request a hearing before this Court regarding such objection. The Debtors shall not deduct the Adequate Assurance Deposit allocated to any such Utility Provider that the Debtors seek to terminate or delete from the Utility Providers List unless and until the fourteen (14) day notice period has expired without objection from the respective Utility Provider(s).

9. The Debtors must (a) serve any Subsequently Identified Utility Provider a copy of the Motion and Order within three (3) business days of such provider being added to the list, (b) allocate additional amounts to the Adequate Assurance Deposit in accordance with the Motion, and (c) provide notice to the Subsequently Identified Utility Provider of its proposed Adequate Assurance. Any Subsequently Identified Utility Provider shall (a) be bound to the Adequate Assurance Procedures and (b) have twenty-one (21) days from the date of service of the Motion

and the Order to make a request for additional adequate assurance of payment in accordance with the Adequate Assurance Procedures.

10. Any Utility Provider that fails to timely provide the Debtors with an Additional Assurance Request in accordance with the procedures set forth here shall be deemed to have consented to the Adequate Assurance Procedures and shall be bound by this Order.

11. The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors in either their capacity as landlords or tenants and are not limited to those entities listed on the Utility Providers List.

12. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "<u>DIP Order</u>") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

13. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of § 366, and the Debtors reserve all rights and defenses with respect thereto.

14. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

15. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

16. Notwithstanding Bankruptcy Rule 6004(h), this Order is immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

18. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated:** December 12, 2025



Christopher D. Jaime, Chief Judge
United States Bankruptcy Court