5

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:     (310) 598-4150
Facsimile:     (310) 556-9829

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>           Debtors and Debtors<br>           in Possession.<br><br>☒   Affects All Debtors<br><br>☐   Affects Oroville Hospital<br>☐   Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>           Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-7**<br><br>Chapter 11<br><br>Hon. Christopher D. Jamie<br><br>**Hearing Information**<br>Hearing Date:    December 11, 2025<br>Hearing Time:    11:00 a.m.<br>Location:          Courtroom 32<br>                    501 I Street, Sixth Floor<br>                    Sacramento, California 95814 |

(AMENDED)
**INTERIM ORDER (I) AUTHORIZING THE DEBTORS
TO HONOR PREPETITION OBLIGATIONS TO ITS PHYSICIANS AS
CRITICAL VENDORS; AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

-1-

Upon the *Debtors' Emergency Motion for Entry of Interim and Final Orders (i) Authorizing the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors; and (ii) Grant Related Relief* (the "Motion"),[2] §§ 105(a), 107(b), 363, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003, 6004, 9018, and 9037, and Rules 9018-1 and 9037-1 of the Local Rules of Practice, as more fully set forth in the Motion; and upon consideration of the *Declaration of Robert J. Wentz in Support of Debtors' Debtors' Emergency Motion for Entry of Interim and Final Orders (i) Authorizing the Debtors to Honor Prepetition Obligations to its Physicians as Critical Vendors; and (ii) Grant Related Relief*; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. §157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and hearing on the Motion (the "Interim Hearing") were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Interim Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein and is necessary to avoid immediate and irreparable harm pursuant to Bankruptcy Rule 6003; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order. The final hearing (the "Final Hearing") on the Motion shall be held on **January 12, 2026, at 10:00 a.m., prevailing Pacific Standard Time**. Any objections or responses to the Motion shall be filed on or prior to **December 31, 2025**, and served on: (a) counsel for the Debtors Fox Rothschild LLP,

---

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herewith.

10250 Constellation Boulevard, Suite 900, Los Angeles, California 90067, Attn Keith C. Owens (kowens@foxrothschild.com) and Nicholas A. Koffroth (nkoffroth@foxrothschild.com); (b) the Office of the U.S. Trustee; (c) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis) filed in accordance with Bankruptcy Rule 1007(d) or the Official Committee of Unsecured Creditors (if appointed); (d) the proposed DIP lender; (e) creditors that assert a security interest in the Debtor's real property or cash collateral; (f) the State of California through the Attorney General for the State of California; (g) the United States of America through the United States Attorney for the Eastern District of California; and (h) parties that file with the Court and serve upon the Debtor requests for notice of all maters in accordance with Bankruptcy Rule 2002(i). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing. Any replies in support of the Motion shall be filed on or before **January 7, 2026.**

2. The Debtors are hereby authorized, but not directed, in the reasonable exercise of their business judgment, to honor, pay, or otherwise satisfy, on a case-by-case basis, all or part of the prepetition Physician Claims in an amount not to exceed $6.75 million pending entry of the Final Order.

3. The Debtors are authorized to condition payment of the Physician Claims upon the terms of the Critical Vendor Agreement in form and substance substantially similar to the form attached as Exhibit C to the List of Exhibits filed in support of the Motion, and if such Physician fails to comply with said Critical Vendor Agreement: (a) any payment on account of a prepetition Physician Claim received by such party shall be deemed, in the Debtors' discretion, an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such Physician will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for

payment of any claims, or otherwise.

4. Any party that accepts payment from the Debtors on account of all or a portion of any Physician Claim pursuant to this Interim Order shall be deemed to (a) agree to the terms and provisions of this Interim Order, and (b) have waived, to the extent so paid, any and all prepetition claims, of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

5. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

6. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

7. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "<u>DIP Order</u>") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

8. The contents of the Motion satisfy the requirements of Bankruptcy rule 6003(b).

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated:** December 12, 2025

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court