Filed 12/12/25   Case 25-26876   Doc 102

**3**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:    (310)    598-4150
Facsimile:    (310)    553-9629

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Lead Case No. 25-26876 |
| OROVILLE HOSPITAL, *et al.*,[1] | Jointly Administered With: Case No. 25-26877 |
| Debtors and Debtors in Possession. | **DCN NAK-4** |
| | Chapter 11 |
| ☒ Affects All Debtors | Hon. Christopher D. Jaime |
| ☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System | **Hearing Information**<br>Hearing Date:   December 11, 2025<br>Hearing Time:   11:00 a.m.<br>Location:       Courtroom 32<br>                501 I Street<br>                Sacramento, California 95814 |
| Debtors and Debtors in Possession. | |

**ORDER GRANTING IN PART AND DENYING IN
PART DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER
PROTECTING CONFIDENTIAL PATIENT AND EMPLOYEE INFORMATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and Orohealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

-1-

The Court, having considered the *Debtors' Emergency Motion for Entry of an Order Protecting Confidential Patient and Employee Information* (the "Motion"),² §§ 105(a), 107, and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007, 9018, and 9037, and Rules 9018-1 and 9037-1 of the Local Rules of Practice, as more fully set forth in the Motion; and upon consideration of the *Declaration of Robert J. Wentz in Support of Debtors' Emergency Motion for Entry of an Order Protecting Confidential Patient and Employee Information*; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. §157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper before the Cout pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Motion is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors estates, their creditors and other parties in interest and necessary to prevent immediate and irreparable harm; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having held a hearing on the Motion and considered arguments of counsel and any oppositions to the Motion made on or before the hearing; and after due deliberation, sufficient cause appearing for the relief requested in the Motion, and for the reasons set forth on the record of the hearing,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is GRANTED in part and DENIED in part.

2. Any opposition to the Motion not otherwise resolved by the parties is hereby overruled.

3. The Motion is GRANTED:

    a. Epiq Systems, Inc., the proposed claims agent in these Chapter 11 Cases (the "Claims Agent") is authorized to prepare, pursuant to § 521(a)(1)(A) and Bankruptcy Rule 1007(a)(1), a separate creditor matrix of the Patients (the "Patient Matrix") and, pursuant to

---

² Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

1  § 521(a)(1)(B)(i) and Bankruptcy Rule 1007(b)(1)(A), separate schedules of claims that
2  may be asserted by and against the Patients (the "Patient Schedules").³

3  b. Any requirement obligating the Claims Agent to file the Patient Matrix or
4  the Patient Schedules with the Court is hereby waived.

5  c. The Claims Agent is authorized to file a redacted version of the Patient
6  Schedules that specifically redacts the names and addresses of the Patients.

7  d. Review and access to the unredacted Patient Matrix and the Patient
8  Schedules is hereby restricted to: (i) this Court, (ii) the Office of the United States Trustee
9  (the "U.S. Trustee"); (iii) any applicable state regulatory agency (through the respective
10  state attorney general), and (iv) any other party in interest that obtains, after notice and a
11  hearing, authorization from this Court.

12  e. Any proof of service reflecting service on Patients may be filed in a form
13  that redacts the names and addresses of the Patients, and the filing party is permitted to filed
14  an unredacted version of such proof of service under seal.

15  4. The Motion is DENIED with respect to any requests for authority to: (1) redact from
16  the Debtors' creditor matrix, schedules and statements, and other similar documents, certain
17  personally identifiable information, including residential addresses, for current and former
18  Employees, officers, and directors of the Debtors (the "Employee Information"); and (2) redact
19  Employee Information from any proof of service reflecting service on current and former
20  Employee, and the filing party is permitted to filed an unredacted version of such proof of service
21  under seal.

22  5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order
23  are immediately effective and enforceable upon its entry.

24  6. The Court will retain jurisdiction to implement and enforce the terms of this Order.

**Dated:** December 12, 2025

Christopher D. Jaime, Chief Judge
United States Bankruptcy Court

---

³ To the extent that a Patient has filed a lawsuit against the Debtors, information about the lawsuit is not confidential and may be included in any relevant filings with this Court.