6

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:     (310) 598-4150
Facsimile:     (310) 556-9828

*Proposed Counsel to Oroville Hospital, et al.,
the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | Lead Case No. 25-26876 |
| OROVILLE HOSPITAL, *et al.*,[1] | Jointly Administered With: Case No. 25-26877 |
| Debtors and Debtors in Possession. | **DCN KCO-2** |
| | Chapter 11 |
| ☒  Affects All Debtors | Hon. Christopher D. Jaime |
| ☐  Affects Oroville Hospital<br>☐  Affects OroHealth Corporation: A Nonprofit Healthcare System | **Hearing Information** |
| Debtors and Debtors in Possession. | Hearing Date:  December 11, 2025<br>Hearing Time:  11:00 a.m.<br>Location:       Courtroom 32<br>                      501 I Street<br>                      Sacramento, California 95814 |

(AMENDED)
**INTERIM ORDER APPROVING DEBTORS' EMERGENCY MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, AND OTHER COMPENSATION, AND (B) CONTINUE EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

-1-

Upon the *Debtors' Emergency Motion For Entry of Interim and Final Orders (i) Authorizing the Debtors to (a) Pay Prepetition Wages, Salaries, and Other Compensation, and (b) Continue Employee Benefits Programs, and (ii) Granting Related Relief (*the "Motion");[2] §§ 105(a), 362(d), 363(b), and 507(a) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Rules 9014-1(f)(3) and (4) of the Local Rules of Practice, as more fully set forth in the Motion; and upon consideration of the *Declaration of Robert J. Wentz in Support of Debtors' Emergency Motion For Entry of Interim and Final Orders (i) Authorizing the Debtors to (a) Pay Prepetition Wages, Salaries, and Other Compensation, and (b) Continue Employee Benefits Programs, and (ii) Granting Related Relief*; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. §157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and hearing on the Motion (the "Interim Hearing") were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the Interim Hearing; and this Court having determined that the legal and factual bases set forth in the Motion and at the Interim Hearing establish just cause for the relief granted herein and is necessary to avoid immediate and irreparable harm pursuant to Bankruptcy Rule 6003; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on **January 12, 2026, at 10:00 a.m., prevailing Pacific Standard Time**. Any objections or responses to the

---

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herewith.

Motion shall be filed on or prior to **December 31, 2025**, and served on: (a) counsel for the Debtors Fox Rothschild LLP, 10250 Constellation Boulevard, Suite 900, Los Angeles, California 90067, Attn Keith C. Owens (kowens@foxrothschild.com) and Nicholas A. Koffroth (nkoffroth@foxrothschild.com); (b) the Office of the U.S. Trustee; (c) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis) filed in accordance with Bankruptcy Rule 1007(d) or the Official Committee of Unsecured Creditors (if appointed); (d) creditors that assert a security interest in the Debtor's real property or cash collateral; (e) the State of California through the Attorney General for the State of California; (f) the United States of America through the United States Attorney for the Eastern District of California; (g) the California Nurses Association; (h) the United Steelworkers Union; and (i) parties that file with the Court and serve upon the Debtor requests for notice of all maters in accordance with Bankruptcy Rule 2002(i). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing. Replies to any objections or responses shall be filed by **January 7, 2026**.

3. The Debtors are authorized, but not directed, to: (a) continue the Employee Compensation and Benefits Programs in the ordinary course of business during these Chapter 11 Cases and without the need for further Court approval, subject to applicable law; and (b) pay and honor prepetition amounts outstanding under or related to the Employee Compensation and Benefits Programs in the ordinary course of business.

4. Notwithstanding anything to the contrary herein, pending entry of the Final Order, the Debtors are authorized, but not directed, in their sole discretion, to pay, remit, or reimburse, as applicable, the following accrued prepetition amounts that may become due and owing prior to entry of the Final Order:

| Employee-Related Obligations | Interim Relief |
|---|---|
| Employee Compensation | $2,900,000 |
| Payroll Taxes | $3,000,000 |
| Employee Deductions | $216,000 |
| Unemployment Administration Fee | $5,500 |
| Reimbursable Expenses | $80,000 |

| Employee-Related Obligations | Interim Relief |
|---|---:|
| Primary Medical, Prescription Drug, Dental, and Vision Plans | $3,000,000 |
| Primary Life Insurance Plan (UNUM and Other) | $34,000 |
| Primary Other Health Benefits | $6,000 |
| CNA Medical and Prescription Drug Plan (Steelworkers Health) | $530,000 |
| Health Plan Administration Fees (Advantek) | $80,000 |
| Navia Administration Fee | $600 |
| Steelworkers Pension Trust (CNA) | $110,000 |
| Workers' Compensation Programs | $160,000 |
| **Total** | **$10,122,100** |

5. The Debtors are authorized, but not directed, to honor their existing policies for PTO Plans to the extent they permit continuing employees to use their prepetition accrued leave in the ordinary course of business and going forward.

6. The Debtors are also authorized, but not directed, to pay the Employees for unused PTO as permitted per Debtors' policy that accrued within the 180 days prior to the Petition Date so long as the total of payments already then made for prepetition Employee Obligations and any other wage-related payments do not exceed the per Employee $17,150 priority cap imposed by section 507(a)(4) of the Bankruptcy Code.

7. The Debtors are only authorized to pay prepetition claims entitled to priority, and within the statutory limit under section 507(a).

8. Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum and the Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amounts relating thereto in the ordinary course of business. This modification of the automatic stay pertains solely to claims under the Workers' Compensation Program.

9. Nothing contained herein is intended or should be construed to create an administrative priority claim on account of any obligations owed under any Employee

Compensation and Benefits Program.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11. The Debtors are authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to prepetition amounts owed in connection with the relief granted herein.

12. Notwithstanding anything to the contrary contained in the Motion or herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to and in accordance with any interim and final orders, as applicable, authorizing or approving any postpetition debtor-in-possession financing or use of cash collateral for the Debtors (such orders, the "DIP Order") and any budget in connection with any such post-petition debtor-in-possession financing or use of cash collateral authorized herein. To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control

13. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules, including Rules 9014-1(f)(3) and (4), are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated:** December 12, 2025

_____
Christopher D. Jaime, Chief Judge
United States Bankruptcy Court