KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
JESSICA I. NWASIKE (SBN 343087)
jnwasike@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:　(310) 598-4150
Facsimile:　　(310) 556-9829

*Proposed Counsel to Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In re: | Lead Case No. 25-26876 |
| OROVILLE HOSPITAL, *et al.*,[1] | Jointly Administered With: Case No. 25-26877 |
| Debtors and Debtors in Possession. | **DCN N/A** |
| | Chapter 11 |
| ☒　Affects All Debtors | Hon. Christopher D. Jaime |
| ☐　Affects Oroville Hospital<br>☐　Affects OroHealth Corporation: A Nonprofit Healthcare System | **Hearing Information** |
| Debtors and Debtors in Possession. | Hearing Date:　January 12, 2026<br>Hearing Time:　10:00 a.m.<br>Location:　　Courtroom 32<br>　　　　　　501 I Street, Sixth Floor<br>　　　　　　Sacramento, California 95814 |

**RESPONSE TO ORDER TO SHOW CAUSE AND CONSENT TO APPOINTMENT OF
PATIENT CARE OMBUDSMAN, PURSUANT TO 11 U.S.C. § 333(a)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

- 1 -

180534626.1

Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[2] hereby submit this response (the "Response") to the Court's *Order to Appear and Show Cause Why a Patient Care Ombudsman Should Not Be Appointed* [Docket No. 134] (the "OSC"). In support of the Response, the Debtors refer to the *Declaration of Robert J. Wentz in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration") and respectfully state as follows:

## I.

## FACTUAL BACKGROUND

**A.     General Background**

On December 8, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no committees have been appointed or designated.

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, 14 "flex" beds separately authorized by the California Department of Public Health on an annual basis, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville, Yuba City, and Chico, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations in Oroville, Yuba City, Chico, Grass Valley, Orland, and Redding. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors are exempt

---

[2] Unless otherwise defined herein, all references to "Section" and "§" refer to a section of the Bankruptcy Code.

from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, are set forth in the First Day Declaration.

**B.      Additional Facts Relevant to this Response**

On December 18, 2025, the Court issued the OSC that orders "that the debtor and, if represented, debtor's counsel, and the case trustee, if any, appear before the Court . . . and show cause why the Court should not order the appointment of a patient care ombudsman pursuant to 11 U.S.C. § 333(a).

The Debtors had previously contacted the Office of the United States Trustee in advance of the "first day" hearings to stipulate to the appointment of a patient care ombudsman in these Chapter 11 Cases. However, the Debtors understand that the policy of the Office of the United States Trustee in this Region is not to stipulate to such appointment. For the same reasons expressed to the Office of the United States Trustee, and as set forth more fully below, the Debtors agree that the appointment of a patient care ombudsman is appropriate under the facts of these Chapter 11 Cases.

## II.

## LEGAL ARGUMENT

Section 333 provides, in relevant part, as follows:

> If the debtor in a case under chapter 7, 9, or 11 is a health care business, the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case.

11 U.S.C. § 333(a)(1). Courts analyze the necessity of appointing a patient care ombudsman based on the specific facts of the case using a non-exclusive series of factors. *See In re Valley Health Sys.*, 381 B.R. 756, 761 (Bankr. C.D. Cal. 2008) (citing *In re Alternate Family Care*, 377 B.R. 754, 758 (Bankr. S.D. Fla. 2007); 3 Collier on Bankruptcy ¶ 333.02, at 333–4 (Alan N. Resnick & Henry J. Sommer eds., 15th ed.2007)). The weight accorded to each factor is left to the sound discretion of the court. *See id.*

The Debtors consent to the appointment of a patient care ombudsman in these Chapter 11 Cases. As set forth above, the Debtors operate a comprehensive health care system and intend to continue operations during their Chapter 11 Cases. *See* First Day Decl., at ¶ 8. As such, the Debtors each admitted in their petitions that they are healthcare businesses, as defined under §101(27A). *See* Docket No. 1 (Petition at 2). While the patient care is not among the causes of the Debtors' bankruptcy filings and has remained of high quality postpetition, it is common in large, operating healthcare cases for debtors to consent to the appointment of an ombudsman to ensure the Court and parties in interest an impartial monitor of patient care during the pendency of the cases. *See, e.g.*, *In re Beverly Cmty. Hosp. Assoc.*, 2:23-bk-12359, ECF Nos. 97, 125 (Bankr. C.D. Cal. Apr. 25, 2023) (stipulated order appointing patient care ombudsman); *In re Watsonville Hosp. Corp.*, 21-51477, ECF Nos. 140, 141 (Bankr. N.D. Cal. Jan. 4, 2022) (same); *In re Verity Health Sys. of Cal., Inc.*, 2:18-bk-20151, ECF Nos. 267, 283 (Bankr. C.D. Cal. Sept. 25, 2018) (same). Accordingly, the Debtors have no objection to the appointment of a patient care ombudsman in these Chapter 11 Cases.

### III.
### **RESERVATION OF RIGHTS**

The Debtors reserve the right to object to the appointment of any specific individual selected by the United States Trustee as the patient care ombudsman in these Chapter 11 Cases on any applicable individualized grounds, including, without limitation, lack of disinterestedness or lack of applicable skills required to adequately perform the duties of a patient care ombudsman.

[*The remainder of this page is intentionally blank.*]

## IV.

## **CONCLUSION**

For the reasons set forth herein, subject to the reservation of rights, the Debtors consent to the appointment of a patient care ombudsman in these Chapter 11 Cases.

Dated: December 29, 2025          **FOX ROTHSCHILD LLP**

*/s/ Nicholas A. Koffroth*
Keith C. Owens
Nicholas A. Koffroth
Jessica I. Nwasike
*Proposed Counsel to Oroville Hospital, et al., the Debtors and Debtors-in-Possession*