THOMAS G. MOUZES (SBN 099446)
BASHAR AHMAD (SBN 258619)
BOUTIN JONES INC.
Sacramento Offices
555 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 321-4444
Facsimile: (916) 441-7597
Email: tmouzes@boutinjones.com
       bahmad@boutinjones.com

Attorney for: Tri Counties Bank

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| In re: | **Bankruptcy Case No.:** 2025-26876 |
|---|---|
| OROVILLE HOSPITAL, et al., | **Docket Control Number:** NAK-7 |
| Debtors and Debtors-in-Possession. | Jointly administered with Case No.: 2025-26877 |
| ☒ Affects All Debtors | **Hearing Information** *(if applicable)*: |
| ☐ Affects Oroville Hospital | Hearing Date: January 12, 2026 |
| ☐ Affects OroHealth Corporation: A Nonprofit Healthcare System | Hearing Time: 10:00 a.m. |
| | Location: Dept B, Crtrm 32 |
| Debtor(s) | Judge: Honorable Christopher D. Jaime |
| | **Adversary Proceeding No.** *(if applicable)*: |
| | **Docket Control Number:** |
| v. | **Hearing Information** *(if applicable)*: |
| Plaintiff(s) | Hearing Date: |
| | Hearing Time: |
| | Location: |
| | Judge: |
| Defendant(s) | |

## CERTIFICATE OF SERVICE OF

**TRI COUNTIES BANK'S STATEMENT REGARDING DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED POST-PETITION FINANCING, (B) USE CASH COLLATERAL AND (C) GRANT LIENS AND PROVIDE SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (II) GRANTING ADEQUATE PROTECTION TO CERTAIN PREPETITION SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF; AND DEMAND FOR ADEQUATE PROTECTION**

1

I, the undersigned, certify and declare:

1. **Personal knowledge.** I am over the age of 18 years and not a party to the above-entitled case.

2. **Status.** I am ☐ an attorney of record in this case/adversary proceeding, or ☐ trustee, or ☑ my business/employer is <u>Boutin Jones Inc.</u> and my ☑ business address or ☐ mailing address if not a business is:

   <u>555 Capitol Mall, Suite 1500, Sacramento, CA 95814</u>

3. **About the Case/Proceeding.** (*Check at least one type of case/proceeding and as many subheadings thereunder as applicable.*)

   ☐ **Chapter 7 case** (*indicate below if subject to limited noticing; check all that are applicable.*)

       ☐ Rule 2002(h) Limited Noticing. Fed. R. Bankr. P. 2002(h); LBR 2002-3. (*Check all that are applicable.*)

           ☐ One of the following applies: (1) This is a voluntary asset case and at least 70 days have elapsed since the order for relief; (2) This is an involuntary asset case and at least 90 days have elapsed since the order for relief; (3) This is a no asset case and at least 90 days have elapsed since the mailing of the notice of time for filing claims under Fed. R. Bankr. P. 3002(c)(5).

           ☐ This case is subject to an order limiting service. Fed. R. Bankr. P. Rule 2002(m). The order limiting service is docketed at ECF no.____.

   ☐ **Chapter 12 or 13 case** (*indicate below if subject to limited noticing; check all that are applicable.*)

       ☐ Rule 2002(h) Limited Noticing. This case is subject to limited noticing because at least 70 days have elapsed since the order for relief. Fed. R. Bankr. P. 2002(h); LBR 2002-3.7.

       ☐ Rule 3015(h) Limited Noticing (post-confirmation plan modification only). This case is subject to limited noticing because the debtor(s) has confirmed at least one plan and the modified plan filed herewith neither lengthens the term of, nor diminishes the dividend due general unsecured creditors, from the most recently confirmed plan. Fed. R. Bankr. P. 3015(h); LBR 3015-1(d)(3).

       ☐ This case is subject to an order limiting service. Fed. R. Bankr. P. 2002(m). The order limiting service is docketed at ECF no.____.

   ☐ **Chapter 9 case** (*indicate below if subject to limited noticing*)

       ☐ This case is subject to an order limiting service. Fed. R. Bankr. P. 2002(m). The order limiting service is docketed at ECF no.____.

   ☑ **Chapter 11 case** (*indicate below if subject to limited noticing*)

       ☐ This case is subject to limited noticing because one or more creditors/equity holders committees have been appointed. Fed. R. Bankr. P. 2002(i); LBR 2002-4.

       ☐ This case is subject to an order limiting service. Fed. R. Bankr. P. 2002(m). The order limiting service is docketed at ECF no.____.

   ☐ **Chapter 15 case**

   ☐ **Adversary Proceeding**

4. **About the Documents Served**
   On <u>December 29</u>, 20<u>25</u>, by the method(s) specified below, the following documents were served (*list in space provided*):
   TRI COUNTIES BANK'S STATEMENT REGARDING DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED POST-PETITION FINANCING, (B) USE CASH COLLATERAL AND (C) GRANT LIENS AND PROVIDE SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (II) GRANTING ADEQUATE PROTECTION TO CERTAIN PREPETITION SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF; AND DEMAND FOR ADEQUATE PROTECTION

   **or** ☐ those documents described in the list appended hereto and numbered ***Attachment 4.***

5. **Who is Being Served**
   Unless otherwise indicated below, all indicated parties below have received all documents described in Section 4.

   ☐ Debtor(s)
   ☐ Plaintiff(s)
   ☐ Defendant(s)
   ☐ All committee members
   ☐ Equity security holders
   ☐ All creditors and parties in interest (Notice of Hearing only)
   ☐ Only creditors that have filed claims (Notice of Hearing only)
   ☐ All creditors and parties in interest

   ☐ Fewer than all creditors (*check at least one below*)
       ☐ Creditors that have filed claims
       ☐ Creditors holding allowed secured claims
       ☐ Creditors holding allowed priority unsecured claims
       ☐ Creditors holding leases or executory contracts that have been assumed
       ☐ 20 largest creditors
       ☐ Administrative claimants
       ☐ Other party(ies) in interest

6. **How Service is Accomplished**

    A. ☐ **Rule 7004 Service.** *(Check at least one, if applicable.)*

        1. ☐ **First Class Mail**

        Service was effected on those persons listed on the attachment by placing a true and correct copy of the document(s) served in a sealed envelope, first class mail, postage prepaid in the United States Postal Service (or in a place designated by the law firm or trustee for outgoing mail prior to the last regular pick up of outgoing mailing for the day) for each of the persons listed below. Fed. R. Bankr. P. 7004(b); 7004(g). A list of the persons served, including their name/capacity to receive service, and address is appended hereto and numbered *Attachment 6A-1*.

        2. ☐ **Certified Mail**

        Service was effected on those persons listed on the attachment by placing a true and correct copy of the document(s) served in a sealed envelope, certified mail, postage prepaid in the United States Postal Service (or in a place designated by the law firm or trustee for outgoing mail prior to the last regular pick up of outgoing mailing for the day) for each of the persons indicated below. Fed. R. Bankr. P. 7004(h). A list of the persons served, including their name/capacity to receive service, and address is appended hereto and numbered *Attachment 6A-2*.

        3. ☐ **Publication**

        Service was effected by publication as ordered by the court and docketed at ECF no.____. Fed. R. Bankr. P. 7004(c). Attestation(s) as to the manner and form of such publication is appended hereto and numbered *Attachment 6A-3*.

    B. ☑ **Rule 5 and Rules 7005, 9036 Service** *(Check as many as applicable.)*

    **Electronic Notice Recipients.** Attorneys and trustees that have appeared and parties who have requested notice per LBR 2018-1 are deemed to have received notice, Fed. R. Civ. P. 5, by filing the document with the Clerk of the Court, Fed. R. Bankr. 5005(a)(3)(A), 9036(b)(2),(c); LBR 9010-1, and separate notice is not required. Fed. R. Civ. P. 5(d)(1)(B), *incorp. by* Fed. R. Bankr. P. 7005, 9014(c).

    **Parties in Interest.** *(Check as many as are applicable, if any).* Parties in interest have been given notice in the following manner.

        1. ☐ **U.S. Mail**

        Service on those parties, listed below, was effected by placing a true and correct copy of the document(s) served in a sealed envelope, first class mail, postage prepaid in the United States Postal Service (or in a place designated by the law firm or trustee for outgoing mail prior to the last regular pick up of outgoing mailing for the day) for each of the persons indicated below. Fed. R. Civ. P. 5(b)(2)(c); Fed. R. Bankr. P. 9014.

          a. **Parties in interest**

            ☐ **Clerk's Matrix of Creditors**. A copy of the matrix of creditors maintained by the Clerk of the Court as applicable to this case and/or adversary proceeding is appended hereto and numbered *Attachment 6B-1*. Such list shall be downloaded not more than seven days prior to the date of filing of the pleadings and other documents and shall reflect the date of downloading.

            ☐ **List Other Than the Clerk's Matrix of Creditors**. Where service by U.S. Mail is effected on six or fewer parties in interest, parties may (but need not) use a service list. A copy of the custom service list is appended hereto and numbered *Attachment 6B-2*.

          b. ☐**Other Parties in Interest Checked in Section 5.** A list of the named and addresses of other parties in interest served (if checked in section 5 above) is appended hereto and numbered *Attachment 6B-3*.

        2. ☐ **Other Methods of Service**

        Specify the means of delivery. Fed. R. Civ. P. 5 (b)(2) (A), (B), (D), (F). A list of those persons so served and the addresses at which they are served is appended hereto and numbered *Attachment 6B-4.*

☐ I have used a third-party service company, i.e., _____, to assist me in effecting service. I have in my possession a signed certificate of service from that company and will produce that certificate of service on demand.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on <u>December 29</u>, 20<u>25</u>, at <u>Sacramento</u>　　<u>CA</u>.
　　　　　　　　　　　　　　　　　　　　　　　　City　　　　　　　　　State

<u>Carmelia V. Domingo</u>　　　　　　　　　<u>/s/ Carmelia V. Domingo</u>
Print Name　　　　　　　　　　　　　　　Signature