**25**

1  
2  KYRSTEN B. SKOGSTAD (SBN 281583)
3  CALIFORNIA NURSES ASSOCIATION
   LEGAL DEPARTMENT
   155 Grand Avenue
4  Oakland, CA 94612
   510-761-1522 (Telephone)
5  510-663-4822 (Facsimile)
   kskogstad@calnurses.org
6  
7  Attorney for
   CALIFORNIA NURSES ASSOCIATION
8  
        **UNITED STATES BANKRUPTCY COURT**
9        **EASTERN DISTRICT OF CALIFORNIA**
              **SACRAMENTO DIVISION**
10  

| | |
|---|---|
| In re: | Lead Case No. 25-26876 |
| OROVILLE HOSPITAL, *et al*., | Jointly Administered With: 25-26877 |
| Debtors and Debtors in Possession. | **DCN KCO-2** |
| | Chapter 11 |
| ☒ Affects All Debtors | Hon. Christopher D. Jaime |
| ☐ Affects Oroville Hospital | **EXHIBITS IN SUPPORT OF OBJECTION BY CREDITOR CALIFORNIA NURSES ASSOCIATION TO MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION EMPLOYEE WAGES AND SALARIES, AND OTHER COMPENSATION, AND (B) CONTINUE EMPLOYEE BENEFITS; AND (II) GRANTING RELATED RELIEF [DKT. NOS. 24, 104]** |
| ☐ Affects OroHealth Corporation: A Nonprofit Healthcare System | |
| Debtors and Debtors in Possession. | **Hearing:** **Date:** January 12, 2026 **Time:** 10:00 AM **Place:** Courtroom 32 501 I Street Sacramento, CA 95814 |

The California Nurses Association ("CNA"), a creditor and party in interest in the chapter 11 bankruptcy case of the above-captioned debtors and debtors-in-possession (the Debtors"), submits these *Exhibits in Support of Objection by Creditor California Nurses Association to Motion for Interim and Final Orders: (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages and Salaries, and Other Compensation, and (B) Continue Employee Benefits; And (II) Granting Related Relief [Dkt. Nos. 24, 104].*

| Exhibit | Description | Page(s) |
|---------|-------------|---------|
| A | Verity Health System of California Final First Day Wage and Benefit Order | 3 - 11 |
| B | Watsonville Hospital Corporation Final First Day Wage and Benefit Order | 12 - 19 |
| C | December 18th Email from Dawn Nevers | 20 - 25 |

DATED:  December 30, 2025　　　　　CALIFORNIA NURSES ASSOCIATION
　　　　　　　　　　　　　　　　　　　　LEGAL DEPARTMENT

　　　　　　　　　　　　　　　　　　　　 /s/ Kyrsten B. Skogstad
　　　　　　　　　　　　　　　　　　　　Kyrsten B. Skogstad
　　　　　　　　　　　　　　　　　　　　Attorney for
　　　　　　　　　　　　　　　　　　　　CALIFORNIA NURSES ASSOCIATION

**EXHIBIT A**

[Verity Health System of California Final First Day Wage and Benefit Order]

EXHIBITS ISO OF OBJECTION BY CREDITOR CALIF. NURSES ASSN TO INTERIM WAGE ORDER
Case No. 25-26876

1    SAMUEL R. MAIZEL (Bar No. 189301)
     samuel.maizel@dentons.com
2    JOHN A. MOE, II (Bar No. 066893)
     john.moe@dentons.com
3    TANIA M. MOYRON (Bar No. 235736)
     tania.moyron@dentons.com
4    DENTONS US LLP
     601 South Figueroa Street, Suite 2500
5    Los Angeles, California 90017-5704
     Tel: (213) 623-9300 / Fax: (213) 623-9924
6
     Proposed Attorneys for the Chapter 11 Debtors and
7    Debtors In Possession

**FILED & ENTERED**

**OCT 22 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

**CHANGES MADE BY COURT**

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

10   In re                                    Lead Case No. 2:18-bk-20151-ER

11   VERITY HEALTH SYSTEM OF                  Chapter 11
     CALIFORNIA, INC., *et al.*,
12                                            **FINAL ORDER GRANTING EMERGENCY
         Debtors and Debtors In Possession.  MOTION OF DEBTORS FOR ENTRY OF
13                                            ORDER: (I) AUTHORIZING THE DEBTORS TO
                                             (A) PAY PREPETITION EMPLOYEE WAGES
14   ☒ Affects All Debtors                   AND SALARIES, AND (B) PAY AND HONOR
                                             EMPLOYEE BENEFITS AND OTHER
15   ☐ Affects Verity Health System of       WORKFORCE OBLIGATIONS; AND
       California, Inc.                       (II) AUTHORIZING AND DIRECTING THE
16   ☐ Affects O'Connor Hospital             APPLICABLE BANK TO PAY ALL CHECKS
     ☐ Affects Saint Louise Regional Hospital AND ELECTRONIC PAYMENT REQUESTS
17   ☐ Affects St. Francis Medical Center     MADE BY THE DEBTORS RELATING TO THE
     ☐ Affects St. Vincent Medical Center     FOREGOING
18   ☐ Affects Seton Medical Center
     ☐ Affects O'Connor Hospital Foundation  Emergency Hearing:
19   ☐ Affects Saint Louise Regional Hospital
       Foundation                            Date:  October 3, 2018
20   ☐ Affects St. Francis Medical Center of  Time:  10:00 a.m.
       Lynwood Foundation                    Place: Courtroom 1568
21   ☐ Affects St. Vincent Foundation               U.S. Bankruptcy Court
     ☐ Affects St. Vincent Dialysis Center, Inc.    255 East Temple Street
22   ☐ Affects Seton Medical Center Foundation       Los Angeles, CA 90012
     ☐ Affects Verity Business Services      Judge: Hon. Ernest M. Robles
23   ☐ Affects Verity Medical Foundation
     ☐ Affects Verity Holdings, LLC
24   ☐ Affects De Paul Ventures, LLC
     ☐ Affects De Paul Ventures  - San Jose
25     Dialysis, LLC

26           Debtors and Debtors In Possession.

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109253910\V-4                      - 1 -                      CNA000004

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

The *Emergency Motion of Debtors for Entry of Order: (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages and Salaries, and (B) Pay and Honor Employee Benefits and Other Workforce Obligations; and (II) Authorizing and Directing the Applicable Bank to Pay All Checks and Electronic Payment Requests Made by the Debtors Relating to the Foregoing* (the "<u>Emergency Motion</u>")[1] [Dkt. 22] came on for hearing before the Honorable Ernest M. Robles, United States Bankruptcy Judge, in Courtroom 1568, United States Bankruptcy Court, 255 East Temple Street, Los Angeles, California 90012. The appearances at the hearing are as set forth on the record of the proceeding.

Having considered the Emergency Motion, the accompanying Memorandum of Points and Authorities in support of the Emergency Motion, and the Declaration of Richard G. Adcock in support of the Emergency Motion [Dkt. 8], the arguments of counsel at the hearing on September 5, 2018.

Having also considered *SEIU-UHW'S Objection to Emergency Motion for Order: (I) Authorizing the Debtors to (A) Pay Prepetition Employee Wages and Salaries and (B) Pay and Honor Employee Benefits and Other Workforce Obligations* [Dkt. 213], along with the *Declaration of Caitlin Gray* [Dkt. 214] and *Declaration of David Miller* [Dkt. 215] filed in support (collectively the "<u>SEIU-UHW Objection</u>"), the *Limited Objection of Retirement Plan for Hospital Employees to Emergency Motion of Debtors for Order (A) Authorizing the Debtors to Pay Prepetition Employee Wages and Benefits, Etc.* [Dkt. 229] (the "<u>RPHE Wage Objection</u>") which in turn incorporates *Objection of Retirement Plan for Hospital Employees to Motion of Debtors for Final Orders (A) Authorizing the Debtors to Obtain Post Petition Financing Etc.* [Dkt. 218] (the "<u>RPHE DIP Objection</u>," and collectively referred to along with the RPHE Wage Objection as the "<u>RPHE Objection</u>"), the *Objection by Creditor California Nurses Association to Motion for Entry of Final Order (I) Authorizing Debtors to (A) Pay Prepetition Employee Wages and Salaries and (B) Pay and Honor Employee Benefits and Other Workforce Obligations and (II) Authorizing and Directing the Applicable Bank to Pay All Checks and Electronic Payment*

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Emergency Motion.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   *Requests Made by the Debtors Relating to the Foregoing* [Dkt. 223] (the "<u>CNA Objection</u>"), the

2   *Limited Objection of UNAC to Debtors' Motion for Entry of Final Order to Pay Prepetition*

3   *Employee Wages, Etc.* [Dkt. 296]  (the "<u>UNAC Objection,</u>" and referred to along with the SEIU-

4   UHW Objection, RPHE Objection and CNA Objection as the "<u>Pension Related Objections</u>"), the

5   *Official Committee of Unsecured Creditors Response to the Employee Wage Motion* [Dkt. 315]

6   (the "<u>UCC Wage Response</u>," and referred to along with the Pension Related Objections as the

7   "<u>Objections</u>" and individually, an "<u>Objection</u>"), the *Debtors' Omnibus Response to [the Pension*

8   *Related] Objections* [Dkt. 310] (the "<u>Pension Related Response</u>") and the *Debtors' Reply to the*

9   *Official Committee of Unsecured Creditors' Response to the Employee Wage Motion* [Dkt. 351]

10  (the "<u>Reply to the UCC Response</u>," and referred to collectively with the Pension Related

11  Response as the "<u>Replies</u>,") along with all papers and exhibits filed therewith;

12  Having further considered the arguments of counsel, and finding that the Emergency

13  Motion and the relief it seeks is in compliance with the Bankruptcy Code, Bankruptcy Rules, and

14  Local Bankruptcy Rules;

15  IT IS HEREBY ORDERED that the Objections, to the extent not expressly resolved under

16  the terms of this Order, are OVERRULED.

17  IT IS FURTHER ORDERED that the Emergency Motion is GRANTED on a FINAL

18  BASIS as set forth in the Court's record and the concurrently-issued *Memorandum of Decision*

19  *(1) Overruling Objections to the (A) Prepetition Wages Motion and (B) Financing Motions and*

20  *(2) Denying Motion for Reconsideration of the Final Financing Order* ~~tentative ruling as set forth~~

21  ~~herein.~~

22  IT IS FURTHER ORDERED that the Debtors are authorized, in their sole discretion, to

23  do the following:

24  1.   To honor and pay all Wages for Employees of Verity Health Systems of

25  California, Inc., O'Connor Hospital, Saint Louise Regional Hospital, and St. Vincent Medical

26  Center that have been accruing commencing August 19, 2018, to the date of the Petition, payable

27  September 7, 2018, totaling approximately $11,560,517;

28

CNA000006

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

2.　　To honor and pay all Wages for Employees of Verity Medical Foundation that have been accruing commencing August 20, 2018, to the date of the Petition, payable September 7, 2018, totaling approximately $1,065,623;

3.　　To honor and pay all Wages for Employees of St. Francis Medical Center, Seton Medical Center and Seton Medical Center Coastside, and Verity Business Services that have been accruing commencing August 26, 2018, to the date of the Petition, payable September 13 and 14, 2018, totaling approximately $2,727,235;

4.　　To honor the collective bargaining agreements ("CBA") with SEIU, and remedy, through payment, any error identified by any Employee represented by SEIU regarding payroll made on August 30, 2018 on account of prepetition Wages; provided, however, that the Employee shall identify such errors within 24 hours of payroll in accordance with the terms of the CBA. For the avoidance of doubt, a Debtor will honor all valid CBAs to which it is a party and in accordance with law, and non-SEIU represented employees retain all rights to challenge payroll errors made regarding such prepetition Wages;

5.　　To pay to ADP, postpetition, the fees due ADP that arose prepetition, not to exceed $4,500;

6.　　To honor and pay all accrued and unpaid prepetition Withholding Obligations (whenever payable) totaling approximately $3,726,816;

7.　　To honor and pay accrued and unpaid prepetition Union Obligations (as that term is defined in the Motion) that arose within 180 days that totals approximately $176,526. To the extent there are other unpaid prepetition Union Obligations that constitute a priority claim under bankruptcy section §§ 507(a)(4) or (a)(5), they may be paid subject to availability under the priority cap of section §§ 507(a)(4) and (a)(5);

8.　　To honor and pay all unpaid prepetition Reimbursement Obligations to Employees totaling approximately $30,200;

9.　　To honor and pay any contractually agreed bonuses that accrued within 180 days prepetition when their services with the Debtors are terminated so long as the total of payments

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1    already then made for prepetition Employee Obligations and bonuses does not exceed $12,850

2    per Employee;

3         10.    For the avoidance of doubt, the Debtors are authorized to continue to pay

4    severance obligations to employees as they arise, consistent with the priority scheme set forth

5    under the Bankruptcy Code and the relevant severance policies, including (i) priority treatment

6    under section 507(a)(4) with respect to amounts that accrue prepetition (including rejection claim

7    damages that are deemed to have accrued immediately prior to the filing of bankruptcy); and

8    (ii) administrative expense treatment with respect to severance payments earned in their entirety

9    subsequent to the Petition Date. This provision does not obviate the limitations and requirements

10   of section 503(c) concerning severance payments to insiders, or the one year limitation on

11   employee wage claims contained under section 502(b)(7).

12        11.    To honor and pay the Paid Time Off ("PTO") and Extended Sick Leave ("ESL")

13   obligations that accrued prepetition, allowing Employees to utilize postpetition all prepetition

14   PTO and ESL in the ordinary course of the Debtors' business;

15        12.    To pay, in the Debtors' sole discretion, Employees for unused PTO and/or ESL, as

16   permitted per Hospital policy and relevant CBA terms, that accrued within 180 days prepetition

17   so long as the total of payments already then made for prepetition Employee Obligations and

18   PTO/ESL does not exceed $12,850 per Employee;

19        13.    To pay accrued and unpaid prepetition amounts relating to employee health

20   insurance as follows: (a) approximately $3,162,816 to Healthnow for claims against the self-

21   insured medical plans; (b) approximately $48,060 to Cigna and Delta Dental for claims against

22   the self-insured dental plans; (c) approximately $60,150 to VSP for claims against the self-

23   insured vision plans; and (d) any administration fees and premiums, and to deliver the

24   Employees' portion of any accrued and unpaid prepetition premiums to the corresponding

25   administrators in connection with the payment of the Wages and Withholding Obligations;

26        14.    To maintain the Debtors' self-insured and fully-insured medical, dental and vision

27   insurance plans, including to continue to pay, in their discretion and in the ordinary course of

28   their business, the administrative fees, medical, dental, and vision claims and premiums for all

109253910\V-4

CNA000008

health plans incurred postpetition; and to deliver the Employees' portion of any premiums to the corresponding administrators in connection with the payment of the Wages and Withholding Obligations; and to continue making contributions into the Local 39 Stationary Engineers' Health and Welfare Plan;

15.    To pay postpetition (when payable) any amounts that accrued prepetition for Continuation Health Coverage ("COBRA"), and to continue to perform any obligations related thereto in the ordinary course of business;

16.    To pay UNUM (when payable) the amount of approximately $209,838, including $34,983 held in trust from Employee contributions for Employee premium-based group life insurance and accidental death and disability ("AD&D") insurance; and Employee supplemental life and AD&D and voluntary programs;

17.    To pay Cigna (when payable) approximately $108,035 for short term disability coverage premiums and $110,643 for long term disability premiums;

18.    To continue to honor their workers' compensation insurance obligations, including paying Lockton and Sedwick in the ordinary course of their business;

19.    To pay Cigna (when payable) approximately $10,293 on account of prepetition claims under the Federal Medical Leave Act and California Family Rights Act;

20.    To pay Optum (when payable) approximately $13,507 on account of prepetition obligations accrued under an employee assistance program;

21.    To pay matching contributions of approximately $296,384 that accrued and remain unpaid as of the Petition Date for the Retirement Plans and to deliver the Employee contributions and administration fees held by the Debtors in trust;

22.    To the extent not expressly identified above, prepetition wages and benefits, including contributions that may be due or arise on all defined contribution plans and defined benefit plans, may be paid as a priority claim to the extent there is availability under the priority cap of §§ 507(a)(4) and (a)(5);

23.    To continue to honor, in their discretion and in the ordinary course of their business, miscellaneous employee benefit programs that are Employee-funded (e.g., cafeteria

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

109253910\V-4

CNA000009

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  plan, critical care insurance, pet insurance, auto and home insurance), and to distribute to third-

2  parties the payments for these programs in connection with the payment of Wages and

3  Withholding Obligations; and

4      24.    To continue to pay, in the ordinary course of their business, Employee-related

5  expenses and obligations that accrue postpetition in the ordinary course of the Debtors' business.

6  For the avoidance of doubt, this includes: postpetition contributions for active Employees into the

7  Local 39 Stationary Engineers' defined benefit pension plan and trust; contributions for active

8  California Nurses Association (CNA) represented Employees accruing new benefits into the

9  Retirement Plan for Hospital Employees and Verity Health System Retirement Plan A in the

10  amounts and on the dates set forth on the schedules attached to Declaration of Carlos De La Para

11  (Exhibit 1 to Dkt. 310); and wages and accruing benefits earned for postpetition work for active

12  Employees, including those represented by UNAC, CNA, Local 39 and SEIU-UHW.

13      IT IS FURTHER ORDERED that all the Debtors' banks – including Bank of America and

14  Wells Fargo – are authorized *and directed* to immediately do the following:

15      1.    To immediately unfreeze the Debtors' accounts, including their payroll and other

16  Employee-related disbursement accounts;

17      2.    With regard to the foregoing obligations, to debit the Debtor's accounts in the

18  ordinary course of business without need for further order of this Court for: (i) all checks, items,

19  and other payment orders drawn on the Debtor's accounts which are cashed at such Bank's

20  counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of

21  notice of filing of the Petition; (ii) all checks, automated clearing house entries, and other items

22  deposited or credited to one of Debtor's accounts with such bank prior to filing of the Petition

23  which have been dishonored, reversed, or returned unpaid for any reason, together with any fees

24  and costs in connection therewith, to the same extent the Debtor was responsible for such items

25  prior to filing of the Petition; and (iii) all undisputed prepetition amounts outstanding as of the

26  date hereof, if any, owed to any Bank as service charges for the maintenance of the Debtors' cash

27  management system;

28

109253910\V-4

CNA000010

3. For the avoidance of doubt, to honor all items presented against the Bank Accounts, whether originated prepetition or postpetition and whether or not authorized by other orders; and

4. To rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to filing of the Petition should be honored pursuant to this or any other order of this Court and the DIP Documents, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

###

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Date: October 22, 2018

Ernest M. Robles
United States Bankruptcy Judge

CNA000011

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**

[Watsonville Hospital Corporation Final First Day Wage and Benefit Order]

EXHIBITS ISO OF OBJECTION BY CREDITOR CALIF. NURSES ASSN TO INTERIM WAGE ORDER
Case No. 25-26876

Debra I. Grassgreen (CA Bar No. 169978)
Maxim B. Litvak (CA Bar No. 215852)
Steven W. Golden (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Market Plaza, Spear Tower, 40th Floor
San Francisco, CA 94105-1020
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: dgrassgreen@pszjlaw.com
mlitvak@pszjlaw.com
sgolden@pszjlaw.com

The following constitutes the order of the Court.
Signed: January 10, 2022

*M. Elaine Hammond*
_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

Attorneys for Debtors and
Debtors in Possession

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 21-51477 |
| WATSONVILLE HOSPITAL CORPORATION, *et al.*, | Chapter 11 (Jointly Administered) |
| Debtors.[1] | **FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, AND OTHER COMPENSATION, AND (B) PAY AND HONOR BENEFITS AND OTHER WORKFORCE OBLIGATIONS; (II) AUTHORIZING AND DIRECTING THE APPLICABLE BANKS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTORS RELATING TO THE FOREGOING; AND (III) GRANTING RELATED RELIEF** |
| | Date:    January 7, 2022 |
| | Time:    2:00 p.m. |
| | Place:   **Telephonic/Video Appearance Only** |
| | Judge:   Hon. M. Elaine Hammond |

Upon the *Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, and Other Compensation, and (B) Pay and Honor Benefits and Other Workforce Obligations; (II) Authorizing and Directing the Applicable Bank to Pay All Checks and Electronic*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Watsonville Hospital Corporation (4113); Watsonville Healthcare Management, LLC (4168); Watsonville Hospital Holdings, Inc. (1118); and Halsen Healthcare, LLC. The Debtors' business address is 75 Nielson Street, Watsonville, CA 95076.

CNA000013

*Payment Requests Made by the Debtors Relating to the Foregoing; and (III) Granting Related Relief* [Docket No. 11] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105, 362, 363, 507, 541, and 1129 of the Bankruptcy Code and Bankruptcy Rules 4001, 6003, and 6004, for interim and final orders: (a) authorizing the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses of the Hospital's Workforce and (ii) continue benefits programs and other Workforce obligations (including withholding obligations, maintenance of workers' compensation, and contributions to retirement plans); (b) authorizing and directing the applicable banks to pay all checks and electronic payment requests related to the foregoing; and (c) granting related relief, all as more fully set forth in the Motion; and the Court having found it has jurisdiction over this matter; and upon consideration of the First Day Declaration and Supplemental Second Day Declaration [Docket No. 126]; and the Court having found and determined that notice of the Motion is reasonable and sufficient under the circumstances, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted on a final basis as provided herein.

2.      The Debtors are authorized, but not directed, to pay prepetition amounts on account of Compensation and Benefits Programs, including all processing and administrative fees associated with payment of Compensation and Benefits Programs, subject to the aggregate caps set forth in the chart below, which shall replace and supersede all such caps previously established by any Order of this Court; *provided, however,* that the Debtors (i) shall not pay any insider (as such term is defined in section 101 of the Bankruptcy Code) in excess of $13,650 on account of prepetition obligations arising under the Compensation and Benefits Programs; and (ii) with respect to prepetition Compensation and Benefits Programs obligations owing to any individual non-insider Employee in excess of $13,650,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

CNA000014

may only pay up to $7,500 in the aggregate with respect to any amounts exceeding $13,650 per non-insider Employee.

| Compensation and Benefits Program | Final Amount |
|---|---|
| Prepetition Employee Wages | $1,600,000 |
| CHP Physician Compensation | $ 60,000 |
| Withholding Obligations | $ 950,000 |
| Hospital Tax Obligations | $ 155,000 |
| Expense Reimbursement | $ 150 |
| Traveling Nurse Compensation | $ 33,000 |
| Prepetition Kaiser Premiums | $ 50,000 |
| Employer 401(k) Obligations | $ 90,000 |

3.    The Debtors are authorized to allow Employees to use accrued prepetition Paid Leave postpetition in the ordinary course of business in the Debtors' discretion, consistent with existing Paid Leave policies. Nothing herein shall be deemed to authorize the Debtors to cash out any Employees' accrued Paid Leave upon such Employee's termination of employment with the Debtors; *provided, however*, that (i) the Debtors are authorized to cash out any unused Paid Leave accrued within the 180 days prior to the Petition Date upon such Employee's termination of employment, up to the applicable statutory cap(s) when aggregated with any other payments made to or on behalf of such Employee on account of prepetition Compensation and Benefits Program obligations, and (ii) the Debtors are authorized to cash out a non-separated Employee's prepetition Paid Leave accrued within the 180 days prior to the Petition Date, up to the applicable statutory cap(s) when aggregated with any other payments made to or on behalf of such Employee on account of prepetition Compensation and Benefits Program obligations, consistent with such Employee's right (pursuant to a CBA or otherwise), if any, to cash out Paid Leave.

4.    The Debtors are authorized to pay amounts arising under the Non-Insider Incentive Programs in the ordinary course of business and, in their discretion, to continue the Non-Insider Incentive Programs postpetition in the ordinary course of business.

5.    The Debtors are authorized to continue to administer and provide the Benefits Programs postpetition in the ordinary course of business in the manner and to the extent that such Benefits Programs were in effect immediately prior to the Petition Date, including to continue to honor and pay all Meritain Claims, RxBenefits Claims, Dental Claims, and Vision Claims reported and/or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

CNA000015

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

incurred postpetition in the ordinary course of business. Nothing herein shall be deemed to authorize the payment of any amounts which violate, implicate, or otherwise are subject to section 503(c) of the Bankruptcy Code.

6. The Banks are authorized and directed to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto in connection with this Order.

7. Notwithstanding anything to the contrary in this Order, the Debtors retain their right to modify or terminate any Compensation and Benefits Program to the extent that such right exists under the terms of the Compensation and Benefits Program or as may be authorized or required by applicable law; *provided, however*, that the Debtors (i) will continue to honor all Compensation and Benefits Programs under applicable CBAs to which they are a party unless and until they receive Court approval to terminate or modify such CBA pursuant to sections 1113 and/or 1114 of the Bankruptcy Code; and (ii) shall seek court approval, on notice, of any modification that would implicate any portion of section 503(c) of the Bankruptcy Code.

8. Pursuant to section 362(d) of the Bankruptcy Code, members of the Debtors' Workforce are authorized to proceed with their claims under the Workers' Compensation program in the appropriate judicial or administrative forum, and the Debtors are authorized, but not directed, to continue the Workers' Compensation program and pay all prepetition amounts relating thereto in the ordinary course. This modification of the automatic stay pertains solely to claims under the Workers' Compensation program.

9. Nothing in this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors or their estates; (ii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates to contest the validity, priority, or amount of any claim against the Debtors, their estates, or any party in interest; (iii) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors or their estates with respect to any and all claims or causes of action against any third party; or (iv) shall be construed as a promise to pay a claim or continue any applicable program post-petition, which decision shall be in the discretion of the Debtors, in consultation with

CNA000016

1　the DIP Lender and the Committee.  Any payment made pursuant to this Order is not intended to be

2　nor should it be construed as an admission as to the validity of any claim or a waiver of the Debtors'

3　or any party in interest's rights to subsequently dispute such claim.

4　　　　　　10.　　Notwithstanding the relief granted herein or any actions taken hereunder, nothing

5　contained in this Order shall create any rights in favor of, or enhance, limit, or change the status of,

6　any claim held by any member of the Workforce or other person.

7　　　　　　11.　　Notwithstanding anything to the contrary contained herein, any payment made or to be

8　made under this Order, any authorization contained in this Order, or any claim for which payment is

9　authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders

10　of this Court approving any debtor in possession financing and/or use of cash collateral by the Debtors

11　and any budget in connection therewith.

12　　　　　　12.　　The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

13　　　　　　13.　　Notice of the Motion as provided therein shall be deemed good and sufficient notice of

14　such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the

15　Bankruptcy Local Rules are satisfied by such notice.

16　　　　　　14.　　Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and

17　conditions of this Order shall be immediately effective and enforceable upon its entry.

18　　　　　　15.　　The Debtors are authorized to take all such actions as are necessary or appropriate to

19　implement the terms of this Order.

20　　　　　　16.　　The Court shall retain jurisdiction to hear and determine all matters arising from the

21　implementation or interpretation of this Order.

22

23　Approved as to Form:

24　The Office of the United States Trustee

25　*/s/ Jason Blumberg*

26　By:  Jason Blumberg
　　Trial Attorney for the United States Trustee

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

CNA000017

Approved as to Form:

The Official Committee of Unsecured Creditors

*/s/ Boris Mankovetskiy*
By:  Boris Mankovetskiy
Sills Cummis & Gross, P.C.
Counsel for the Committee

California Nurses Association

*/s/ Kyrsten Skogstad*
By:  Kyrsten Skogstad

**END OF ORDER**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

CNA000018

1     COURT SERVICE LIST

2     All ECF Parties.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

CNA000019

**EXHIBIT C**

[December 18th Email from Dawn Nevers]

EXHIBITS ISO OF OBJECTION BY CREDITOR CALIF. NURSES ASSN TO INTERIM WAGE ORDER
Case No. 25-26876

**From:** Dawn Nevers <dnevers@orohosp.com>
**Sent:** Thursday, December 18, 2025 1:09:23 PM
**To:** Kim Jakab <KJakab@CalNurses.Org>
**Cc:** Scott Chappie <schapple@orohosp.com>; Edie Fischer <efischer@orohosp.com>;
Eric Smith <ericsmithrn@gmail.com>; Christy Dolz <CDOLZRN@GMAIL.COM>; Amihan
Milman <AMilman@CalNurses.Org>; Shawn Bartlett <SBartlett@CalNurses.Org>; Anne
Stewart <AStewart@CalNurses.Org>; See Vang <svang0011@outlook.com>
**Subject:** RE: Meeting request and step two grievance

Good afternoon, Kim,

The information you have received is incorrect. With the Bankruptcy came a one-time
cap of $17,150 for all employees for the time in which the Chapter 11 Bankruptcy was
filed on Monday, December 8th, 2025.  This one-time cap includes the hours worked in
the remainder of Pay Period #26, which is deducted from the $17,150 cap and the
remaining balance will then be calculated out by their rate of pay and that will be their
vacation, holidays, etc.

You are correct, the bargaining agreement is intact during this time.  The intent was not
to discontinue the processing of CEs and Pro Funds, but rather to give the employees
the option to use them or not, knowing they would be deducted from the $17,150 cap.

I am available to meet tomorrow or Monday after 11:00am through the end of the day.

Thank you and kindest regards,

**Dawn Nevers**
Director of Human Resources
Oroville Hospital
2450 Oro Dam Blvd, Oroville, CA
O: 530-712-2199  M: (530) 716-0903  F: 530-712-2111
**dnevers@orohosp.com**

CNA000021



*This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for the delivery of this message to the intended recipient(s), you are hereby notified that any disclosure, copying, distribution, or use of this e-mail is prohibited. If you have received this message in error, please notify the sender immediately by e-mail and delete this e-mail message from your computer.*

**From:** Kim Jakab <KJakab@CalNurses.Org>
**Sent:** 18 December, 2025 08:09
**To:** Dawn Nevers <dnevers@orohosp.com>
**Cc:** Scott Chapple <schapple@orohosp.com>; Edie Fischer <efischer@orohosp.com>; Eric Smith <ericsmithrn@gmail.com>; Christy Dolz <CDOLZRN@GMAIL.COM>; Amihan Milman <AMilman@CalNurses.Org>; Shawn Bartlett <SBartlett@CalNurses.Org>; Anne Stewart <AStewart@CalNurses.Org>; See Vang <svang0011@outlook.com>
**Subject:** [EXTERNAL] Meeting request and step two grievance

Good morning Dawn,

The union has been made aware the continuing education and education fund benefits in our contract are frozen and can no longer be used by our members. During this bankruptcy process, the collective bargaining agreement between CNA and Oroville Hospital remains intact. All terms and conditions of the contract remain in force, and the union demands that all wages, benefits, and working conditions remain intact. If the employer intends to change any of these conditions, the union must receive notice from the employer to meet and bargain.

We still have not received a response about meeting regarding the bankruptcy. Please respond.

Please consider this email as a second step grievance regarding the CE and education, fund benefits, and provide availability to meet.

Thank you,

Kim Jakab

CNA000022

CNA Labor Representative

(747) 270-9280

Sent from my iPhone. Pardon any spelling or grammatical errors.

---

**From:** Kim Jakab <KJakab@CalNurses.Org>
**Sent:** Monday, December 15, 2025 2:38:55 PM
**To:** Dawn Nevers <dnevers@orohosp.com>
**Cc:** Scott Chapple <schapple@orohosp.com>; Edie Fischer <efischer@orohosp.com>; Eric Smith <ericsmithrn@gmail.com>; Christy Dolz <CDOLZRN@GMAIL.COM>
**Subject:** Re: Meeting request

Good afternoon,

Are you all available to schedule a meeting this week to discuss the hearing and information that has been gathered? If it is more convenient, we can schedule it on Zoom. I will be out of the office beginning Friday the 19th and returning on December 29.
Thank you,

Kim Jakab
CNA Labor Representative
(747) 270-9280

Sent from my iPhone. Pardon any spelling or grammatical errors.

---

**From:** Dawn Nevers <dnevers@orohosp.com>
**Sent:** Tuesday, December 9, 2025 3:09:34 PM
**To:** Kim Jakab <KJakab@CalNurses.Org>
**Cc:** Scott Chapple <schapple@orohosp.com>; Edie Fischer <efischer@orohosp.com>; Eric Smith <ericsmithrn@gmail.com>; Christy Dolz <CDOLZRN@GMAIL.COM>
**Subject:** RE: Meeting request

Hi Kim,

While I completely understand the desire to discuss the newest developments regarding the hospital, we do not have any concrete answers at this time and it is important to not create any confusion with an already complex matter. I cannot promise a meeting this week, and at best, the end of next week may be a consideration.  As we know more and have answers to provide, I will do so. For now, I request your patience with the process so we may gather information. Thank you.

Thank you and kindest regards,

**Dawn Nevers**
Director of Human Resources
Oroville Hospital
2450 Oro Dam Blvd, Oroville, CA
O: 530-712-2199  M: (530) 716-0903  F: 530-712-2111
**dnevers@orohosp.com**
<image001.png>

*This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for the delivery of this message to the intended recipient(s), you are hereby notified that any disclosure, copying, distribution, or use of this e-mail is prohibited. If you have received this message in error, please notify the sender immediately by e-mail and delete this e-mail message from your computer.*

---

**From:** Kim Jakab <KJakab@CalNurses.Org>
**Sent:** 9 December, 2025 13:05
**To:** Dawn Nevers <dnevers@orohosp.com>
**Cc:** Scott Chapple <schapple@orohosp.com>; Edie Fischer <efischer@orohosp.com>; Eric Smith <ericsmithrn@gmail.com>; Christy Dolz <CDOLZRN@GMAIL.COM>
**Subject:** [EXTERNAL] Meeting request

Hi Dawn,
I would like to propose a Meeting to discuss the newest developments regarding Oroville Hospital. I have a zoom meeting set up to talk with nurses tomorrow, and I Will let them know The limited information I have. This is mostly to calm nerves and it will also help if I can let them know that we will be meeting to get specifics. It is important to have a couple nurse reps attend so I've included Eric Smith and Christy Dolz.
Please provide Availability. We can also do a Zoom meeting.

Thank you,

Kim Jakab
CNA Labor Representative
(747) 270-9280

Sent from my iPhone. Pardon any spelling or grammatical errors.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

CNA000024

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.