**5**
Michael S. Myers (Ca. Bar No. 305011)
Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2909
Email: myersms@ballardspahr.com
Telephone: 424.204.4400
Facsimile: 424.204.4350

*Attorney for First-Citizens Bank & Trust Company*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re OROVILLE HOSPITAL, *et al.*,[1] <br><br> Affects: <br><br> ☒ All Debtors <br> ☐ Oroville Hospital <br> ☐ Orohealth Corporation: A Nonprofit Healthcare System | Lead Case No. 25-26876 <br> Jointly Administered with <br> Case No. 25-26877 <br><br> DCN: NAK-7 <br><br> Chapter 11 <br> Hon. Christopher D. Jaime <br><br> Date: January 12, 2026 <br> Time: 10:00 a.m. <br> Court: 501 I Street, <br> Courtroom 33 <br> Sacramento, California 95814 |

**LIMITED OBJECTION OF FIRST-CITIZENS BANK & TRUST COMPANY TO DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) OBTAIN SENIOR SECURED POSTPETITION FINANCING, (B) USE CASH COLLATERAL, AND (C) GRANT LIENS AND PROVIDE SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (II) GRANTING ADEQUATE PROTECTION TO CERTAIN PREPETITION SECURED PARTIES; (III) MODIFYING THE AUTOMATIC STAY; AND (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

1

First-Citizens Bank & Trust Company ("FCB") respectfully submits this Limited Objection to the *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Provide Superpriority Administrative Expense Claims; (II) Granting Adequate Protection to Certain Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief*, dated December 9, 2025 [Dkt. No. 58] (the "DIP Motion"), filed by the above-captioned Debtors and Debtors-in-Possession ("Debtors") in the above-captioned jointly administered chapter 11 bankruptcy case (the "Bankruptcy Case"). In support of this Limited Objection, FCB respectfully states as follows:

## STATEMENT OF FACTS

1. The Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on December 8, 2024 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court").

2. Prior to the Petition Date, FCB extended loans to the Debtors related to certain real property (the "Real Property Loans").

3. FCB also leases certain equipment (the "FCB Equipment") owned by FCB and leased to the Debtors pursuant to a Master Lease Agreement ("MLA") and certain Lease Schedules (the "Schedules", and collectively with the MLA, the "Equipment Leases").

4. The Debtors have also granted a security interest in the FCB Equipment to FCB, to the extent the Equipment Leases are deemed to create a security interest instead of a true lease.

5. Pursuant to the DIP Motion, the Debtors seek the entry of orders authorizing the Debtors to, among other things, obtain senior secured postpetition financing and approval to enter into a delayed draw term loan credit facility (the "DIP Facility") provided by one or more lenders to the DIP Facility (the "DIP Lender").

6. The Bankruptcy Court has entered an interim order [Dkt. No. 93] and amended interim order [Dkt. No. 112] (the "Amended Interim Order") approving the DIP Motion.

7. As security for the repayment of the Debtors' obligations under the DIP Facility, the Debtors seek perfected liens (the "DIP Liens") that prime existing liens subject to a Carve Out and Permitted Priority Liens.

8. Those Permitted Priority Liens include, amongst others, FCB's Real Property Loans to the Debtors.

9. The Amended Interim Order also included in the Permitted Priority Liens "any properly perfected lien of Tri-Counties Bank in equipment that was not released as of the Petition Date." Amended Interim Order, Schedule II.

10. The Amended Interim Order did not, however, include the FCB Equipment or the Equipment Leases in the definition of "Permitted Priority Liens."

11. Counsel for FCB will confer with Debtor's counsel about extending the definition of Permitted Priority Liens to include the FCB Equipment Leases as Debtor has with Tri-Counties Bank. However, out of an abundance of caution, FCB files this Limited Objection.

## ARGUMENT

The FCB Equipment is owned by FCB and leased to the Debtors under the Equipment Leases. As such, the Debtors cannot encumber the FCB Equipment with the DIP Lien. *See*, *e.g., In re Cool Springs LLC*, 657 B.R. 767, 775 (Bankr. D. Del. 2024) ("It is hornbook law that the debtor can only grant a security interest in whatever rights he has in the collateral.") (citing *In re Ferandos,* 402 F.3d. 147, 156 (3rd Cir. 2005)). The DIP Motion does not discuss the FCB Equipment Leases or FCB Equipment, which indicates that the Debtors do not believe they own the FCB Equipment such that they could encumber that equipment with the DIP Lien. However, to the extent that the FCB Equipment is determined to be owned by the Debtors such that FCB has a properly perfected security interest in the FCB Equipment, that equipment and the Equipment

Leases should be included in the Permitted Priority Liens, just as the Debtors have done with FCB's Real Property Loans and the Tri-Counties Bank equipment loans/leases.

If the Debtors are seeking to prime FCB's security interest in the FCB Equipment, FCB objects to such relief. Section 364(d) provides that a court may authorize a priming lien only if "(A) the trustee is unable to obtain such credit otherwise; and (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted." 11 U.S.C. § 364(d)(1). "In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection." 11 U.S.C. § 364(d)(2). "[G]ranting post-petition financing on a priming basis is extraordinary and is allowed only as a last resort." *In re YL West 87th Holdings I LLC*, 423 B.R. 421, 441 (Bankr. S.D.N.Y. 2010) (citations omitted); *see also Bland v. Farmworker Creditors,* 308 B.R. 109, 115 (S.D. Ga. 2003) (internal quotation marks and citation omitted) ("[T]he '§ 364(d) process' is considered rare and extraordinary ...."); *In re Seth Co., Inc*., 281 B.R. 150, 153 (Bankr. D. Conn. 2002) (citations omitted) ("The ability to prime an existing lien is extraordinary, and in addition to the requirement that the [debtor-in-possession] be unable to otherwise obtain the credit, the [debtor-in-possession] must provide adequate protection for the interest of the holder of the existing lien[.]"); *In re Qualitech Steel Corp*., 276 F.3d 245, 248 (7th Cir. 2001) (citation omitted) ("Section 364(d) is supposed to be a last resort. The statutory text itself conveys that message[.]") (citations omitted). FCB would submit that the Debtors have not met their burden to prime FCB's security interest in the FCB Equipment, if that is the relief Debtors are seeking, as Debtors have not offered any adequate protection to FCB related to the Equipment Leases and FCB Equipment.

FCB seeks confirmation that the Equipment Leases will be included in the Permitted Priority Liens. However, to the extent Debtors claim ownership of the FCB Equipment and seek to prime FCB's security interest in that equipment, FCB objects.

## RESERVATION OF RIGHTS

FCB respectfully reserves the right to supplement or amend this Limited Objection, including raising any additional objections or new argument(s) in support of this Limited Objection, as well as to join in any other response or objection filed by any other party in interest in the Bankruptcy Case, at any point in time prior to or at any scheduled hearing(s) on the DIP Motion.

## CONCLUSION

FCB requests that the Debtors include the Equipment Leases in the Permitted Priority Liens, as they have done with FCB's Real Property Loans and the Tri-Counties Bank equipment liens. Alternatively, if the Debtors will not agree to include the Equipment Leases in the Permitted Priority Liens and it is determined that the FCB Equipment is property of the Debtors, FCB requests that the Court deny a lien on the FBC Equipment in favor of the DIP Lender that is equal or senior to FCB's security interest in the FCB Equipment.

DATED: December 31, 2025  BALLARD SPAHR LLP

*/s/ Michael S. Myers*
Michael S. Myers
Attorney for First-Citizens Bank & Trust Company