6

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:      (310) 598-4150
Facsimile:      (310) 556-9829

*Proposed Counsel to Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors<br>in Possession.<br><br>---<br><br>☒  Affects All Debtors<br><br>☐  Affects Oroville Hospital<br>☐  Affects OroHealth Corporation: A Nonprofit<br>Healthcare System<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-3**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>**Hearing Information**<br><br>Hearing Date:   January 12, 2026<br>Hearing Time:  10:00 a.m.<br>Location:         Courtroom 32<br>501 I Street, Sixth Floor<br>Sacramento, California 95814 |

**OMNIBUS REPLY IN SUPPORT OF**
**DEBTORS' EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (I)**
**AUTHORIZING THE DEBTORS TO (A) MAINTAIN EXISTING BANK ACCOUNTS;**
**(B) CONTINUE USE OF CASH MANAGEMENT SYSTEM; (C) CONTINUE USE OF**
**BUSINESS FORMS; (D) PERFORM INTERCOMPANY TRANSACTIONS; (E)**
**CONTINUE CREDIT CARD PROGRAM; (F) HONOR CERTAIN PREPETITION**
**OBLIGATIONS RELATED THERETO; AND (G) CONTINUE ISSUING PATIENT**
**REFUNDS; (II) WAIVING REQUIREMENTS OF LBR 2015-1; (III) GRANTING**
**LIMITED WAIVER OF SECTION 345(b) DEPOSIT REQUIREMENTS;**
**(IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

180789439.1

1    Oroville Hospital (the "Hospital"), and OroHealth Corporation ("OroHealth), the above-

2   referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned

3   bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code

4   (the "Bankruptcy Code"),[2] hereby submit this reply to the objections filed by Peter C. Anderson, the

5   United States Trustee for Region 17 (the "UST") [Docket No. 165] (the "UST Objection") and

6   Commerce Bank ("Commerce") [Docket No. 173] (the "Commerce Objection" and, together with

7   the UST Objection, the "Objections") to the *Debtors' Emergency Motion for Interim and Final*

8   *Orders (I) Authorizing the Debtors to (A) Maintain Existing Bank Accounts; (B) Continue Use of*

9   *Cash Management System; (C) Continue Use of Business Forms; (D) Perform Intercompany*

10   *Transactions; (E) Continue Credit Card Program; (F) Honor Certain Prepetition Obligations*

11   *Related Thereto; and (G) Continue Issuing Patient Refunds (II) Waiting Requirements of LBR 2015-*

12   *1; (III) Granting Limited Waiver of Section 345(b) Deposit Requirements; (IV) Scheduling a Final*

13   *Hearing; and () Granting Related Relief* [Docket No. 28] (the "Motion").[3]  In support of this Reply,

14   the Debtors refer to the pleadings on file in these Chapter 11 Cases with respect to the Motion and

15   respectfully state as follows:

16                                                I.

17                                            **REPLY**

18         The Debtors received two Objections to the Motion addressed more fully herein.  With respect

19   to the UST Objection, the Debtors submit that the UST Objection simply reasserts the objections

20   previously overruled by the Court at the interim hearing on the Moton and should be overruled on the

21   same grounds.  With respect to the Commerce Objection, the Debtors and Commerce have negotiated

22   language to be included in the final order granting the Motion that the Debtors believe will resolve

23   the Commerce Objection.  For the reasons set forth more fully below, the Debtors submit that the

24   Motion should be granted on a final basis.

25

26   _____

[2] Unless otherwise defined herein, all references to "Section" and "§" refer to a section of the
27   Bankruptcy Code.

28   [3] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

180789439.1

**A.**      <u>**Response to the UST Objection**</u>

The UST Objections reassert the same objections previously asserted in the UST' objections [Docket No. 81] (the "<u>Initial Objection</u>") to interim relief that were previously overruled by the Court. Specifically, the UST contended that the Debtors failed to meet their burden to establish the propriety of a § 345(b) waiver. The UST had requested that certain bank accounts be designated as debtor-in-possession accounts, close accounts at non-authorized depositories, unless the institution becomes authorized, or alternatively sweep $250,000 from non-authorized accounts into authorized debtor in possession accounts. *See* Initial Obj. ¶¶ 24-25.

The Court should overrule the Objection for the same reasons as previously overruled in the interim order. The facts and circumstances that existed as of the Petition Date continue to exist today with respect to the Bank Accounts. Namely, the risk of delay and operational disruptions associated with changing the Debtors' complex cash management system far outweigh the relative benefits of strict compliance with § 345(b). By way of example, transitioning certain of the Debtors' receipts Bank Accounts related to government payments—critical to the Debtors' liquidity—would potentially cause reimbursement delays that would materially impact the Debtors' ability to operate during these Chapter 11 Cases. *See, e.g.*, Gumbs Decl., at ¶¶ 26-27. Similarly, the Debtors' payroll, tax, and vendor payment systems are integrated into the Debtors' cash management system and may be disrupted in the event the Debtors are required to modify their cash management system. *See id.*, at ¶ 11. By contrast, the Debtors have submitted evidence that the Bank Accounts at depositories not already on the UST's approved depository list are (except for one) FDIC insured and that all of the depositories are well-capitalized and financially stable institutions. *See id.*, at ¶ 35-39. Moreover, the Debtors have submitted evidence that they maintain robust internal controls over their cash management system that provides sufficient transparency into the Debtors' operations. The UST has not presented contrary evidence to dispute the potential risks associated with modifying the Debtors' cash management system or to challenge the financial viability of the non-approved depositories. As such the concern § 345(b) is intended to address is not present for the depositories at which the Debtors maintain the Bank Accounts.

In addition to the evidence in support of the Motion, the Debtors now have a postpetition

180789439.1

obligation to maintain their current cash management system.  In the interim order [Docket No. 112]

(the "Interim DIP Order") approving postpetition financing and use of cash collateral, the order and

postpetition lenders require the following to secure the Debtors' postpetition obligations:

> The Debtors shall maintain their existing cash management system to the extent set forth in the DIP Loan Documents unless the DIP Lender, in its sole and absolute discretion, consents in writing to any proposed modification to such cash management system; provided, however, that the Debtors shall be authorized, at the direction of the DIP Lender, to enter into amendments to their existing cash management agreements. The DIP Lender shall be deemed without any further action of any kind, to have "control" over all of the Debtors' deposit accounts.

*See* Interim DIP Order at 15.  While the UST has objected [Docket No. 164] to entry of final relief,

the UST does not object to this provision.  The Debtors cannot be simultaneously bound to maintain

their current cash management system under the Interim DIP Order (and any subsequent final order)

and simultaneously modify their cash management system consistent with the UST Objection to the

Motion.  Accordingly, for the reasons set forth herein and as set forth more fully in the Motion, the

Debtors submit that the UST Objection should be overruled.

**B.        Proposed Resolution of the Commerce Objection**

The Debtors and Commerce have negotiated the following proposed language to be included

in the order granting final relief on the Motion:

> Debtor Oroville Hospital is the primary obligor under the Corporate Card Program. Debtor Oroville Hospital maintains a Certificate of Deposit Account Number ending 0053  (the "CD") with Commerce Bank, a Missouri state-chartered bank and trust company (F/K/A Commerce Bank, N.A.) ("Commerce"). As of the Petition Date, the CD was valued at $413,991.00, and the Corporate Card Program had a cumulative balance of $1,070.00 (the "Corporate Card Program Pre-Petition Balance"). The purpose of the CD is to cash secure account balances incurred from the use of the Corporate Card Program. Commerce agreed to allow additional post-petition use of the Corporate Cards up to Ten Thousand Dollars ($10,000.00) on the basis that such usage remains cash secured and constitutes an administrative expense of the Debtors' bankruptcy estates. Commerce agreed to allow additional post-petition use of the Purchase Card Program up to Forty Thousand Dollars ($40,000.00) on the basis that that such usage remains cash secured and constitutes an administrative expense of the Debtors' bankruptcy estates.  The automatic stay is hereby modified to permit Commerce Bank, and Commerce Bank is hereby authorized, to immediately apply the balance of the CD to the outstanding balances of the Corporate Card Program including, without limitation, the Corporate Card Program Pre-Petition Balance if payment is not

4

otherwise paid by the regular due date. Further, post-petition use of the Corporate Card Program shall constitute an administrative expense of the bankruptcy estates. Debtor Oroville Hospital shall make its regular weekly payments on the outstanding balances due under the Corporate Card Program. If Debtor Oroville Hospital fails to timely make its weekly payments and such payments remain outstanding for more than seven calendar days, then Commerce is authorized to immediately suspend all availability under the Corporate Card Program and apply the CD to pay any outstanding balances due under the Corporate Card Program.

Pursuant to sections 105(a), 363(c)(1), and 364 of the Bankruptcy Code, the Debtors are hereby authorized to continue to utilize the Corporate Card Program pursuant to the terms of this Order and the underlying agreements with Commerce. In addition to its valid rights of setoff and administrative claim status, Commerce shall have a first priority security interest in the CD, which is deemed effective and perfected as of the Petition Date without the necessity for the execution or recordation of filings of security agreements, control agreements, pledge agreements, financing statements, or similar documents; provided, however, Debtors shall execute a new Assignment of Deposit Account. The overall credit limit on the Corporate Card Program shall be the lesser of (i) Four Hundred Fourteen Thousand Dollars ($414,000.00) or (ii) an amount equal to the balance of the CD. At no time shall the overall credit limit of the Corporate Card Program exceed the balance of the CD.

The Debtors understand that this resolves the Commerce Objection.

## II.

## RESERVATION OF RIGHTS

The Debtors reserve the right to submit additional documents, declarations, exhibits and other supporting documents and evidence in connection with the hearing on the Motion. While the objections to the Motion are limited to those raised timely in the Objections, the Debtors reserve the right to respond to any additional or late-filed objections and to argue they are untimely and should not be considered.

## III.

## CONCLUSION

Based on the foregoing, the Debtors respectfully request that this Court: (i) grant the Motion and enter a Final Order substantially in the form attached as Exhibit B to the List of Exhibit filed as Docket No. 31, as modified herein; (ii) overrule the Objections; and (iii) grant the Debtors such other and further relief as the Court deems just and proper.

5

180789439.1

Dated: January 7, 2026

**FOX ROTHSCHILD LLP**


*/s/ Nicholas A. Koffroth*
Keith C. Owens
Nicholas A. Koffroth
*Proposed Counsel to Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

6

180789439.1