2

ERIC GRANT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4019
Electronic mail: jeffrey.lodge@usdoj.gov

Attorneys for United States Department of Health and Human Services, Creditor

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>OROVILLE HOSPITAL,<br>　*et al.*,<br><br>　　　　　　　　　　Debtors, | Lead Case No. 25-26876-B<br>Chapter 11<br><br>Jointly Administered With:<br>Case No. 25-26877-B |
| ☐　Affects All Debtors<br><br>☒　Affects Oroville Hospital<br><br>☐　Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>　　　　　　　　　　Debtors, | DCN: USA-1<br><br>Date:　February 17, 2026 [OST]<br>Time: 11:00 a.m.<br>CrtRoom: 32, Dept. B<br>Judge: Honorable Christopher D. Jaime |

**COUNTERMOTION OF THE UNITED STATES FOR RELIEF FROM STAY**

The United States Department of Health and Human Services ("HHS"), by and through the United States Attorney for the Eastern District of California, in response to the Debtors' motion for turnover (DCN: NAK-16, Dkt. 409-413; 417) moves for modification of the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) to enable it to retain $1,769,096.54 as an offset recognized by 11 U.S.C. § 553. The United States has mutual pre-petition debt from two settlement agreements. Dkt. 413, Ex. B

1

UNITED STATES' COUNTERMOTION FOR RELIEF
FROM THE AUTOMATIC STAY

and D.  HHS is legally entitled to set off the settlement payment of $1,769,096.54 consistent with Section 553.  This is a secured claim under Section 506.  The Debtors incorrectly argue that HHS waived its right to set off, but there is no waiver.  Dkt. 413, Ex. D at ¶¶ 16 and 17.  The existence of a payment schedule is not a waiver because set off rights are determined regardless of whether the claim is contingent, unliquidated, or unmatured.  *See In re Buckenmaier*, 127 B.R. 233, 238 (Bankr. 9th Cir. BAP 1991).  These rights are expressly protected from turnover by Section 542(b).  For these reasons, the Court should deny the relief requested by the Debtors.  Instead, the Court should grant relief from stay pursuant to Section 362 and 553 to allow HHS to set off the mutual debt.  The stay should be retroactively annulled.  To the extent the Court is not inclined to grant relief from stay, the United States requests an order prohibiting use of its cash collateral under Section 363 or otherwise providing adequate protection under Section 361.

## CONCLUSION

HHS requests relief from the automatic stay to allow the setoff to proceed, that the 14-day period specified in Fed. R. Bankr. P. 4001(a)(3) be waived, and that the Court grant other relief as appropriate.

Respectfully submitted,

Dated:  February 13, 2026

ERIC GRANT
United States Attorney

By: /s/ *Jeffrey J. Lodge*
JEFFREY J. LODGE
Assistant United States Attorney

2

UNITED STATES' COUNTERMOTION FOR RELIEF
FROM THE AUTOMATIC STAY