HAROLD D. ISRAEL (*pro hac vice pending*)
JACK R. O'CONNOR (*pro hac vice pending*)
**LEVENFELD PEARLSTEIN, LLC**
120 S. Riverside Plz., Ste. 1800
Chicago, Il 60606
Phone: 312. 312.346.8380
hisrael@lplegal.com
joconnor@lplegal.com

GREGORY A. ROUGEAU
**BRUNETTI ROUGEAU LLP**
235 Montgomery Street, Site 830
San Francisco, CA 94104
Phone: (415) 992-8957
grougeau@brlawsf.com

Attorneys for Landlord-Creditor
Landmark Healthcare Facilities LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,<br><br>Debtors. | Case No. 25-26876<br><br>Chapter 11<br>Hon. Christopher D. Jaime<br><br>(Jointly Administered with: 25-26877) |

**Supplement to Declaration of Deeni Taylor in Support of Landmark Healthcare Facilities LLC's Motion for Allowance of Administrative Expense Claim Under 11 U.S.C. § 503(b) and to Compel Debtors to Immediately Pay Same**

I, Deeni Taylor, here declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

I am the Chief Executive Officer and Chairman of the board of directors of Landmark Healthcare Facilities LLC ("Landmark"). I have served in my role as CEO of Landmark since approximately October 2024. Prior to that, I served as Executive Vice President of Investments for

Physicians' Realty Trust. I have more than 20 years of experience in the healthcare real estate industry. Prior to that, I served as Executive Vice President and Chief Strategy Officer for St. Vincent Health, an Ascension Health ministry encompassing 16 hospitals in central Indiana, and as President of Unity Health Management Services in Birmingham, Alabama.

I submit this supplement to my previously-submitted Declaration (Dkt. 1178) in support of *Landmark Healthcare Facilities, LLC's Motion for Allowance of Administrative Expense Claim Under 11 U.S.C. § 503(b) and to Compel Debtors to Immediately Pay Same* (the "Motion") (Dkt. 1174) and further state as follows in support of the Motion:

**A. Staffing history of the Project.**

Work commenced under the CMA[1] around February 2019. After commencement, Landmark assigned Miles Fox, a Senior Project Manager, to oversee Landmark's performance under the CMA, beginning in or around July 2019. From that time until about March 2024, Mr. Fox and Steven Kroening, Landmark's Executive Vice President of Design/Build were the only employees of Landmark performing Services for the Project. Mr. Kroening's work on the Project was limited to assisting Mr. Fox in submitting change orders, and to participate on conference calls for the Project to provide his professional insights and feedback regarding the Project. Mr. Kroening has since retired, with the work he previously performed for the Project being addressed by other employees of Landmark when needed, consistent with Mr. Kroening's work beforehand.

In or around March 2024, Modern-Sundt, the general contractor for the Project, was terminated and never replaced, leaving Landmark as the sole party available to oversee management of the Project. As a result of the general contractor's termination, Landmark temporarily assigned another Senior Project Manager, Jay Wall, to assist Messrs. Fox and Kroening in working with various subcontractors at the Project to negotiate and document subcontracting agreements

[1] Capitalized terms used but not defined in this Reply bear the meanings given to them in the Memorandum of Points and Authorities (the "Memo") filed by Landmark in support of the Motion, at Docket number 1176.

following. Mr. Wall assisted on the Project from approximately October 2024 through October 2025 until being assigned to a different project. Landmark did not request an increase in its fee under the CMA for this additional work, despite the additional staffing required during this period.

Landmark's Services since the Petition Date have not materially deviated from the work it performed prepetition, and the Services that Landmark has performed postpetition are necessary to ensure the Project can be completed.

Further, the May 4 Letter issued to the Debtors was made specifically at the request of the Debtors' counsel, who asked that Landmark prepare the May 4 Letter so that counsel could understand the full amount owed to Landmark under the CMA at that time.

I believe that the Services pre- and postpetition directly benefit the Debtors' ability to successfully reorganize by ensuring the Project is completed, and Landmark should be granted an administrative expense claim by the Court in the amount of $698,235.44 through August 31, 2026, which the Debtors should be directed to immediately pay to Landmark.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Date: September 29, 2026

/s/
Deeni Taylor
CEO
Landmark Healthcare Facilities LLC