6
KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

*Counsel to Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN DML-4**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: October 6, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**STIPULATION: (I) MODIFYING AUTOMATIC STAY IN FAVOR OF WILLIAM STANDLEE AND ELICIA STANDLEE TO PURSUE INSURANCE; (II) WAIVING CLAIMS AGAINST BANKRUPTCY ESTATES; (III) WITHDRAWING PROOFS OF CLAIM: AND (IV) GRANTING RELATED RELIEF**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

Oroville Hospital, a California nonprofit public benefit corporation ("Oroville Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors"), the debtors and debtors in possession in the above-captioned cases (the "Chapter 11 Cases"), William Standlee and Elicia Standlee ("Movants"), and the Official Committee of Unsecured Creditors appointed in the Chapter 11 Cases (the "Committee" and, together with the Debtors and Movants, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A. On December 8, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108.[2]

B. On December 8, 2025, the Debtors filed an *Emergency Motion for Interim and Final Orders: (I) Authorizing the Debtors to Maintain, Renew, or Supplement Their Insurance Policies and Satisfy All Obligations Related Thereto, and (II) Granting Related Relief* [Docket No. 44] (the "Insurance Motion"), which identified seventeen insurance policies. On January 14, 2026, this Court granted the Insurance Motion on a final basis [Docket No. 278].

A. On or about April 4, 2023, Movants filed a state court action captioned *William Standlee and Elicia Standlee v. Lionel Foster, Jr., et al.* in Butte County Superior Court, Case No. 23CV00822 (the "State Court Action"), against Oroville Hospital, among others, alleging claims for medical negligence and an *Elam v. College Park Hospital*, 132 Cal.App.3d 332 (1982) cause of action, and loss of consortium.

B. Trial in the State Court Action was scheduled for December 1, 2025; however, the parties stipulated to continue the trial date. The State Court Action is currently stayed.

C. On June 16, 2026, Movants filed a *Motion For Relief From Automatic Stay* requesting that the Bankruptcy Court lift the automatic stay to permit Movants to (a) liquidate Movants' claim in the State Court Action, and (b) to seek full or partial payment from any available

---

[2] Unless otherwise indicated herein, all references to "Section" or "§" refer to a section of Title 11 of the United States Code (the "Bankruptcy Code").

insurance. [Doc. No. 906]. The Debtors and the Committee each filed limited objections to the Motion [Docket Nos. 1010 and 1007, respectively].

D. On August 4, 2026, the Bankruptcy Court entered an *Order Modifying the Automatic Stay filed by William Standlee and Elicia Standlee Soley to Liquidate Claim, and Continuing Hearing on Motion for Relief from Stay Regarding Remainder of Relief* [Docket No. 1086] (the "Stay Relief Order"). The Stay Relief Order (i) granted relief from the automatic stay to permit Movants to liquidate their claim in the State Court Action, and (ii) continued the Motion with respect to Movants' request for relief from the automatic stay to seek payment from any available insurance. [Doc. No. 1086].

E. The continued hearing on the Motion is scheduled for October 6, 2026, at 11:00 a.m. (the "Continued Hearing Date").

F. On April 23, 2026, the Court entered an Order establishing June 8, 2026, as the deadline for filing proofs of claim in the Chapter 11 Cases (the "Bar Date").

G. On April 20, 2026, Movants filed a Proof of Claim (Claim No. 0000010129) in the amount of $1,264,660.63.

H. The Parties have engaged in continued discussions since the hearing on the Motion, which have resulted in the resolution of the relief requested by Movants upon the terms and conditions set forth herein.

I. The Parties believe that the resolutions set forth herein are in the best interests of the Debtors, the estates, and all creditors, and request that the Court enter an order approving the terms of this Stipulation.

## AGREEMENT

Based on the foregoing Recitals, which are fully incorporated herein by this reference, the Parties stipulate and agree as follows:

1. **Relief from the Automatic Stay**. Subject to the terms and conditions of this Stipulation, and in addition to relief provided to Movants to liquidate their claim pursuant to the Stay Relief Order, the automatic stay imposed by 11 U.S.C. § 362(a) shall be further modified to permit Movants to seek recovery from any available insurance and from no other assets of the Debtors or

property of the Debtors' bankruptcy estates. For the avoidance of doubt, Movants shall not seek or be entitled to otherwise collect any portion of Movants' claim from any source other than the proceeds of insurance, if available.

2. **Waiver of Claims Against Bankruptcy Estates**. Movants hereby waive, to the extent not already waived, any and all claims against the Debtors' bankruptcy estates arising from or related to the State Court Action, or any other matter. Movants further agree to withdraw the Proof of Claim filed against the Debtors' bankruptcy estates (and grants the Debtors the right to file a notice of withdrawal of any proofs of claim filed by Movants).

3. **Limitations on Recovery**. Movants' recovery shall be limited solely to proceeds actually payable under the Debtors' insurance policies, if any. No deficiency or other claim of any kind shall be asserted by Movants against the Debtors or the Debtors' bankruptcy estates, nor shall any such claim exist against the Debtors or the Debtors' bankruptcy estates.

4. **No Determination of Property of the Estate**. Nothing in this Stipulation or any order approving it shall constitute a determination of whether the insurance policies or the proceeds thereof are or are not property of the Debtors' bankruptcy estates.

5. **No Admission of Liability or Coverage**. Nothing contained in this Order should be construed as: (i) an admission of any facts or of liability by the Debtors, or any insurer, regarding any claims or causes of action arising from or in relation to Movants' claims; (ii) an admission, recognition or representation that there is any insurance coverage with respect to Movants' claims or that any insurance proceeds are or will be available in respect of Movants' claims; (iii) modifying the terms, conditions, or coverage provided by or under the insurance policies of the Debtors; or (iv) diminishing or limiting the rights of the Debtors or any insurer to contest and litigate the existence of any liability to Movants, or the primacy, scope, or availability of potential coverage, or to assert any defenses to coverage.

6. **Reservation of Rights**. For the avoidance of any doubt, nothing in this Order shall constitute a waiver of any rights, remedies, claims, and defenses of the Debtors and the Debtors' bankruptcy estates (or the rights of third parties including the Debtors' insurers, including without limitation, California Healthcare Insurance Company, Inc., a Risk Retention Group) with respect to

the Motion and the claims asserted therein, including without limitation rights and defenses of the Debtors and the Debtors' bankruptcy estates based on, among other things: (a) coverage disputes and insurance policy exclusions, including any exclusion for punitive damages; (b) policy limits and aggregate limit exhaustion; (c) self-insured retention obligations; (d) claim objections under 11 U.S.C. § 502; (e) estimation of claims under 11 U.S.C. § 502(c); (f) priority disputes; (g) allocation of insurance proceeds among claimants; (h) standing and sufficiency of service; (i) insurer defenses; and (j) any other defenses, objections, or rights available under applicable law.

7. **Governing Law**. This Stipulation shall be governed by and construed in accordance with the United States Bankruptcy Code and the laws of the State of California, as applicable.

8. **Binding Effect**. This Stipulation shall be binding upon the Parties and their respective successors, assigns, heirs, agents, attorneys and representatives.

9. **Counterparts**. This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument.

10. **Reservation of Jurisdiction**. The Bankruptcy Court shall reserve jurisdiction to interpret, implement, and enforce any order granting this Stipulation.

11. **Removal of Hearing from Calendar**. Upon the Bankruptcy Court's entry of an order approving this Stipulation, the continued hearing on the Motion scheduled on October 6, 2026, at 11:00 a.m. shall be taken off calendar.

Dated: September 30, 2026

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
Keith C. Owens
Nicholas A. Koffroth
*Counsel to Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

Dated: September 26, 2026

**DESMOND, MANNING, LIVAICH & CUNNINGHAM**

J. Russell Cunningham
*Counsel to William Standlee and Elicia Standlee*

Dated: September 29, 2026

**DENTONS US LLP**

Tania Moyron
Samuel R. Maizel
Sam J. Alberts (pro hac vice)
*Counsel for The Official Committee of Unsecured Creditors*