# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Chapter 11<br><br>Case No. 25-26876 (CDJ)<br><br>(Jointly Administered)<br><br>**Ref. Docket Nos. 1457 – 1461, & 1463 – 1468** |

## CERTIFICATE OF SERVICE

I, ANGELA CHACHOFF, hereby certify that:

1. I am employed as a Case Manager by Epiq Corporate Restructuring, LLC, with their principal office located at 1166 Avenue of the Americas, New York, New York 10036. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On November 23, 2026, I caused to be served the:

   a. "Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer," dated November 23, 2026, *related to Docket No. 1457*, a copy of which is annexed hereto as Exhibit A,

   b. "Notice of Hearing on Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer," dated November 22, 2026, *related to Docket No. 1458*, a copy of which is annexed hereto as Exhibit B,

   c. "Memorandum of Points and Authorities in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer," dated November 23, 2026, *related to Docket No. 1459*, a copy of which is annexed hereto as Exhibit C,

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

d. "Declaration of Scott Chapple in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer," dated November 20, 2026, *related to Docket No. 1460*, a copy of which is annexed hereto as Exhibit D,

e. "Declaration of Joel Engelmann in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer," dated November 20, 2026, *related to Docket No. 1461*, a copy of which is annexed hereto as Exhibit E,

f. "Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer," dated November 23, 2026, *related to Docket No. 1463*, a copy of which is annexed hereto as Exhibit F,

g. "Notice of Hearing on Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer," dated November 23, 2026, *related to Docket No. 1464*, a copy of which is annexed hereto as Exhibit G,

h. "Memorandum of Points and Authorities in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer," dated November 23, 2026, *related to Docket No. 1465*, a copy of which is annexed hereto as Exhibit H,

i. "Declaration of Kim Brown Sims in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer," dated November 20, 2026, *related to Docket No. 1466*, a copy of which is annexed hereto as Exhibit I,

j. "Declaration of Scott Chapple in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer," dated November 20, 2026, *related to Docket No. 1467*, a copy of which is annexed hereto as Exhibit J,

k. "List of Exhibits in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer," dated November 23, 2026, *related to Docket No. 1468*, a copy of which is annexed hereto as Exhibit K, and

l. "List of Exhibits in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer," dated November 23, 2026, a copy of which is annexed hereto as Exhibit L,

by causing true and correct copies to be:

i. enclosed securely in separate postage pre-paid envelopes and delivered via first class mail to those parties listed on the annexed Exhibit M, and

ii. delivered via electronic mail to those parties listed on the annexed Exhibit N.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Angela Chachoff*
Angela Chachoff

# EXHIBIT A

8

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-19**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JOEL ENGELMANN AS DEBTORS' CHIEF FINANCIAL OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), submit this application (this "Application") for an order (i) authorizing the Debtors to employ and retain Joel Engelmann ("Mr. Engelmann") as Chief Financial Officer ("CFO") in the ordinary course pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code and the terms of the letter agreement dated November 16, 2026 (the "Employment Agreement"), a copy of which is attached as **Exhibit A** to the List of Exhibits ("Exhibit List") filed concurrently herewith; (ii) authorizing the Debtors to compensate Mr. Engelmann on the terms set forth in the Employment Agreement; and (iii) granting such other and further relief as the Court deems just and proper. In support of the Application, the Debtors refer to the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 20] (the "First Day Declaration"), the *Declaration of Joel Engelmann* (the "Engelmann Declaration"), and the *Declaration of Scott Chapple* (the "Chapple Declaration"), each filed concurrently herewith.

Mr. Engelmann will be an at-will employee of OroHealth whose duties are operational. He will report to the Debtors' Chief Executive Officer rather than to the Debtors' Chief Restructuring Officer and will not make restructuring decisions. The Debtors believe that the employment of Mr. Engelmann as CFO is authorized as an ordinary course transaction under § 363(b) and does not require Court approval. Mr. Engelmann is not employed by a restructuring, advisory, or consulting firm and does not retain his own staff. Therefore, the Debtors do not believe that the *Jay Alix Protocol* is applicable to Mr. Engelmann. However, out of an abundance of caution, the Debtors file this Application seeking this Court's authority to employ and retain Mr. Engelmann as CFO of the Debtors.

## I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Eastern District of California (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The bases for the relief requested are §§ 105, 363, 1107, and 1108 of the Bankruptcy Code, Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014-1 of the Local Rules of Practice of the United States Bankruptcy Court for the Eastern District of California (the "LBR").

## II.

## FACTUAL BACKGROUND

### A. General Background

On December 8, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On December 23, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") comprised of seven members. [ECF No. 145].

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville and surrounding communities, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors is exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed

description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, is set forth in the First Day Declaration.

**B. Facts Specific to This Application**

Prior to the Petition Date, the Debtors initiated a search for a new Chief Financial Officer with experience working with distressed hospitals. However, that search was paused due to the Debtors' transition into bankruptcy. The Debtors initially posted the Chief Financial Officer position on October 22, 2025, and removed the posting on April 14, 2026.

The Debtors intend to pursue a consensual restructuring with UMB Bank, N.A., as Master Trustee, Series 2019 Bond Trustee, and postpetition lender that can preserve the Debtors' healthcare facilities for the benefit of their community, patients, employees, and other stakeholders. *See* ECF No. 1435. To that end, the Debtors have determined that it is necessary and in the best interest of the Debtors and their bankruptcy estates to retain Mr. Engelmann as the Debtors' CFO to oversee the Debtors' financial operations, including cash management, budgeting, and financial reporting.

Although Mr. Engelmann will be employed by OroHealth, he will serve as CFO of both OroHealth and the Hospital and will report to the Debtors' Chief Executive Officer. His employment is expected to commence on or about January 4, 2027, subject to this Court's approval. The Debtors evaluated several candidates for the role of CFO and determined that Mr. Engelmann was best suited to serve as the Debtors' CFO given his experience leading finance, revenue cycle, and supply chain operations for a California nonprofit health system. The Employment Agreement was negotiated by the parties and approved by the Debtors' Board of Trustees, and reflects the parties' mutual agreement as to the terms of Mr. Engelmann's employment.

## III.

## RELIEF REQUESTED

By this Application, the Debtors seek entry of an order, pursuant to §§ 105(a) and 363(b), authorizing the employment and retention of Mr. Engelmann as CFO to the Debtors in the ordinary course pursuant to the terms of the Employment Agreement.

## IV.

## SERVICES TO BE RENDERED

The employment of Mr. Engelmann is appropriate and necessary to enable the Debtors to manage their financial operations during these Chapter 11 Cases. Subject to further order of this Court, the Debtors propose to employ and retain Mr. Engelmann to serve as the CFO to the Debtors in connection with these Chapter 11 Cases according to the terms and conditions set forth in the Employment Agreement, as summarized in the Memorandum of Points and Authorities filed concurrently herewith, except as otherwise explicitly set forth herein or in any order granting this Application.

## V.

## QUALIFICATIONS OF JOEL ENGELMANN

Mr. Engelmann is a healthcare finance executive with more than ten years of experience in finance, accounting, and audit. Since May 2025, he has served as Vice President of Finance of Marshall Medical Center, a $350 million nonprofit health system in Placerville, California, where he leads the finance, revenue cycle, information technology, and supply chain departments. He previously served as Executive Director of Finance, Senior Financial Analyst, and Senior Staff Accountant of Marshall Medical Center, and held audit positions at CohnReznick and BPM. Mr. Engelmann holds a Bachelor of Science in Commerce – Accounting from Santa Clara University.

The Debtors believe that Mr. Engelmann is well-qualified to serve as the Debtors' CFO. A copy of Mr. Engelmann's CV is attached as **Exhibit B** to the Exhibit List, and his qualifications are further described in the Lane Declaration.

## VI.

## COMPENSATION

Pursuant to the Employment Agreement, OroHealth agreed to pay Mr. Engelmann an annual base salary of $385,008.00, payable biweekly in accordance with OroHealth's established payroll practices, and to reimburse Mr. Engelmann for documented, reasonable relocation, temporary housing for up to ninety (90) days, and moving-related expenses up to a maximum of $25,000, subject to repayment if Mr. Engelmann voluntarily resigns or is terminated for cause within the first twenty-four (24) months of employment. Mr. Engelmann will be eligible for OroHealth's employee benefit programs, subject to the eligibility requirements and terms of the applicable benefit plans.

Mr. Engelmann will become eligible for a performance bonus for the fiscal year ending November 2027, subject to approval by OroHealth's Board of Trustees in its sole discretion; however, no performance bonus will accrue, be earned, or become payable with respect to any period while these Chapter 11 Cases are pending. The Employment Agreement does not provide for any severance or retention payment.

**VII.**

**INDEMNIFICATION**

As an officer of the Debtors, Mr. Engelmann will be entitled to indemnification to the same extent applicable to all other corporate officers under the Debtors' organizational documents and applicable state law, and will be included under the Debtors' directors and officers, and any other applicable insurance policy to the extent provided to officers of the Debtors.

Such indemnification and insurance coverage are customary terms of employment for senior executive officers and are no broader than those provided to the Debtors' other officers. The Debtors respectfully submit that providing such coverage to Mr. Engelmann is reasonable and in the best interest of the Debtors and their bankruptcy estates.

**VIII.**

**JOEL ENGELMANN'S DISINTERESTEDNESS**

To the best of the Debtors' knowledge, information, and belief, Mr. Engelmann has no connection with, and holds no interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters in which Mr. Engelmann is proposed to be retained, as set forth in the Engelmann Declaration.

Although the Debtors submit that the employment and retention of Mr. Engelmann is not governed by § 327, the Engelmann Declaration attests to the lack of certain connections with creditors, equity security holders, and other parties in interest in these Chapter 11 Cases. Thus, the Debtors submit that Mr. Engelmann is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

In addition, as set forth in the Engelmann Declaration, if any new material facts or

relationships are discovered or arise, Mr. Engelmann will provide the Court with a supplemental declaration.

**IX.**

**BASIS FOR RELIEF**

The Debtors request that the Application be approved pursuant to §§ 363 and 105 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under applicable case law, in this and other jurisdictions, if the Debtors' proposed use of its assets pursuant to § 363(b) represents a reasonable exercise of the debtor's business judgment, such use should be approved. *See, e.g.*, *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175–76 (D. Del. 1991) (noting that courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b) of the Bankruptcy Code); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.").

Pursuant to § 105(a), bankruptcy courts have inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Although the Debtors believe that the employment of Mr. Engelmann as CFO, like any other officer retained by the Debtors and approved by the Board of Trustees, is an ordinary course transaction authorized under § 363(b) that does not require Court approval, and thus, the Jay Alix Protocol is not applicable to this retention, *see, e.g.*, *In re Nine West Holdings, Inc.*, 588 B.R. 678, 688 (Bankr. S.D.N.Y. July 2, 2018), the Debtors file this Application out of an abundance of caution. This Court has previously authorized the Debtors to retain an officer pursuant to § 363(b) in these Chapter 11 Cases. *See Order Approving Continued Retention and Employment of Michael Lane as Debtors' Chief Restructuring Officer*, entered March 23, 2026 [ECF No. 573]. Mr. Engelmann's

duties are operational, and he will not provide professional services within the meaning of § 321(a) of the Bankruptcy Code.

**X.**

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached as **Exhibit C** to the Exhibit List, approving the Debtors' employment and retention of Mr. Engelmann as CFO to the Debtors pursuant to the terms of the Employment Agreement, and granting such other and further relief as is just and proper.

Dated: November 23, 2026

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
KEITH C. OWENS
NICHOLAS A. KOFFROTH
*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

# EXHIBIT B

**4**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-19**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**NOTICE OF HEARING ON DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JOEL ENGELMANN AS DEBTORS' CHIEF FINANCIAL OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

**PLEASE TAKE NOTICE** that Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[2] have filed an application (the "Application") seeking entry of an order authorizing the Debtors' to employ and retain Joel Engelmann, as Chief Financial Officer to the Debtors, in connection with these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, as further described below, the hearing on the Application will be held on December 8, 2026, at 11:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Christopher D. Jaime, United States Bankruptcy Judge, 501 I Street, Courtroom 32 Sacramento, California, 95814, where the Court will hear and consider approval of the Application.

By the Application, the Debtors seek entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing the employment and retention of Mr. Engelmann as CFO to the Debtors in the ordinary course pursuant to the terms of the Employment Agreement, dated November 16, 2026.

The Application is supported by the accompanying exhibit list, the *Memorandum of Points and Authorities in support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Chief Financial Officer to the Debtors* (the "Memorandum")[3] and the *Declaration of Scott Chapple in support of Application* (the "Chapple Declaration") filed concurrently therewith.

**PLEASE TAKE FURTHER NOTICE** that the matter will be conducted simultaneously: (i) in Person, at Sacramento Courtroom 32, (ii) via ZoomGov Video, (iii) via ZoomGov Telephone, and (iv) via CourtCall. You may choose any of these options. Parties who wish to appear at a hearing

---

[2] Unless otherwise defined herein, all references to "Section" and "§" refer to a section of the Bankruptcy Code.

[3] Unless otherwise defined herein, capitalize terms shall have the definitions set forth in the Memorandum.

remotely should sign up by 4:00 p.m. one business day prior to the hearing. Information regarding how to sign up can be found on the Remote Appearances page of the court's website at https://www.caeb.uscourts.gov/Calendar/CourtAppearances. Procedures and guidelines for remote appearances may be found on the Court's website as follows: https://www.caeb.uscourts.gov/documents/Forms/Misc/ZoomGov%20Protocols.pdf. Each party who has signed up will receive a Zoom link or phone number, meeting I.D., and password via e-mail. If the deadline to sign up has passed, parties who wish to appear remotely must contact the Courtroom Deputy for the Department holding the hearing. Telephonic appearances may be arranged at least 24 hours in advance of calendared hearings through court conference at 1-866-582-6878.

**PLEASE TAKE FURTHER NOTICE** that the Motion is filed pursuant to Local Rule of Practice 9014-1(f)(2). Opposition to the Motion, if any, shall be presented at the hearing on the Application on December 8, 2026, at 11:00 a.m. in Courtroom 32. If opposition is presented, or if there is other good cause, the Court may continue the hearing to permit the filing of evidence and briefs. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief requested.

**PLEASE TAKE FURTHER NOTICE** that you can determine whether the matter has been resolved without oral argument or whether the court has issued a tentative ruling and can view any pre-hearing dispositions by checking the Court's website at www.caeb.uscourts.gov after 4:00 p.m. the day before the hearing. Parties appearing telephonically must view the pre-hearing dispositions prior to the hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice does not contain all the particulars of the Application or supporting documents for the Application, nor does it summarize all the evidence submitted in support of the Application. For further specifics concerning the Application and the relief requested, you are encouraged to review the Application and the supporting evidence, including the supporting declarations, copies of which may be obtained from the website, https://dm.epiq11.com/case/orovillehospital/info free of charge.

You may also access these documents from the Court's PACER system (requires a

subscription). The web page address for the United States Bankruptcy Court for the Eastern District of California is https://www.caeb.uscourts.gov/, which includes a link to the Court's Case Management/Electronic Case Filing System (CM/ECF system) and PACER registration.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: November 22, 2026

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
Keith C. Owens
Nicholas A. Koffroth
*Attorneys for Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

# EXHIBIT C

15

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-19**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JOEL ENGELMANN AS DEBTORS' CHIEF FINANCIAL OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

# TABLE OF CONTENTS


I. JURISDICTION AND VENUE ........ - 5 -

II. FACTUAL BACKGROUND ........ - 6 -

A. General Background ........ - 6 -

B. Facts Specific to This Application ........ - 7 -

III. RELIEF REQUESTED ........ - 8 -

IV. SERVICES TO BE RENDERED ........ - 8 -

V. QUALIFICATIONS OF MR. ENGELMANN ........ - 10 -

VI. COMPENSATION ........ - 11 -

VII. INDEMNIFICATION ........ - 12 -

VIII. MR. ENGELMANN'S DISINTERESTEDNESS ........ - 12 -

IX. BASIS FOR RELIEF ........ - 12 -

X. CONCLUSION ........ - 14 -

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bally Total Fitness of Greater N.Y., Inc.*,
Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 21, 2007) [Docket No. 283] .......... 15

*In re Del. & Hudson Ry. Co.*,
124 B.R. 169 (D. Del. 1991) .......... 14

*In re Lehman Bros. Holdings, Inc.*,
Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008) [Docket No. 2278] .......... 15

*In re Lionel Corp.*,
722 F.2d 1063 (2d Cir. 1983) .......... 14

*In re Nine West Holdings, Inc.*,
588 B.R. 678 (Bankr. S.D.N.Y. July 2, 2018) .......... 15

*In re PRC, LLC*,
Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 27, 2008) [Docket No. 182] .......... 15

*In re Schipper*,
933 F.2d 513 (7th Cir. 1991) .......... 14

*In re UAL Corp.*,
443 F.3d 565 (7th Cir. 2006) .......... 14

**Statutes**

11 U.S.C. § 27(a) .......... 15

11 U.S.C. § 101(14) .......... 13

11 U.S.C. § 105 .......... 7

11 U.S.C. § 105(a) .......... 6, 9, 14

11 U.S.C. § 327 .......... 13, 15

11 U.S.C. § 363 .......... 7

11 U.S.C. § 363 .......... 14

11 U.S.C. § 363(b) .......... *passim*

11 U.S.C. § 363(b)(1) .......... 14

11 U.S.C. §§ 1101-1195 .......... *passim*

11 U.S.C. § 1107 .......... 7
11 U.S.C. § 1107(a) .......... 7
11 U.S.C. § 1108 .......... 7
28 U.S.C. § 157 .......... 6
28 U.S.C. § 157(b)(2) .......... 6
28 U.S.C. § 1334 .......... 6
28 U.S.C. § 1408 .......... 6
28 U.S.C. § 1409 .......... 6
I.R.C. § 501(c)(3) .......... 7

**Other Authorities**

Fed. R. Bankr. P. 2002 .......... 7
Fed. R. Bankr. P. 6004 .......... 7
Fed. R. Bankr. P. 9014 .......... 7
Local R. 9014-1 .......... 7

Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby submit this memorandum of points and authorities in support of the concurrently-filed application (the "Application"), seeking entry of an order authorizing the Debtors to employ and retain Joel Engelmann ("Mr. Engelmann"), as Chief Financial Officer ("CFO") to the Debtors, in the ordinary course pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code. In support of the Application, the Debtors refer to the *List of Exhibits in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer* ("Exhibit List"), the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), the *Declaration of Joel Engelmann* (the "Engelmann Declaration"), and the *Declaration of Scott Chapple* (the "Chapple Declaration"), each filed concurrently herewith.

As discussed below, Mr. Engelmann will be an at-will employee of OroHealth whose duties are operational. He will report to the Debtors' Chief Executive Officer rather than to the Debtors' Chief Restructuring Officer and will not make restructuring decisions. The Debtors believe that the employment of Mr. Engelmann as CFO is authorized as an ordinary course transaction pursuant to 11 U.S.C. § 363(b) and does not require Court approval. However, out of an abundance of caution, the Debtors file this Application seeking this Court's authority to employ and retain Mr. Engelmann as CFO of the Debtors. In further support of the Application, the Debtors respectfully state as follows:

## I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The bases for the relief requested are §§ 105, 363, 1107, and 1108 of the Bankruptcy Code, Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014-1 of the Local Rules of Practice of the United States Bankruptcy Court for the Eastern District of California (the "LBR").

## II.

## FACTUAL BACKGROUND

### A. General Background

On December 8, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On December 23, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") comprised of seven members. [ECF No. 145].

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville and surrounding communities, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors is exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, is set forth in the First Day Declaration [ECF No. 20].

**B. Facts Specific to This Application**

Prior to the Petition Date, the Debtors initiated a search for a new Chief Financial Officer with experience working with distressed hospitals. However, that search was paused due to the Debtors' transition into bankruptcy. The Debtors initially posted the Chief Financial Officer position on October 22, 2025, and removed the posting on April 14, 2026.

Over the past several months, the Debtors have been engaged in negotiations with UMB Bank, N.A., as Master Trustee, Series 2019 Bond Trustee, and postpetition lender (the "Trustee"), to pursue a consensual restructuring that can preserve the Debtors' healthcare facilities for the benefit of their community, patients, employees, and other stakeholders. Towards that end, the Debtors and the Trustee have been working towards the preparation of a Restructuring Term Sheet, along with a related financial model supporting such Restructuring Term Sheet and have made significant progress in those efforts. During this process, the Debtors have determined that it is necessary and in the best interest of the Debtors and their bankruptcy estates to retain a new Chief Financial Officer ("CFO") to oversee the Debtors' financial operations, including cash management, budgeting, and financial reporting.

The Debtors evaluated several candidates for the role of CFO and determined that Joel Engelmann ("Mr. Engelmann") is best suited to serve as the Debtors' CFO given his experience leading finance, revenue cycle, and supply chain operations for a California nonprofit health system. Mr. Engelmann is a healthcare finance executive with more than ten years of experience in finance, accounting, and audit. Since May 2025, he has served as Vice President of Finance of Marshall Medical Center, a $350 million nonprofit health system in Placerville, California, where he leads the finance, revenue cycle, information technology, and supply chain departments and presents monthly financials to the Board of Directors. Prior to that, he served Marshall Medical Center as Senior Staff Accountant, Senior Financial Analyst, and Interim and then Executive Director of Finance, and held audit positions at BPM and CohnReznick. A true and correct copy of Mr. Engelmann's CV is attached as **Exhibit B** to the List of Exhibits in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer (the "Exhibit List").

The Debtors propose to employ Mr. Engelmann as CFO under the terms and conditions set forth in the letter agreement dated November 16, 2026, between OroHealth and Mr. Engelmann (the "Employment Agreement"), a true and correct copy of which is attached as **Exhibit A** to the Exhibit List filed contemporaneously herewith. Although Mr. Engelmann will be employed by OroHealth, he will serve as CFO of both OroHealth and the Hospital and will report to the Debtors' Chief Executive Officer. His employment is expected to commence on or about January 4, 2027, subject to this Court's approval. The Debtors interviewed several candidates for the role of CFO and determined that Mr. Engelmann was best suited to serve as the Debtors' CFO given his experience leading finance, revenue cycle, and supply chain operations for a California nonprofit health system. The Employment Agreement was negotiated by the parties and approved by the Debtors' Board of Trustees, and reflects the parties' mutual agreement as to the terms of Mr. Engelmann's employment.

The Debtors believe that Mr. Engelmann is overwhelmingly qualified to perform the services discussed herein and that his employment as CFO is necessary to the successful outcome of these Chapter 11 Cases.

## III.

## RELIEF REQUESTED

By the Application, the Debtors seek entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing the employment and retention of Mr. Engelmann as CFO to the Debtors in the ordinary course pursuant to the terms of the Employment Agreement.

## IV.

## SERVICES TO BE RENDERED

Subject to the Court's approval, and consistent with the Employment Agreement, the Debtors desire to employ and retain Mr. Engelmann as CFO to manage the Debtors' financial operations during these Chapter 11 Cases.

As CFO, Mr. Engelmann shall report directly to the Debtors' Chief Executive Officer. While working closely with the Debtors' management team, including the Debtors' Chief Administrative Officer, Chief Operating Officer, Chief Nursing Officer, and Chief Restructuring Officer, along with

the Debtors' Medical Staff, Nursing Staff, and other related departments, Mr. Engelmann will oversee the Debtors' financial operations during these Chapter 11 Cases. Specifically, Mr. Engelmann will provide the following services as CFO to the Debtors (the "Services"):

a. oversee the Debtors' accounting, treasury, budgeting, and financial reporting functions;

b. collaborate with the Debtors' Chief Restructuring Officer and financial and legal advisors to communicate with secured lenders, the Committee and other stakeholders;

c. advise the Chief Executive Officer and the Board of Trustees on the Debtors' financial condition, liquidity, and capital needs;

d. provide financial analysis to support the Debtors' Chief Restructuring Officer in connection with the Debtors' restructuring efforts;

e. oversee the Debtors' financial reporting obligations in these Chapter 11 Cases, including monthly operating reports;

f. discharging other customary duties and responsibilities of a chief financial officer; and

g. performing such other services as requested or directed by the Chief Executive Officer or the Board of Trustees, consistent with the role of CFO, and subject to approval of the Bankruptcy Court to the extent required.

The Scope of Duties outlined below includes those duties the Debtors have determined are necessary and required of the CFO to accomplish the Debtors' goals and objectives:

a. Presentation and attendance in person or telephonically at Board of Trustees and executive team meetings.

b. Attendance at bankruptcy court hearings in-person or telephonically including availability as witness as necessary.

c. Interface with secured creditors, the Committee and other stakeholders and their related professionals, as necessary, and assist in development of analyses requested by secured lenders and Committee.

d. Prepare, in coordination with the Debtors' financial advisors, cash flow forecasts and budgets, with weekly updates and variance explanations.

e. Participate in weekly review and coordination of cash management.

f. Review and analysis of payments to critical vendors, if applicable.

g. Prepare and review financial reporting distributed to stakeholders, including monthly operating reports.

h. Communications and coordination with the working group of other professionals retained by the Debtors, including their investment banker, financial advisor, and legal counsel.

i. Implement financial controls.

j. Conduct such other matters agreed upon by the Debtors and deemed necessary to implement the Debtors' strategies in these Chapter 11 Cases.

The Debtors submit that it is necessary and appropriate to employ and retain Mr. Engelmann as CFO to render the foregoing services that will enable the Debtors to faithfully execute their duties in these Chapter 11 Cases. Therefore, the Debtors have requested that Mr. Engelmann perform the services set forth herein.

The services provided by Mr. Engelmann will complement and not duplicate the services rendered by other members of the Debtors' management team. Notably, Mr. Engelmann will be an employee of OroHealth, does not work for a restructuring or advisory firm, and does not retain his own staff. Therefore, the Debtors do not believe that the *Jay Alix Protocol* is applicable to Mr. Engelmann. Further, Mr. Engelmann will coordinate with the Chief Executive Officer and other members of the Debtors' management team to avoid unnecessary duplication of efforts.

## V.

## QUALIFICATIONS OF MR. ENGELMANN

Mr. Engelmann is a healthcare finance executive with more than ten years of experience in finance, accounting, and audit. Since May 2025, he has served as Vice President of Finance of Marshall Medical Center in Placerville, California, a $350 million nonprofit health system, where he leads the revenue cycle, finance, information technology, and supply chain departments, oversees the retirement plan audit, single audit, tax returns, and fiscal budget cycle, and presents monthly financials to the Board of Directors. He also serves as acting Chief Financial Officer of the Marshall Foundation for Community Health.

Previously, Mr. Engelmann served as Interim Director and then Executive Director of Finance of Marshall Medical Center, where he led the finance and supply chain teams and directed

the month-end close. He joined Marshall Medical Center in 2018 as Senior Staff Accountant, where he led the finance department's implementation of a new Workday ERP system, and later served as Senior Financial Analyst. Prior to joining Marshall Medical Center, he held audit positions at BPM and CohnReznick. Mr. Engelmann holds a Bachelor of Science in Commerce – Accounting from Santa Clara University.

Mr. Engelmann's experience leading finance, revenue cycle, and supply chain operations for a California nonprofit health system, including budgeting, audit, and board-level financial reporting, is directly relevant to the Debtors' operations and their needs. Accordingly, Mr. Engelmann is well-qualified to serve as the Debtors' CFO. A copy of Mr. Engelmann's CV is attached as **Exhibit B** to the Exhibit List, filed contemporaneously herewith, and his qualifications are further described in the Chapple Declaration.

## VI.

## COMPENSATION

Pursuant to the Employment Agreement, for the services of Mr. Engelmann, OroHealth agrees to pay Mr. Engelmann an annual base salary of $385,008.00, payable biweekly in accordance with OroHealth's established payroll practices. Mr. Engelmann will be eligible for OroHealth's employee benefit programs, subject to the eligibility requirements and terms of the applicable benefit plans. In addition, OroHealth agreed to reimburse Mr. Engelmann for documented, reasonable relocation, temporary housing for up to ninety (90) days and moving-related expenses up to a maximum of $25,000, subject to repayment if Mr. Engelmann voluntarily resigns or is terminated for cause within the first twenty-four (24) months of employment. Mr. Engelmann will become eligible for a performance bonus for the fiscal year ending November 2027, subject to approval by OroHealth's Board of Trustees in its sole discretion; however, no performance bonus will accrue, be earned, or become payable with respect to any period while these Chapter 11 Cases are pending. The Employment Agreement does not provide for any severance or retention payments. The Debtors request authorization to make such payments to Mr. Engelmann in the ordinary course of business under § 363(b).

VII.

**INDEMNIFICATION**

As an officer of the Debtors, Mr. Engelmann will be entitled to indemnification to the same extent applicable to all other corporate officers under the Debtors' organizational documents and applicable state law and will be included under the Debtors' directors and officers, and any other applicable insurance policy to the extent provided to officers of the Debtors.

Such indemnification and insurance coverage are customary terms of employment for senior executive officers and are no broader than those provided to the Debtors' other officers. The Debtors respectfully submit that providing such coverage to Mr. Engelmann is reasonable and in the best interest of the Debtors and their bankruptcy estates.

VIII.

**MR. ENGELMANN'S DISINTERESTEDNESS**

To the best of the Debtors' knowledge, information, and belief, Mr. Engelmann has no connection with, and holds no interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters in which Mr. Engelmann is proposed to be retained, as set forth in the Engelmann Declaration.

Although the Debtors submit that the employment and retention of Mr. Engelmann is not governed by section 327 of the Bankruptcy Code, the Engelmann Declaration attests to the lack of certain connections with creditors, equity security holders, and other parties in interest in these Chapter 11 Cases. Thus, the Debtors submit that Mr. Engelmann is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

In addition, as set forth in the Engelmann Declaration, if any new material facts or relationships are discovered or arise, Mr. Engelmann will provide the Court with a supplemental declaration.

IX.

**BASIS FOR RELIEF**

The Debtors seek approval of the employment and retention of Mr. Engelmann pursuant to section 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under applicable case law, in this and other jurisdictions, if the Debtors' proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable exercise of the debtor's business judgment, such use should be approved. *See, e.g.*, *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175–76 (D. Del. 1991) (noting that courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b) of the Bankruptcy Code); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.").

Further, pursuant to section 105(a) of the Bankruptcy Code the bankruptcy court has inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

The decision to employ and retain Mr. Engelmann as CFO should be authorized because it is in the sound exercise of the Debtors' business judgment. As set forth above, Mr. Engelmann has more than ten years of experience in finance, accounting, and audit, including as Vice President of Finance of a California nonprofit health system, and is well-qualified and equipped to assist the Debtors. The Debtors have determined that Mr. Engelmann will provide CFO services that will benefit the Debtors and their estates by providing the constant, necessary and experienced support that the Debtors require to successfully navigate their Chapter 11 Cases to the overwhelming benefit of all parties in interest.

The retention of corporate officers, therefore, is proper under § 363. Bankruptcy Courts frequently authorize the retention of officers utilizing this provision of the Bankruptcy Code. *See, e.g.*, *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 27, 2008) [Docket No. 182]; *In re Lehman Bros. Holdings, Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008)

[Docket No. 2278]; *In re Bally Total Fitness of Greater N.Y., Inc.*, Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 21, 2007) [Docket No. 283]. This Court has likewise authorized the Debtors to retain an officer pursuant to § 363(b) in these Chapter 11 Cases. *See Order Approving Continued Retention and Employment of Michael Lane as Debtors' Chief Restructuring Officer*, entered March 23, 2026 [ECF No. 573]. Mr. Engelmann's duties are operational, and he will not provide professional services within the meaning of § 327(a) of the Bankruptcy Code.

Although the Debtors believe that the employment of Mr. Engelmann as CFO, like any other officer retained by the Debtors and approved by the Board of Trustees, is an ordinary course transaction authorized under § 363(b) that does not require Court approval, and thus, the *Jay Alix Protocol* is not applicable to this retention, *see, e.g.*, *In re Nine West Holdings, Inc.*, 588 B.R. 678, 688 (Bankr. S.D.N.Y. July 2, 2018) (recognizing that the protocol, which implements the "one hat" rule requiring the firm sought to be retained to serve in only one capacity (i.e., as either a financial advisor, crisis manager, claims agent, or investor) is "designed to avoid the 'inherent conflict' between an advisor's duty to a debtor and its own business interests where the advisory firm serves both as a financial advisor retained pursuant to § 327 of the Bankruptcy Code and as a crisis manager with firm staff serving as officers of the debtor corporation"), the Debtors file this Application out of an abundance of caution.

Based on the foregoing, the Debtors submit that the retention of Mr. Engelmann on the terms set forth herein and in the Employment Agreement would inure to the benefit of the Debtors' estates and their creditors. Moreover, Mr. Engelmann is clearly qualified for the position for which he is being retained. The Debtors have determined that the compensation terms of the Employment Agreement are within the range for senior executive officers employed with companies of comparable size, value, and industry. *See* Chapple Declaration. Accordingly, the Debtors' decision to retain Mr. Engelmann pursuant to the terms of the Employment Agreement reflects an exercise of the Debtors' sound business judgment.

## X.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached as **Exhibit C** to the Exhibit List, approving the Debtors' retention of Mr. Engelmann as CFO pursuant to the terms of the Employment Agreement, and granting such other and further relief as is just and proper.

Dated: November 23, 2026

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
KEITH C. OWENS
NICHOLAS A. KOFFROTH
*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

# EXHIBIT D

6

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-19** |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects Orohealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | Chapter 11<br><br>Hon. Christopher D. Jaime<br><br>**Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**DECLARATION OF SCOTT CHAPPLE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JOEL ENGELMANN AS DEBTORS' CHIEF FINANCIAL OFFICER**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

I, Scott Chapple, hereby state and declare as follows:

1. I am the President and Chief Executive Officer ("CEO") of Oroville Hospital (the "Hospital") and its parent corporation, OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with the Hospital, the "Debtors"). As CEO, I oversee the Debtors' operations, including the hiring of the Debtors' senior executives.

2. I make this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer* (the "Application") filed concurrently herewith and for all other purposes authorized by law.[2]

3. Except as otherwise indicated, all facts in this Declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, my review of relevant documents and information concerning the Debtors' operations and financial affairs, or my opinions based upon my experience and knowledge. I am over the age of eighteen and authorized to submit this Declaration on behalf of the Debtors. If called upon as a witness, I could and would testify competently to the facts set forth in this Declaration.

4. On December 8, 2025 (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[3] The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108.

5. Prior to the Petition Date, the Debtors initiated a search for a new Chief Financial Officer with experience working with distressed hospitals. However, that search was paused due to the Debtors' transition into bankruptcy, and the job posting was removed in April 2026, while the Debtors commenced a marketing and sales process.

6. Over the past several months, the Debtors have been engaged in negotiations with UMB Bank, N.A., as Master Trustee, Series 2019 Bond Trustee, and postpetition lender (the "Trustee"), to pursue a consensual restructuring that can preserve the Debtors' healthcare facilities

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herewith.

[3] Unless otherwise indicated herein, all references to "§" and "Section" refer to a Section of the Bankruptcy Code.

for the benefit of their community, patients, employees, and other stakeholders. Towards that end, the Debtors and the Trustee have been working towards the preparation of a Restructuring Term Sheet, along with a related financial model supporting such Restructuring Term Sheet and have made significant progress in those efforts. During this process, the Debtors have determined that it is necessary and in the best interest of the Debtors and their bankruptcy estates to retain a new Chief Financial Officer ("CFO") to oversee the Debtors' financial operations, including cash management, budgeting, and financial reporting.

7. The Debtors evaluated several candidates for the role of CFO and determined that Joel Engelmann ("Mr. Engelmann") is best suited to serve as the Debtors' CFO given his experience leading finance, revenue cycle, and supply chain operations for a California nonprofit health system. Mr. Engelmann is a healthcare finance executive with more than ten years of experience in finance, accounting and audit. Since May 2025, he has served as Vice President of Finance of Marshall Medical Center, a $350 million nonprofit health system in Placerville, California, where he leads the finance, revenue cycle, information technology, and supply chain departments and presents monthly financials to the Board of Directors. Prior to that, he served Marshall Medical Center as Senior Staff Accountant, Senior Financial Analyst, and Interim and then Executive Director of Finance, and held audit positions at BPM and CohnReznick. A copy of Mr. Engelmann's CV is attached as **Exhibit B** to the *List of Exhibits in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer* (the "Exhibit List").

8. OroHealth extended an offer of employment to Mr. Engelmann, subject to Court approval, pursuant to a letter agreement dated November 16, 2026 (the "Employment Agreement"), a true and correct copy of which is attached as **Exhibit A** to the Exhibit List. Mr. Engelmann will be an at-will employee of OroHealth. Although he will be employed by OroHealth, he will serve as CFO of both OroHealth and the Hospital and will report directly to me. His employment is expected to commence on or about January 4, 2027, subject to this Court's approval. The Employment Agreement

was negotiated at arms-length and approved by the Debtors' Board of Trustees.

9. As CFO, Mr. Engelmann will oversee the Debtors' financial operations during these Chapter 11 Cases, working closely with me and other members of the Debtors' management team, the Medical Staff, the Nursing Staff, and other hospital departments. Specifically, Mr. Engelmann will provide the following services to the Debtors (the "Services"):

a. oversee the Debtors' accounting, treasury, budgeting, and financial reporting functions;

b. collaborate with the Debtors' Chief Restructuring Officer and financial and legal advisors to communicate with secured lenders, the Official Committee of Unsecured Creditors (the "Committee"), and other stakeholders;

c. advise the Chief Executive Officer and the Board of Trustees on the Debtors' financial condition, liquidity, and capital needs;

d. provide financial analysis to support the Debtors' Chief Restructuring Officer in connection with the Debtors' restructuring efforts;

e. oversee the Debtors' financial reporting obligations in these Chapter 11 Cases, including monthly operating reports;

f. discharge other customary duties and responsibilities of a chief financial officer; and

g. perform such other services as requested or directed by the Chief Executive Officer or the Board of Trustees, consistent with the role of CFO, and subject to approval of the Court to the extent required.

10. The Scope of Duties outlined below includes those duties the Debtors have determined are necessary and required of the CFO to accomplish the Debtors' goals and objectives.

a. Presentation and attendance in person or telephonically at Board of Trustees and executive team meetings.

b. Attendance at bankruptcy court hearings in-person or telephonically including availability as witness as necessary.

c. Interface with secured creditors, the Committee and other stakeholders and their related professionals, as necessary, and assist in development of analyses requested by secured lenders and Committee.

d. Prepare, in coordination with the Debtors' financial advisors, cash flow forecasts and budgets, with weekly updates and variance explanations.

e. Participate in weekly review and coordination of cash management.

f. Review and analysis of payments to critical vendors, if applicable.

g. Oversee preparation and review of all financial and strategic reporting distributed

to stakeholders.

h. Communications and coordination with the working group of other professionals retained by the Debtors, including their investment banker, financial advisor, and legal counsel.

i. Implement financial controls.

j. Conduct such other matters agreed upon by the Debtors and deemed necessary to implement the Debtors' strategies in these Chapter 11 Cases.

11. Mr. Engelmann's duties are operational. He will not make restructuring decisions, which remain with the Debtors' Chief Restructuring Officer, Michael Lane, and his services will complement, and not duplicate, those of other members of the Debtors' management team. Mr. Engelmann is not employed by a restructuring, advisory, or consulting firm and does not retain his own staff. He will coordinate with me and other members of the Debtors' management team to avoid unnecessary duplication of effort.

12. Pursuant to the Offer Letter, OroHealth agreed to pay Mr. Engelmann an annual base salary of $385,008.00, payable biweekly in accordance with OroHealth's established payroll practices, and to reimburse him for documented, reasonable relocation, temporary housing for up to ninety (90) days, and moving-related expenses up to a maximum of $25,000, subject to repayment if he voluntarily resigns or is terminated for cause within the first twenty-four (24) months of employment. Mr. Engelmann will be eligible for OroHealth's employee benefit programs, subject to the eligibility requirements and terms of the applicable benefit plans. Mr. Engelmann will become eligible for a performance bonus for the fiscal year ending November 2027, subject to approval by OroHealth's Board of Trustees in its sole discretion; however, no performance bonus will accrue, be earned, or become payable with respect to any period while these Chapter 11 Cases are pending. The Employment Agreement does not provide for any severance or retention payment.

13. Based on my experience, the compensation terms of the Employment Agreement are within the range for senior executive officers employed with companies of comparable size, value, and industry.

14. As an officer of the Debtors, Mr. Engelmann will be entitled to indemnification to the

same extent applicable to all other corporate officers under the Debtors' organizational documents and applicable state law and will be included under the Debtors' directors and officers, and any other applicable insurance policy to the extent provided to officers of the Debtors.

15. I believe that the employment and retention of Mr. Engelmann as CFO on the terms set forth in the Employment Agreement is a sound exercise of the Debtors' business judgment and in the best interest of the Debtors, their estates, and their creditors.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 20th day of November 2026, in Oroville, California.

*/s/ Scott Chapple*

Scott Chapple

# EXHIBIT E

**4**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With: Case No. 25-26877<br><br>**DCN KCO-19**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects Orohealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**DECLARATION OF JOEL ENGELMANN IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JOEL ENGELMANN AS DEBTORS' CHIEF FINANCIAL OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

I, Joel Engelmann, hereby state and declare as follows:

1. I am the proposed Chief Financial Officer ("CFO") of Oroville Hospital (the "Hospital") and Oroville Hospital's parent corporation, OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with Oroville Hospital, the "Debtors"). A true and correct copy of the letter agreement dated November 16, 2026, which sets forth the terms of my retention (the "Employment Agreement"), is attached as **Exhibit A** to the *List of Exhibits in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer* (the "Exhibit List").

2. I make this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Joel Engelmann as Debtors' Chief Financial Officer* (the "Application") filed concurrently herewith and for all other purposes authorized by law.[2]

3. Except as otherwise indicated, all facts in this Declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, my review of relevant documents, or my opinions based upon my experience and knowledge. I am over the age of eighteen and, if called upon as a witness, I could and would testify competently to the facts set forth in this Declaration.

4. I am a healthcare finance executive with more than ten years of finance, accounting, and audit experience. Since May 2025, I have served as Vice President of Finance at Marshall Medical Center, a $350 million nonprofit health system in Placerville, California, where I lead the finance, revenue cycle, information technology, and supply chain departments and present monthly financials to the Board of Directors. I also serve as the acting Chief Financial Officer for the Marshall Foundation for Community Health and held positions with the Marshall Medical Center as the Executive Director of Finance, Senior Financial Analysist, and Senior Staff Accountant. I previously held audit positions in the Sacramento office of CohnReznick, and the San Jose office at BPM. I hold a Bachelor of Science in Commerce – Accounting from Santa Clara University. A true and correct copy of my CV is attached as **Exhibit B** to the Exhibits List.

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herein.

5. As more particularly described in the Employment Agreement, I understand that I will be an at-will employee of OroHealth and will report to the Debtors' Chief Executive Officer, Scott Chapple. My duties as CFO will be operational, and I have not been retained to make restructuring decisions. I am not employed by and do not retain compensation from any restructuring, advisory, or consulting firm. I will not employ staff to assist in my role as CFO.

6. I did not have any relationship with the Debtors, their management team, or members of their Boards of Trustees prior to being offered the position of CFO.

7. I will use my best efforts to ensure that the services provided by me will complement and not be duplicative of the services rendered by other members of the Debtors' management team.

8. I have made no commitments with respect to compensation or payment in connection with these Chapter 11 Cases other than in accordance with the Employment Agreement, and I have no agreement with any other person or entity to share with such entity any compensation I receive in connection with these Chapter 11 Cases.

9. I hold no claim against the Debtors or their estates, and no amount is owed to me by the Debtors.

10. In connection with my proposed retention by the Debtors in these Chapter 11 Cases, I conducted a search of the Debtors' conflict database with respect to the Debtors and a list of potential parties in interest in the Chapter 11 Cases compiled by the Debtors and their professionals (collectively, the "Potential Parties in Interest").

11. I reviewed the list to determine if I have, or previously had, a relationship with any of the Potential Parties in Interest during the five-year period immediately preceding the Petition Date.

12. Upon my review, I determined that I have no connection with, and hold no interest adverse to, the Debtors, their creditors, equity security holders, or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters in which I am proposed to be retained. Although certain vendors included on the Potential Parties in Interest list may also be vendors of

Marshall Medical Center, I do not personally have any financial or personal relationship with any of these vendors. Therefore, I am a "disinterested" person as that term is defined by section 101(14) of the Bankruptcy Code.

13. If any new material relevant facts or relationships are discovered or arise, I will promptly notify this Court by filing a supplemental declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 20th day of November 2026, in Placerville, California.

*/s/ Joel Engelmann*

Joel Engelmann

# EXHIBIT F

**8**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), submit this application (this "Application") for entry of an order (i) authorizing the Debtors to employ and retain Kim Brown Sims ("Ms. Brown Sims") as Chief Administrative Officer ("CAO") in the ordinary course of business pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code and the terms of the letter agreement dated November 11, 2026 (the "Employment Agreement"), a copy of which is attached as **Exhibit A** to the List of Exhibits ("Exhibit List") filed concurrently herewith; (ii) authorizing the Debtors to compensate Ms. Brown Sims on the terms set forth in the Employment Agreement; and (iii) granting such other and further relief as the Court deems just and proper. In support of the Application, the Debtors refer to the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* [ECF No. 20] (the "First Day Declaration"), the *Declaration of Kim Brown Sims* (the "Brown Sims Declaration"), and the *Declaration of Scott Chapple* (the "Chapple Declaration"), each filed concurrently herewith.

Although the Debtors believe that the employment of Ms. Brown Sims as CAO is authorized as an ordinary course transaction under § 363(b) and does not require Court approval, the Debtors file this Application in an abundance of caution. Ms. Brown Sims will serve as an at-will employee of OroHealth. Ms. Brown Sims' duties are operational in nature, and she will not be responsible for any restructuring decisions. She will report to the Debtors' Chief Executive Officer rather than the Chief Restructuring Officer. In addition, Ms. Brown Simms will not have any responsibility for making restructuring decisions, does not work for a restructuring, advisory, or consulting firm, and does not retain her own staff. Therefore, the Debtors do not believe that the *Jay Alix Protocol* is applicable to Ms. Brown Sims. However, out of an abundance of caution, the Debtors file this Application seeking this Court's authority to employ and retain Ms. Brown Sims as the Debtors' CAO.

# I.

## JURISDICTION AND VENUE

The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The bases for the relief requested are §§ 105, 363, 1107, and 1108 of the Bankruptcy Code, Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014-1 of the Local Rules of Practice of the United States Bankruptcy Court for the Eastern District of California (the "LBR").

# II.

## FACTUAL BACKGROUND

### A. General Background

On December 8, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On December 23, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") comprised of seven members. [ECF No. 145].

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville and surrounding communities and provide laboratory services with 23 outpatient laboratory draw stations. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the

Debtors is exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, is set forth in the First Day Declaration.

**B. Facts Specific to This Application**

Over the past several months, the Debtors have been engaged in negotiations with UMB Bank, N.A., as Master Trustee, Series 2019 Bond Trustee, and postpetition lender (the "Trustee"), to pursue a consensual restructuring that can preserve the Debtors' healthcare facilities for the benefit of their community, patients, employees, and other stakeholders. Towards that end, the Debtors and the Trustee have been working towards the preparation of a Restructuring Term Sheet, along with a related financial model supporting such Restructuring Term Sheet and have made significant progress in those efforts. During this process, the Debtors have determined that it is necessary and in the best interest of the Debtors and their bankruptcy estates to retain a CAO with significant responsibilities for hospital-wide operational performance, organizational effectiveness, strategic initiatives, financial performance, and long-term sustainability.

The Debtors evaluated several candidates and have determined that Ms. Brown Sims is best suited to serve as the Debtors' CAO. Ms. Brown Sims is a healthcare executive with more than forty years of experience in hospital operations, patient care services, and organizational transformation. She currently serves as Chief Nursing Officer of CHA Hollywood Presbyterian Medical Center and previously served as Assistant Administrator, Operations of Sutter Memorial Hospital.

The Debtors propose to employ Ms. Brown Sims as CAO under the terms and conditions set forth in the letter agreement dated November 12, 2026, between OroHealth and Ms. Brown Sims (the "Employment Agreement"), a true and correct copy of which is attached as **Exhibit A** to the Exhibit List filed contemporaneously herewith. Although Ms. Brown Sims will be employed by OroHealth, she will serve as CAO of both OroHealth and the Hospital, will report to the Debtors' Chief Executive Officer, and will be designated as an officer of OroHealth and the Hospital, subject to their governing documents and required approvals. Her employment is expected to commence on or about December 14, 2026, subject to this Court's approval. The Debtors interviewed several

candidates for the role of CAO and determined that Ms. Brown Sims was best suited to serve as the Debtors' CAO given her experience leading hospital-wide operations, facility planning, and hospital integrations for California hospitals and health systems, and her willingness to relocate to the City of Oroville. The Employment Agreement was negotiated by the parties and approved by the Debtors' Board of Trustees and reflects the parties' mutual agreement as to the terms of Ms. Brown Sims's employment.

The Debtors believe that Ms. Brown Sims is well-qualified to perform the services discussed herein and that her employment as CAO is necessary to the successful outcome of these Chapter 11 Cases.

**III.**

**RELIEF REQUESTED**

By this Application, the Debtors seek entry of an order, pursuant to §§ 105 and 363, authorizing the employment and retention of Ms. Brown Sims as CAO to the Debtors pursuant to the terms of the Employment Agreement.

**IV.**

**SERVICES TO BE RENDERED**

The employment of Ms. Brown Sims is appropriate and necessary to enable the Debtors to execute their duties as debtors-in-possession in Chapter 11 including, among other things, to manage the Hospital's day-to-day operations and administrative functions during these Chapter 11 Cases. Subject to further order of this Court, the Debtors propose to employ and retain Ms. Brown Sims to serve as the CAO to the Debtors in accordance with the terms and conditions set forth in the Employment Agreement, as summarized in the Memorandum of Points and Authorities filed concurrently herewith, except as otherwise explicitly set forth herein or in any order granting this Application.

**V.**

**QUALIFICATIONS OF MS. BROWN SIMS**

Ms. Brown Sims is a healthcare executive with more than forty years of leadership experience across for-profit and nonprofit hospitals, academic medical centers, and integrated

delivery systems. She has served in various roles including as Chief Nursing Officer for CHA Hollywood Presbyterian Medical Center, and as Vice President, Patient Care Services and Chief Nurse Executive of the UCSF Health Network and Community Hospitals Division, where she led hospital-wide operations as Assistant Administrator, Operations of Sutter Memorial Hospital. Ms. Brown Sims holds an MBA in Strategic Leadership and a BSN, and is a Fellow of the American College of Healthcare Executives (FACHE).

The Debtors believe that Ms. Brown Sims is well-qualified to serve as the Debtors' CAO. A copy of Ms. Brown Sims's CV is attached as **Exhibit B** to the Exhibit List, and her qualifications are further described in the Chapple Declaration.

## VI.

## COMPENSATION

Pursuant to the Employment Agreement, OroHealth agreed to pay Ms. Brown Sims an annual base salary of $435,011.20, payable biweekly in accordance with OroHealth's established payroll practices, and to reimburse Ms. Brown Sims for documented, reasonable relocation, temporary housing, and moving-related expenses up to a maximum of $25,000, subject to repayment under certain conditions. Ms. Brown Sims will be eligible for OroHealth's employee benefit programs, subject to the applicable plan terms. No performance bonus will accrue, be earned, or become payable with respect to any period while these Chapter 11 Cases are pending, and the Employment Agreement does not provide for any severance or retention payment.

## VII.

## INDEMNIFICATION

As an officer of the Debtors, Ms. Brown Sims will be entitled to indemnification to the same extent applicable to all other corporate officers under the Debtors' organizational documents and applicable state law and will be eligible for coverage under the Debtors' directors and officers liability insurance policy, subject to its terms, conditions, exclusions, and limits.

Such indemnification and insurance coverage are customary terms of employment for senior executive officers and are no broader than those provided to the Debtors' other officers. The Debtors

respectfully submit that providing such coverage to Ms. Brown Sims is reasonable and in the best interest of the Debtors and their bankruptcy estates.

**VIII.**

**MS. BROWN SIMS' DISINTERESTEDNESS**

To the best of the Debtors' knowledge, information, and belief, Ms. Brown Sims has no connection with, and holds no interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters in which Ms. Brown Sims is proposed to be retained, as set forth in the Brown Sims Declaration.

Although the Debtors submit that the employment and retention of Ms. Brown Sims is not governed by § 327, as set forth in Ms. Brown Sims's Declaration filed concurrently herewith, Ms. Brown Sims does not have any material connections with creditors, equity security holders, and other parties in interest in these Chapter 11 Cases.. Thus, the Debtors submit that Ms. Brown Sims is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

In addition, as set forth in the Brown Sims Declaration, if any new material facts or relationships are discovered or arise, Ms. Brown Sims will provide the Court with a supplemental declaration.

**IX.**

**BASIS FOR RELIEF**

The Debtors request that the Application be approved pursuant to §§ 363 and 105 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under applicable case law, in this and other jurisdictions, if the Debtors' proposed use of its assets pursuant to § 363(b) represents a reasonable exercise of the debtor's business judgment, such use should be approved. *See, e.g.*, *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175–76 (D. Del. 1991) (noting that courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b) of the Bankruptcy

Code); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.").

Pursuant to § 105(a), bankruptcy courts have inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Although the Debtors believe that the employment of Ms. Brown Sims as CAO, like any other officer retained by the Debtors and approved by the Board of Trustees, is an ordinary course transaction authorized under § 363(b) that does not require Court approval, and thus, the *Jay Alix Protocol* is not applicable to this retention, *see, e.g.*, *In re Nine West Holdings, Inc.*, 588 B.R. 678, 688 (Bankr. S.D.N.Y. July 2, 2018), the Debtors file this Application out of an abundance of caution. This Court has previously authorized the Debtors to retain an officer pursuant to § 363(b) in these Chapter 11 Cases. *See Order Approving Continued Retention and Employment of Michael Lane as Debtors' Chief Restructuring Officer*, entered March 23, 2026 [ECF No. 573]. Here, Ms. Brown Sims' duties and responsibilities are operational in nature, and are not the types of services to be rendered by estate professionals under § 327(a).

**X.**

**<u>CONCLUSION</u>**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached as **<u>Exhibit C</u>** to the Exhibit List, approving the Debtors' employment and retention of Ms. Brown Sims as the Debtors' CAO pursuant to the terms of the Employment Application, and granting such other and further relief as is just and proper.

Dated: November 23, 2026

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
KEITH C. OWENS
NICHOLAS A. KOFFROTH
*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

# EXHIBIT G

**4**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street, Sixth Floor<br>Sacramento, California 95814 |

**NOTICE OF HEARING ON DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

**PLEASE TAKE NOTICE** that Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"),[2] have filed an application (the "Application") seeking entry of an order authorizing the Debtors' to employ and retain Kim Brown Sim, as Chief Administrative Officer to the Debtors, in connection with these Chapter 11 Cases, effective as of the Petition Date, December 8, 2025.

**PLEASE TAKE FURTHER NOTICE** that, as further described below, the hearing on the Application will be held on December 8, 2026, at 11:00 a.m. or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Christopher D. Jaime, United States Bankruptcy Judge, 501 I Street, Courtroom 32 Sacramento, California, 95814, where the Court will hear and consider approval of the Application.

By the Applications, the Debtors seek entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing the employment and retention of Ms. Brown Sims as CAO to the Debtors in the ordinary course pursuant to the terms of the Employment Agreement, dated November 12, 2026.

The Application is supported by the accompanying exhibit list, the *Memorandum of Points and Authorities in support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Chief Administrative Officer to the Debtors* (the "Memorandum")[3] and the *Declaration of Scott Chapple in support of Application* (the "Chapple Declaration") filed concurrently therewith.

**PLEASE TAKE FURTHER NOTICE** that the matter will be conducted simultaneously: (i) in Person, at Sacramento Courtroom 32, (ii) via ZoomGov Video, (iii) via ZoomGov Telephone, and (iv) via CourtCall. You may choose any of these options. Parties who wish to appear at a hearing

---

[2] Unless otherwise defined herein, all references to "Section" and "§" refer to a section of the Bankruptcy Code.

[3] Unless otherwise defined herein, capitalized terms shall have the definitions set forth in the Memorandum.

remotely should sign up by 4:00 p.m. one business day prior to the hearing. Information regarding how to sign up can be found on the Remote Appearances page of the court's website at https://www.caeb.uscourts.gov/Calendar/CourtAppearances. Procedures and guidelines for remote appearances may be found on the Court's website as follows: https://www.caeb.uscourts.gov/documents/Forms/Misc/ZoomGov%20Protocols.pdf. Each party who has signed up will receive a Zoom link or phone number, meeting I.D., and password via e-mail. If the deadline to sign up has passed, parties who wish to appear remotely must contact the Courtroom Deputy for the Department holding the hearing. Telephonic appearances may be arranged at least 24 hours in advance of calendared hearings through court conference at 1-866-582-6878.

**PLEASE TAKE FURTHER NOTICE** that the Motion is filed pursuant to Local Rule of Practice 9014-1(f)(2). Opposition to the Motion, if any, shall be presented at the hearing on the Application on December 8, 2026, at 11:00 a.m. in Courtroom 32. If opposition is presented, or if there is other good cause, the Court may continue the hearing to permit the filing of evidence and briefs. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief requested.

**PLEASE TAKE FURTHER NOTICE** that you can determine whether the matter has been resolved without oral argument or whether the court has issued a tentative ruling and can view any pre-hearing dispositions by checking the Court's website at www.caeb.uscourts.gov after 4:00 p.m. the day before the hearing. Parties appearing telephonically must view the pre-hearing dispositions prior to the hearing.

**PLEASE TAKE FURTHER NOTICE** that this Notice does not contain all the particulars of the Application or supporting documents for the Application, nor does it summarize all the evidence submitted in support of the Application. For further specifics concerning the Application and the relief requested, you are encouraged to review the Application and the supporting evidence, including the supporting declarations, copies of which may be obtained from the website, https://dm.epiq11.com/case/orovillehospital/info free of charge.

You may also access these documents from the Court's PACER system (requires a subscription). The web page address for the United States Bankruptcy Court for the Eastern District of California is https://www.caeb.uscourts.gov/, which includes a link to the Court's Case Management/Electronic Case Filing System (CM/ECF system) and PACER registration.

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

Dated: November 23, 2026

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
Keith C. Owens
Nicholas A. Koffroth
*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

# EXHIBIT H

**14**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

# TABLE OF CONTENTS

I. JURISDICTION AND VENUE ....- 5 -

II. FACTUAL BACKGROUND ....- 6 -

A. General Background ....- 6 -

B. Facts Specific to This Application ....- 7 -

III. RELIEF REQUESTED ....- 8 -

IV. SERVICES TO BE RENDERED ....- 8 -

V. QUALIFICATION OF MS. BROWN SIMS ....- 9 -

VI. COMPENSATION ....- 10 -

VII. INDEMNIFICATION ....- 11 -

VIII. MS. BROWN SIMS'S DISINTERESTEDNESS ....- 11 -

IX. BASIS FOR RELIEF ....- 12 -

X. CONCLUSION ....- 14 -

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bally Total Fitness of Greater N.Y., Inc.*,
Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 21, 2007) [Docket No. 283]....................13

*In re Del. & Hudson Ry. Co.*,
124 B.R. 169 (D. Del. 1991)....................12

*In re Lehman Bros. Holdings, Inc.*,
Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008) [Docket No. 2278]....................13

*In re Lionel Corp.*,
722 F.2d 1063 (2d Cir. 1983)....................12

*In re Nine West Holdings, Inc.*,
588 B.R. 678 (Bankr. S.D.N.Y. July 2, 2018)....................13

*In re PRC, LLC*,
Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 27, 2008) [Docket No. 182]....................13

*In re Schipper*,
933 F.2d 513 (7th Cir. 1991)....................12

*In re UAL Corp.*,
443 F.3d 565 (7th Cir. 2006)....................12

**Statutes**

11 U.S.C. § 101(14)....................12

11 U.S.C. § 105....................6

11 U.S.C. § 105(a)....................5, 8, 12

11 U.S.C. § 327....................11, 13

11 U.S.C. § 327(a)....................13

11 U.S.C. § 363....................6

11 U.S.C. § 363....................13

11 U.S.C. § 363(b)....................*passim*

11 U.S.C. § 363(b)(1)....................12

11 U.S.C. § 1107....................6

11 U.S.C. § 1107(a) ....................6
11 U.S.C. § 1108 ....................6
28 U.S.C. § 157 ....................5
28 U.S.C. § 157(b)(2) ....................5
28 U.S.C. § 1334 ....................5
28 U.S.C. § 1408 ....................5
28 U.S.C. § 1409 ....................5
I.R.C. § 501(c)(3) ....................6

**Other Authorities**

Fed. R. Bankr. P. 2002 ....................6
Fed. R. Bankr. P. 6004 ....................6
Fed. R. Bankr. P. 9014 ....................6
Local R. 9014-1 ....................6

Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby submit this memorandum of points and authorities in support of the concurrently-filed application (the "Application"), seeking entry of an order authorizing the Debtors to employ and retain Kim Brown Sims ("Ms. Brown Sims") as Chief Administrative Officer ("CAO") to the Debtors in the ordinary course pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code. In support of the Application, the Debtors refer to the *List of Exhibits in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* ("Exhibit List"), the *Declaration of Robert J. Wentz in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), the *Declaration of Kim Brown Sims* (the "Brown Sims Declaration"), and the *Declaration of Scott Chapple* (the "Chapple Declaration"), each filed concurrently herewith.

As discussed herein, in her capacity as CAO, Ms. Brown Sims will be an at-will employee of OroHealth whose duties are operational. She will report to the Debtors' Chief Executive Officer rather than to the Debtors' Chief Restructuring Officer and will not make restructuring decisions. The Debtors believe that the employment of Ms. Brown Sims as CAO is authorized as an ordinary course transaction pursuant to 11 U.S.C. § 363(b) and does not require Court approval. However, out of an abundance of caution, the Debtors file this Application seeking this Court's authority to employ and retain Ms. Brown Sims as CAO of the Debtors. In further support of the Application, the Debtors respectfully state as follows:

**I.**

**JURISDICTION AND VENUE**

The United States Bankruptcy Court for the Eastern District of California (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and General Orders 182 and 223 of the United States District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The bases for the relief requested are §§ 105, 363, 1107, and 1108 of the Bankruptcy Code, Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9014-1 of the Local Rules of Practice of the United States Bankruptcy Court for the Eastern District of California (the "LBR").

## II.

## FACTUAL BACKGROUND

### A. General Background

On December 8, 2025 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, which initiated the Chapter 11 Cases. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to §§ 1107(a) and 1108. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On December 23, 2025, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors (the "Committee") comprised of seven members. [ECF No. 145].

OroHealth, Oroville Hospital, and their affiliated nondebtor entities operate as a California nonprofit health care system in and around Butte County, California, with approximately 133 general acute care beds (including 10 intensive care and 10 perinatal beds), an active emergency room, and 126 skilled nursing facility beds. The Debtors also provide 33 specialty services at their 31 clinics (including 10 rural health clinics) in Oroville and surrounding communities, and provide laboratory services through Valley Clinical Laboratory with 23 outpatient laboratory draw stations. In its fiscal year ended 2024, the Debtors recorded 98,018 patient days (adjusted to account for outpatient visits), 26,416 emergency room visits, 2.2 million lab tests, 361,558 clinic visits, and 384 births at their facilities. Each of the Debtors is exempt from federal income taxation as an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986. A more detailed description of the Debtors, including their current and historical business operations and the events precipitating the Chapter 11 Cases, is set forth in the First Day Declaration [ECF No. 20].

**B. Facts Specific to This Application**

Over the past several months, the Debtors have been engaged in negotiations with UMB Bank, N.A., as Master Trustee, Series 2019 Bond Trustee, and postpetition lender (the "Trustee"), to pursue a consensual restructuring that can preserve the Debtors' healthcare facilities for the benefit of their community, patients, employees, and other stakeholders. Towards that end, the Debtors and the Trustee have been working towards the preparation of a Restructuring Term Sheet, along with a related financial model supporting such Restructuring Term Sheet and have made significant progress in those efforts. During this process, the Debtors have determined that it is necessary and in the best interest of the Debtors and their bankruptcy estates to retain a CAO with significant responsibilities for hospital-wide operational performance, organizational effectiveness, strategic initiatives, financial performance, and long-term sustainability.

The Debtors evaluated several candidates and have determined that Ms. Brown Sims is best suited to serve as the Debtors' CAO. Ms. Brown Sims is a healthcare executive with more than forty years of experience in hospital operations, patient care services, and organizational transformation. She currently serves as Chief Nursing Officer of CHA Hollywood Presbyterian Medical Center and previously served as Assistant Administrator, Operations of Sutter Memorial Hospital.

The Debtors propose to employ Ms. Brown Sims as CAO under the terms and conditions set forth in the letter agreement dated November 12, 2026, between OroHealth and Ms. Brown Sims (the "Employment Agreement"), a true and correct copy of which is attached as **Exhibit A** to the Exhibit List filed contemporaneously herewith. Although Ms. Brown Sims will be employed by OroHealth, she will serve as CAO of both OroHealth and the Hospital, will report to the Debtors' Chief Executive Officer, and will be designated as an officer of OroHealth and the Hospital, subject to their governing documents and required approvals. Her employment is expected to commence on or about December 14, 2026, subject to this Court's approval. The Debtors evaluated several candidates for the role of CAO and determined that Ms. Brown Sims was best suited to serve as the Debtors' CAO given her experience leading hospital-wide operations, facility planning, and hospital integrations for California hospitals and health systems, and her willingness to relocate to the City of Oroville. The Employment Agreement was negotiated by the parties and approved by the Debtors'

Board of Trustees, and reflects the parties' mutual agreement as to the terms of Ms. Brown Sims's employment.

The Debtors believe that Ms. Brown Sims is well-qualified to perform the services discussed herein and that her employment as CAO is necessary to the successful outcome of these Chapter 11 Cases.

**III.**

**RELIEF REQUESTED**

By the Application, the Debtors seek entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, authorizing the employment and retention of Ms. Brown Sims as CAO to the Debtors in the ordinary course pursuant to the terms of the Employment Agreement.

**IV.**

**SERVICES TO BE RENDERED**

Subject to the Court's approval, and consistent with the Employment Agreement, the Debtors desire to employ and retain Ms. Brown Sims as CAO to manage the Hospital's day-to-day operations and administrative functions during these Chapter 11 Cases.

As CAO, Ms. Brown Sims shall report directly to the Debtors' Chief Executive Officer. Consistent with the duties of the Hospital Administrator under the Hospital's bylaws, and while working closely with the Debtors' management team, including the Debtors' Chief Financial Officer, Chief Operating Officer, Chief Nursing Officer, and Chief Restructuring Officer, along with the Debtors' Medical Staff, Nursing Staff and other departments, Ms. Brown Sims will provide the following services as CAO to the Debtors (the "Services"):

a. serve as general manager and supervisor of the Hospital's operations and carry out the policies established by the Board of Trustees;

b. establish and oversee hospital departments, departmental accountability, and the Hospital's plan of organization;

c. serve as liaison among the Board of Trustees, the Medical Staff, Nursing Staff, and other hospital departments;

d. select, employ, and supervise hospital employees other than physicians, and develop and maintain personnel policies and practices;

e. assist with preparation of the Hospital's annual budget and supervise its business affairs, in coordination with the Debtors' Chief Financial Officer and other senior executives;

f. oversee the Hospital's compliance with the requirements of planning, regulatory, and inspecting agencies, and support quality improvement, patient safety, and risk management activities;

g. report regularly to the Board of Trustees on the Hospital's operations and professional and financial activities;

h. support the Debtors' management team in the Hospital's operations; and

i. perform such other services as requested or directed by the Chief Executive Officer or the Board of Trustees, consistent with the role of CAO, and subject to approval of the Court to the extent required.

The Debtors submit that it is necessary and appropriate to employ and retain Ms. Brown Sims as CAO to render the foregoing services that will enable the Debtors to faithfully execute their duties in these Chapter 11 Cases. Therefore, the Debtors have requested that Ms. Brown Sims perform the services set forth herein.

The services provided by Ms. Brown Sims will complement and not duplicate the services rendered by other members of the Debtors' management team. Notably, Ms. Brown Sims will be an employee of OroHealth, is not employed by a restructuring, advisory, or consulting firm, and does not retain her own staff. Therefore, the Debtors do not believe that the *Jay Alix Protocol* is applicable to Ms. Brown Sims. Further, Ms. Brown Sims will coordinate with the Chief Executive Officer and other members of the Debtors' management team to avoid unnecessary duplication of efforts.

**V.**

**QUALIFICATION OF MS. BROWN SIMS**

Ms. Brown Sims is a healthcare executive with more than forty years of leadership experience across for-profit and nonprofit hospitals, academic medical centers, and integrated delivery systems, including hospital-wide operations, financial stewardship, and capital and facility planning. Since 2025, she has served as Chief Nursing Officer of CHA Hollywood Presbyterian Medical Center. From 2021 to 2025, she served as Vice President, Patient Care Services and Chief

Nurse Executive of the UCSF Health Network and Community Hospitals Division, where she led operational readiness for the transition of St. Francis Memorial Hospital and St. Mary's Medical Center from Dignity Health, including the electronic health record transition and consolidation of two medical staffs.

Ms. Brown Sims previously served as Vice President, Patient Care Services and Chief Nurse Executive of Queen of the Valley Medical Center (Providence) and as Vice President and Chief Nursing Officer of Sierra Vista Regional Medical Center (Tenet Healthcare). In prior years, she led hospital-wide operations as Assistant Administrator, Operations of Sutter Memorial Hospital, including business development, payer and vendor contracting, and capital planning, and served as Director, Administrative Services of Kaiser Permanente Roseville. She has overseen operating budgets exceeding $150 million and teams of more than 1,000 employees. Ms. Brown Sims holds an MBA in Strategic Leadership from Trident University International and a BSN from California State University, Sacramento, and is a Fellow of the American College of Healthcare Executives (FACHE).

Ms. Brown Sims's experience leading hospital operations, facility planning, and hospital integrations for California hospitals and health systems is directly relevant to the Debtors' operations and their needs. Accordingly, Ms. Brown Sims is well-qualified to serve as the Debtors' CAO. A copy of Ms. Brown Sims's CV is attached as **Exhibit B** to the Exhibit List, filed contemporaneously herewith, and her qualifications are further described in the Chapple Declaration.

## VI.

## COMPENSATION

Pursuant to the Employment Agreement, for the services of Ms. Brown Sims, OroHealth agrees to pay Ms. Brown Sims an annual base salary of $435,011.20, payable biweekly in accordance with OroHealth's established payroll practices. Ms. Brown Sims will be eligible for OroHealth's employee benefit programs, subject to the eligibility requirements and terms of the applicable benefit plans. In addition, OroHealth agreed to reimburse Ms. Brown Sims for documented, reasonable relocation, temporary housing for up to thirty (30) days, and moving-related expenses up to a maximum of $25,000, subject to repayment if Ms. Brown Sims voluntarily resigns

or is terminated for cause within the first twelve (12) months of employment. Ms. Brown Sims will become eligible for a performance bonus for the fiscal year ending November 2027, subject to approval by OroHealth's Board of Trustees in its sole discretion; however, no performance bonus will accrue, be earned, or become payable with respect to any period while these Chapter 11 Cases are pending. The Employment Agreement does not provide for any severance or retention payments. The Debtors request authorization to make such payments to Ms. Brown Sims in the ordinary course of business under § 363(b).

**VII.**

**INDEMNIFICATION**

Under the Employment Agreement, Ms. Brown Sims will be designated as an officer of OroHealth and the Hospital and will be eligible for coverage under the Debtors' directors and officers liability insurance policy, subject to its terms, conditions, exclusions, and limits. As an officer of the Debtors, Ms. Brown Sims will be entitled to indemnification only to the same extent applicable to all other corporate officers under the Debtors' organizational documents and applicable state law.

Such indemnification and insurance coverage are customary terms of employment for senior executive officers and are no broader than those provided to the Debtors' other officers. The Debtors respectfully submit that providing such coverage to Ms. Brown Sims is reasonable and in the best interest of the Debtors and their bankruptcy estates.

**VIII.**

**MS. BROWN SIMS'S DISINTERESTEDNESS**

To the best of the Debtors' knowledge, information, and belief, Ms. Brown Sims has no connection with, and holds no interest adverse to the Debtors, their creditors, or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters in which Ms. Brown Sims is proposed to be retained, as set forth in the Brown Sims Declaration.

Although the Debtors submit that the employment and retention of Ms. Brown Sims is not governed by section 327 of the Bankruptcy Code, as set forth in Ms. Brown Sims's Declaration filed

concurrently herewith, Ms. Brown Sims does not have any material connections with creditors, equity security holders, and other parties in interest in these Chapter 11 Cases.. Thus, the Debtors submit that Ms. Brown Sims is a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code.

In addition, as set forth in the Brown Sims Declaration, if any new material facts or relationships are discovered or arise, Ms. Brown Sims will provide the Court with a supplemental declaration.

**IX.**

**BASIS FOR RELIEF**

The Debtors seek approval of the employment and retention of Ms. Brown Sims pursuant to section 363(b) of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under applicable case law, in this and other jurisdictions, if the Debtors' proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable exercise of the debtor's business judgment, such use should be approved. *See, e.g.*, *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006); *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 175–76 (D. Del. 1991) (noting that courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b) of the Bankruptcy Code); *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application.").

Further, pursuant to section 105(a) of the Bankruptcy Code the bankruptcy court has inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

The decision to employ and retain Ms. Brown Sims as CAO should be authorized because it is in the sound exercise of the Debtors' business judgment. As set forth above, Ms. Brown Sims has more than forty years of experience in hospital operations and administration, including as Assistant

Administrator, Operations of Sutter Memorial Hospital and as a senior nursing and patient care executive for California hospitals and health systems, and is well-qualified and equipped to assist the Debtors. The Debtors have determined that Ms. Brown Sims will provide CAO services that will benefit the Debtors and their estates by providing the constant, necessary and experienced support that the Debtors require to successfully navigate their Chapter 11 Cases to the overwhelming benefit of all parties in interest.

The retention of corporate officers, therefore, is proper under § 363. Bankruptcy Courts frequently authorize the retention of officers utilizing this provision of the Bankruptcy Code. *See, e.g.*, *In re PRC, LLC*, Case No. 08-10239 (MG) (Bankr. S.D.N.Y. Feb. 27, 2008) [Docket No. 182]; *In re Lehman Bros. Holdings, Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008) [Docket No. 2278]; *In re Bally Total Fitness of Greater N.Y., Inc.*, Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug. 21, 2007) [Docket No. 283]. This Court has likewise authorized the Debtors to retain an officer pursuant to § 363(b) in these Chapter 11 Cases. *See Order Approving Continued Retention and Employment of Michael Lane as Debtors' Chief Restructuring Officer*, entered March 23, 2026 [ECF No. 573]. Ms. Brown Sims's duties are operational, and she will not provide professional services within the meaning of § 327(a) of the Bankruptcy Code.

Although the Debtors believe that the employment of Ms. Brown Sims as CAO, like any other officer retained by the Debtors and approved by the Board of Trustees, is an ordinary course transaction authorized under § 363(b) that does not require Court approval, and thus, the *Jay Alix Protocol* is not applicable to this retention, *see, e.g.*, *In re Nine West Holdings, Inc.*, 588 B.R. 678, 688 (Bankr. S.D.N.Y. July 2, 2018) (recognizing that the protocol, which implements the "one hat" rule requiring the firm sought to be retained to serve in only one capacity (i.e., as either a financial advisor, crisis manager, claims agent, or investor) is "designed to avoid the 'inherent conflict' between an advisor's duty to a debtor and its own business interests where the advisory firm serves both as a financial advisor retained pursuant to § 327 of the Bankruptcy Code and as a crisis manager with firm staff serving as officers of the debtor corporation"), the Debtors file this Application out of an abundance of caution.

Based on the foregoing, the Debtors submit that the retention of Ms. Brown Sims on the terms set forth herein and in the Employment Agreement would inure to the benefit of the Debtors' estates and their creditors. Moreover, Ms. Brown Sims is clearly qualified for the position for which she is being retained. The Debtors have determined that the compensation terms of the Employment Agreement are within the range for senior executive officers employed with companies of comparable size, value, and industry. *See* Chapple Declaration. Accordingly, the Debtors' decision to retain Ms. Brown Sims pursuant to the terms of the Employment Agreement reflects an exercise of the Debtors' sound business judgment.

## X.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached as **Exhibit C** to the Exhibit List, approving the Debtors' retention of Ms. Brown Sims as CAO pursuant to the terms of the Employment Agreement and granting such other and further relief as is just and proper.

Dated: November 23, 2026

**FOX ROTHSCHILD LLP**

*/s/ Keith C. Owens*
KEITH C. OWENS
NICHOLAS A. KOFFROTH
*Attorneys for Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

# EXHIBIT I

4

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects Orohealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**DECLARATION OF KIM BROWN SIMS IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

I, Kim Brown Sims, hereby state and declare as follows:

1. I am the proposed Chief Administrative Officer ("CAO") of Oroville Hospital (the "Hospital") and the Hospital's parent corporation, OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with the Hospital, the "Debtors"). A true and correct copy of the letter agreement dated November 12, 2026, which sets forth the terms of my retention (the "Employment Agreement") is attached as **Exhibit A** to the *List of Exhibits in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Exhibit List").

2. I make this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Application") filed concurrently herewith and for all other purposes authorized by law.[2]

3. Except as otherwise indicated, all facts in this Declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, my review of relevant documents, or my opinions based upon my experience and knowledge. I am over the age of eighteen and if called upon as a witness, I could and would testify competently to the facts set forth in this Declaration.

4. I am a healthcare executive with more than forty years of leadership experience across for-profit and nonprofit hospitals, academic medical centers, and integrated delivery systems, including hospital-wide operations, financial stewardship, and capital and facility planning. Since 2025, I have served as Chief Nursing Officer of CHA Hollywood Presbyterian Medical Center. Prior to that, I served as Vice President, Patient Care Services and Chief Nurse Executive of the UCSF Health Network and Community Hospitals Division, where I led operational readiness for the transition of St. Francis Memorial Hospital and St. Mary's Medical Center from Dignity Health. I have also led hospital-wide operations as Assistant Administrator, Operations of Sutter Memorial Hospital, and served as Director, Administrative Services of Kaiser Permanente Roseville. A copy of my CV is attached as **Exhibit B** to the *List of Exhibits in Support of Debtors' Application for Entry*

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herein.

*of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Exhibit List").

5. As more particularly described in the Employment Agreement, I understand that I will be an at-will employee of OroHealth and will report to the Debtors' Chief Executive Officer, Scott Chapple. My duties as CAO will be operational, and I have not been retained to make restructuring decisions. I am not employed by and do not retain compensation from any restructuring, advisory, or consulting firm. I will not employ staff to assist me in my role as CAO.

6. I did not have any relationship with the Debtors, their management team, or their Boards of Trustees prior to being offered the position of CAO.

7. I will ensure that the services provided by me will complement and not be duplicative the services rendered by other members of the Debtors' management team, and I will coordinate with the Debtors' management team to avoid unnecessary duplication of efforts.

8. I have made no commitments with respect to compensation or payment in connection with these Chapter 11 Cases other than in accordance with the Employment Agreement, and I have no agreement with any other person or entity to share with such entity any compensation I receive in connection with these Chapter 11 Cases.

9. I hold no claim against the Debtors or their estates, and no amount is owed to me by the Debtors.

10. In connection with my proposed retention by the Debtors in these Chapter 11 Cases, I conducted a search of the Debtors' conflict database with respect to the Debtors and a list of potential parties in interest in the Chapter 11 Cases compiled by the Debtors and their professionals (collectively, the "Potential Parties in Interest").

11. I reviewed the list to determine if I have, or previously had, a relationship with any of the Potential Parties in Interest during the five-year period immediately preceding the Petition Date.

12. Upon my review, except as is set forth in this Declaration, I determined that I have no connection with, and hold no interest adverse to, the Debtors, their creditors, equity security holders,

or any other party in interest, or their respective attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee, in the matters in which I am proposed to be retained. Notwithstanding the foregoing, I am currently, or have previously been, a personal customer of various vendors identified on the Potential Parties in Interest list. In my capacity as a former executive of other companies, some of these vendors may have also been business customers of one or more of these entities. In addition, as noted above, I was previously employed by creditors UCSF Health / Saint Francis Medical Center. I was also employed by AMN on an interim basis. However, these prior relationships are wholly unrelated to my proposed engagement as the Debtors' CAO. Therefore, I am a "disinterested" person as that term is defined by section 101(14) of the Bankruptcy Code.

13. If any new material relevant facts or relationships are discovered or arise, I will promptly notify this Court by filing a supplemental declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 20th day of November 2026, in Napa, California.

*/s/ Kim Brown Sims*

Kim Brown Sims

# EXHIBIT J

6

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects Orohealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**DECLARATION OF SCOTT CHAPPLE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

I, Scott Chapple, hereby state and declare as follows:

1. I am the Chief Executive Officer ("CEO") of Oroville Hospital (the "Hospital") and its parent corporation, OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth" and, together with the Hospital, the "Debtors"). As CEO, I oversee the Debtors' operations, including the hiring of the Debtors' senior executives.

2. I make this Declaration in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Application") filed concurrently herewith and for all other purposes authorized by law.[2]

3. Except as otherwise indicated, all facts in this Declaration are based upon my personal knowledge, my discussions with the Debtors' management team and advisors, my review of relevant documents and information concerning the Debtors' operations, or my opinions based upon my experience and knowledge. I am over the age of eighteen and authorized to submit this Declaration on behalf of the Debtors. If called upon as a witness, I could and would testify competently to the facts set forth in this Declaration.

4. On December 8, 2025 (the "Petition Date"), the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[3] The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108.

5. Over the past several months, the Debtors have been engaged in negotiations with UMB Bank, N.A., as Master Trustee, Series 2019 Bond Trustee, and postpetition lender (the "Trustee"), to pursue a consensual restructuring that can preserve the Debtors' healthcare facilities for the benefit of their community, patients, employees, and other stakeholders. Towards that end, the Debtors and the Trustee have been working towards the preparation of a Restructuring Term Sheet, along with a related financial model supporting such Restructuring Term Sheet and have made significant progress in those efforts. During this process, the Debtors have determined that it is

[2] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Memorandum of Points and Authorities filed concurrently herewith.

[3] Unless otherwise indicated herein, all references to "§" and "Section" refer to a Section of the Bankruptcy Code.

necessary and in the best interest of the Debtors and their bankruptcy estates to retain a Chief Administrative Officer ("CAO"), a senior executive leader with significant responsibility for hospital-wide operational performance, organizational effectiveness, strategic initiatives, financial performance, and long-term sustainability.

6. The Debtors evaluated several candidates for the role of CAO and determined that Kim Brown Sims ("Ms. Brown Sims") was best suited to serve as the Debtors' CAO given her experience leading hospital-wide operations, facility planning, and hospital integrations for California hospitals and health systems.

7. Ms. Brown Sims is a healthcare executive with more than forty years of leadership experience across for-profit and nonprofit hospitals, academic medical centers, and integrated delivery systems, including hospital-wide operations, financial stewardship, and capital and facility planning. Since 2025, she has served as Chief Nursing Officer of CHA Hollywood Presbyterian Medical Center. Prior to that time, she served as Vice President, Patient Care Services and Chief Nurse Executive of the UCSF Health Network and Community Hospitals Division, where she led operational readiness for the transition of St. Francis Memorial Hospital and St. Mary's Medical Center from Dignity Health. She led hospital-wide operations as Assistant Administrator, Operations of Sutter Memorial Hospital, and served as Director, Administrative Services of Kaiser Permanente Roseville. A copy of Ms. Brown Sims's CV is attached as **Exhibit B** to the *List of Exhibits in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Exhibit List").

8. OroHealth extended an offer of employment to Ms. Brown Sims pursuant to an offer letter dated November 12, 2026 (the "Employment Agreement"), a true and correct copy of which is attached as **Exhibit A** to the Exhibit List. Ms. Brown Sims will be an at-will employee of OroHealth. Although she will be employed by OroHealth, she will serve as CAO of both OroHealth and the Hospital, will report directly to me, and will be designated as an officer of OroHealth and the Hospital, subject to their governing documents and required approvals. Her employment is expected to

commence on or about December 14, 2026, subject to this Court's approval. The Employment Agreement was negotiated at arms-length and approved by the Debtors' Board of Trustees.

9. As CAO, and consistent with the duties of the Hospital Administrator under the Hospital's bylaws, Ms. Brown Sims will manage the Hospital's day-to-day operations and administrative functions during these Chapter 11 Cases, working closely with me and other members of the Debtors' management team, the Medical Staff, the Nursing Staff and other hospital departments. Specifically, Ms. Brown Sims will provide the following services to the Debtors (the "Services"):

a. serve as general manager and supervisor of the Hospital's operations and carry out the policies established by the Board of Trustees;

b. establish and oversee hospital departments, departmental accountability, and the Hospital's plan of organization;

c. serve as liaison among the Board of Trustees, the Medical Staff, Nursing Staff, and other hospital departments;

d. select, employ, and supervise hospital employees other than physicians, and develop and maintain personnel policies and practices;

e. assist with preparation of the Hospital's annual budget and supervise its business affairs, in coordination with the Debtors' Chief Financial Officer and other senior executives;

f. oversee the Hospital's compliance with the requirements of planning, regulatory, and inspecting agencies, and support quality improvement, patient safety, and risk management activities;

g. report regularly to the Board of Trustees on the Hospital's operations and professional and financial activities;

h. support the Debtors' management team in the Hospital's operations; and

i. perform such other services as requested or directed by the Chief Executive Officer or the Board of Trustees, consistent with the role of CAO, and subject to approval of the Court to the extent required.

10. Ms. Brown Sims's duties are operational. She will not make restructuring decisions, which remain with the Debtors' Chief Restructuring Officer, Michael Lane, and her services will complement, and not duplicate, those of other members of the Debtors' management team. Ms. Brown Sims is not employed by a restructuring, advisory, or consulting firm and does not retain her

own staff. She will coordinate with me and other members of the Debtors' management team to avoid unnecessary duplication of effort.

11. Pursuant to the Employment Agreement, OroHealth has agreed to pay Ms. Brown Sims an annual base salary of $435,011.20, payable biweekly in accordance with OroHealth's established payroll practices, and to reimburse her for documented, reasonable relocation, temporary housing for up to thirty (30) days, and moving-related expenses up to a maximum of $25,000, subject to repayment if she voluntarily resigns or is terminated for cause within the first twelve (12) months of employment. Ms. Brown Sims will be eligible for OroHealth's employee benefit programs, subject to the eligibility requirements and terms of the applicable benefit plans. Ms. Brown Sims will become eligible for a performance bonus for the fiscal year ending November 2027, subject to approval by OroHealth's Board of Trustees in its sole discretion; however, no performance bonus will accrue, be earned, or become payable with respect to any period while these Chapter 11 Cases are pending. The Employment Agreement does not provide for any severance or retention payments.

12. Based on my experience, the compensation terms of the Employment Agreement are within the range for senior executive officers employed with companies of comparable size, value, and industry.

13. As an officer of the Debtors, Ms. Brown Sims will be entitled to indemnification to the same extent applicable to all other corporate officers under the Debtors' organizational documents and applicable state law and will be eligible for coverage under the Debtors' directors and officers liability insurance policy, subject to its terms, conditions, exclusions, and limits.

14. I believe that the employment and retention of Ms. Brown Sims as CAO on the terms set forth in the Employment Agreement is a sound exercise of the Debtors' business judgment and in the best interest of the Debtors, their bankruptcy estates, and their creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated this 20th day of November 2026, in Oroville, California.

*/s/ Scott Chapple*

Scott Chapple

# EXHIBIT K

26

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**LIST OF EXHIBITS IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby submit the following exhibits in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Application").

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Employment Agreement dated November 12, 2026 | 3-7 |
| B | Kim Brown Sims's Qualifications | 8-21 |
| C | Proposed Order | 22-26 |

Dated: November 23, 2026

**FOX ROTHSCHILD LLP**

By */s/ Keith C. Owens*
KEITH C. OWENS
NICHOLAS A. KOFFROTH
*Counsel to Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Employment Agreement dated November 12, 2026**

OroHealth

November 12, 2026

Kim Brown Sims
[redacted]

**RE: Employment Offer – Chief Administrative Officer (CAO)**

Dear Ms. Brown Sims,

We are pleased to extend this formal offer of employment with OroHealth Corporation ("OroHealth") for the position of Chief Administrative Officer (CAO) of OroHealth and Oroville Hospital (the "Hospital"). This is a full-time, exempt executive position reporting to the Chief Executive Officer (CEO).

The Chief Administrative Officer will serve as a senior executive leader with significant responsibility for advancing hospital-wide operational performance, organizational effectiveness, strategic initiatives, financial performance, and long-term sustainability of the organization. The Chief Administrative Officer will be designated as an officer of OroHealth and the Hospital, subject to applicable governing documents and required Board or other authorized governing body approvals. In that capacity, the Chief Administrative Officer will be eligible for coverage under the Directors and Officers liability insurance policy, as applicable, subject to the terms, conditions, exclusions, and limits of the applicable policies.

The Chief Administrative Officer specific scope of responsibility, decision making authority, and reporting relationships will be established and may be modified by the organization in accordance with its governance structure, strategic objectives, operational priorities, and applicable legal and regulatory requirements, including those arising from or associated with any restructuring initiatives.

Nothing in this offer shall be construed as a commitment, promise, or guarantee of future appointment or advancement to the position of Chief Executive Officer. Any future changes in organizational leadership or consideration of the Chief Administrative Officer for advancement to a Chief Executive Officer position will be evaluated independently based on organizational needs, qualifications, performance, and applicable approval process. The Board expressly reserves the right to conduct a formal executive search, which may include consideration of internal and external candidates, in connection with any future Chief Executive Officer vacancy or leadership transition.

We anticipate your employment is expected to commence on or about December 14, 2026, subject to (a) mutual agreement and successful completion of all applicable pre-employment requirements and (b) approval of the Bankruptcy Court in the Chapter 11 Cases (defined below) of OroHealth and the

Hospital. We are confident that your leadership, financial expertise, and experience will be valuable to the organization.

**1. Annual Compensation**

Your annual base salary will be $435,011.20, equivalent to $209.14 per hour for payroll calculation purposes. Your salary will be paid on a biweekly basis in accordance with OroHealth's established payroll practices. OroHealth maintains twenty-six (26) pay periods annually, with employees paid every other Friday.

You will also become eligible for a performance bonus for the fiscal year ending November 2027, subject to approval by the Board of Trustees of OroHealth in its sole discretion; provided, however, that notwithstanding anything to the contrary in this letter, no performance bonus, if any, shall accrue, be earned, or otherwise become payable by OroHealth or the Hospital, or their respective bankruptcy estates, with respect to any period, or portion of a performance period, occurring while the Chapter 11 Cases are pending.

**2. Relocation Assistance**

In connection with your acceptance of this position, OroHealth will reimburse you for documented, reasonable relocation, temporary housing for up to thirty (30) days, and moving-related expenses associated with your employment related to OroHealth, up to a maximum of $25,000.

As a condition of receiving the relocation reimbursement, you agree that if you voluntarily resign from employment or are terminated for cause within the first twelve (12) months of employment, you will be required to repay the relocation reimbursement amounts paid to you, subject to applicable law and any required limitations. No repayment will be required if your employment is terminated without cause by OroHealth, including termination resulting from a sale, merger, acquisition, transfers, or change in ownership or control of the facility.

Relocation, temporary housing, and moving related expenses must be supported by appropriate receipts and documentation. You and OroHealth will coordinate the submission and reimbursement of eligible expenses in accordance with OroHealth's applicable practices.

**3. Employee Benefits**

You will be eligible for employee benefit programs effective the first day of the month following your hire date, subject to the eligibility requirements and terms of the applicable benefit plans. Other benefits will become effective in accordance with existing organizational policies and applicable plan provisions.

Employee benefit programs and policies may be amended or modified from time to time, with changes communicated to employees in accordance with applicable policies and law.

**4. Pre-Employment Requirements and Onboarding**

This offer is also contingent upon successful completion of applicable pre-employment requirements, including reference checks, background checks, and all required employee health screenings. You will

be scheduled an initial appointment with Employee Health to complete all required employee health assessments, followed by an appointment with Human Resources to complete and execute the necessary new hire documentation.

In addition, federal law requires verification of identity and employment authorization of all new employees. Accordingly, your employment is contingent upon satisfactory verification of your identity and eligibility to work in the United States.

**5. Employment Relationship**

Your employment with OroHealth is at-will, meaning that either you or OroHealth may terminate the employment relationship at any time, with or without cause or advance notice, subject to applicable law and the specific contractual compensation, expressly outlined in this offer letter.

For clarity, the at-will nature of your employment does not eliminate, supersede, or otherwise diminish OroHealth's express obligations concerning the matters described in this letter. These specific commitments will remain enforceable in accordance with their stated terms and applicable law.

**6. Subject to Bankruptcy Court Approval**

As you know, OroHealth, and its affiliate, Oroville Hospital, are currently debtors and debtors in possession in their Chapter 11 cases pending in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, jointly administered under Case No. 25-26876 (the "Chapter 11 Cases"). As such, your employment, including the terms set forth in this letter, is subject to approval of the Bankruptcy Court.

**7. Acceptance of Offer**

We are excited about the opportunity to welcome you as our Chief Administrative Officer. We believe your experience and leadership will make a meaningful contribution to the Hospital and its continued success.

Please indicate your acceptance of this offer by signing below and returning a copy of this letter no later than Sunday, November 15, 2026. Should you have any questions regarding the offer or its terms, please feel free to contact me.

We look forward to working with you.

Sincerely,

Scott Chapple
President and Chief Executive Officer

**Acknowledgement and Acceptance**

I acknowledge that I have reviewed and understand the terms and conditions of this employment offer and voluntarily accept the position of Chief Administrative Officer with OroHealth Corporation and Oroville Hospital, including the annual base compensation outlined in this letter.

I understand that my employment is at-will, and subject to the specific compensation expressly set forth in this offer and approval of the Bankruptcy Court.

Employee Signature: [signature]
Printed Name: Kim Brown Sims
Date: 11.15.26

# EXHIBIT B

## Kim Brown Sims's Qualifications

# Kim Brown Sims
**MBA, RN, PHN, FACHE, NEA-BC**

[redacted]


## EDUCATION

**Master of Business Administration, Strategic Leadership**
Trident University International, Cypress, Ca
Degree Conferred: January 2015
*Magna Cum Laude*

**Bachelor of Science, Nursing**
California State University, Sacramento
Degree Conferred: June 1995

**Associate of Science, Nursing**
Solano Community College, Rockville, Ca
Degree Conferred: June 1989

**Certificate, Vocational Nursing**
Napa Valley College, Napa, Ca
Degree Conferred: June 1985

## PROFESSIONAL INTERESTS

Lean Theory Application in Healthcare * Workforce Stabilization

Strategic Planning for Market Consolidation * Strategic Planning to Maximize Margins

## LICENSES, CERTIFICATIONS & ADVANCED TRAINING

**Licensed, Registered Nurse (RN), 443100**
- Board of Registered Nursing, California, Exp 7/31/2027

**Licensed, Public Health Nurse, 561819**
- Board of Registered Nursing, California, Exp 7/31/2027

**Licensed, Continuing Education Provider, 18085**
- Board of Registered Nursing, California, Exp 6/30/2027
- Firelight Nursing Innovations, Inc.

**Board Certified Healthcare Executive, Fellow (FACHE)**
- American College of Healthcare Executives (ACHE) Exp 12/31/2027

**Board Certified Nurse Exec Advanced (NEA-BC), 2019014931**
- American Nurse Credentialing Center (ANCC), Exp 3/27/2029

**Certified, Six Sigma Lean Black Belt in Healthcare**
- Management and Strategy Institute (MSI), Conferred 2020

**Provider, Basic Life Support (B.L.S., C.P.R.)**
- American Heart Association, Exp 12/06/2026

## LICENSES, CERTIFICATIONS & ADVANCED TRAINING (Con't)

**Certified: AI for Nursing Leaders: Transforming Nursing with Technology, 141990260**
• Walden University, May 2025
**Certified: Change Leadership Professional, 142734803**
• Walden University, May 2025
**Certified: Coaching Teams Through Change, 142788348**
• Walden University, May 2025
**Certified: Successful AI Implementations in Nursing Practice, 141990259**
• Walden University, May 2025

## HONORS & AWARDS

Center for Volunteer & Nonprofit Leadership (CVNL) April 2024 Excellence in Board Leadership
Center for Volunteer & Nonprofit Leadership (CVNL) April 2023 Excellence in Board Leadership
American College of Healthcare Executives Aug 2021 Exemplary Service Award
CaliforniaAssociation of Healthcare Leaders Aug 2021 President's Award for Leadership
American Nurses Association \ California Apr 2021 Public PolicyAward
Racism in Healthcare Task Force & Toolkit
California Department of Public Health May 2020 Certificate of Recognition
Commitment to Public Health in Response to the COVID-19 Pandemic
American College of Healthcare Executives Aug 2019 Regent'sAward, Senior Executive Distinguished Service Award
California State Assembly & California State Senate Aug 2019 Certificate of Recognition
Leadership Napa Valley
Sigma Theta Tau International Honor Society of Nursing Feb 2019 Nursing Leadership Achievement
Queen of the Valley Medical Center, Providence St. Joseph Health March 2019 Values In Action Nomination
Excellence in Leadership
Queen of the Valley Medical Center, Providence St. Joseph Health March 2018 Values In Action Nomination
Excellence in Leadership
California State Board of Equalization Oct 2017 Certificate of Recognition
Leadership San Luis Obispo
California Association of Healthcare Leaders Aug 2016 Volunteer of the Year
American College of Healthcare Executives Aug 2015 Distinguished ServiceAward

## TEACHING EXPERIENCE

**Faculty** Aug 2019 - Present American *College of Healthcare Executives*
- 2020 Congress on Healthcare Leadership
- 2020 Chapter Leaders Conference

**Guest Lecturer** July 2023 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*
Leadership, Resilience and Professionalism
**Guest Lecturer** July 2022 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

## TEACHING EXPERIENCE (con't)

**Guest Lecturer** July 2021 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

Leadership During Crisis, Communication, Equity in Healthcare

**Guest Lecturer** July 2020 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

Leadership During Crisis, Communication, Equity in Healthcare

**Guest Lecturer** June 2019 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

Leadership, Professionalism and Cultural Transformation

**Guest Lecturer** June 2016 California *Polytechnic University San Luis Obispo, Department of Engineering*

Lean Theory Application in Healthcare

## RESEARCH EXPERIENCE

**Executive Director, The Gender Institute** **July 2021 - Jan 2025**
*Saint Francis Memorial Hospital, San Francisco, Ca*

Facilitated research support for Dr. Heidi Wittenberg: Peritoneal Pull-Through Technique for Gender Confirmation Vaginoplasty Grafting

**Service Line Administrator, Pediatric Oncology** **Nov 2012 - Sept 2014**
*Sutter Memorial Hospital, Sacramento, Ca*

Directed re-certification approval process as a Member of the National Cancer Institute/ Children's Oncology Group (completed March 2013) enabling IRB-approved clinical trials to resume at SMH

## PROFESSIONAL EXPERIENCE

**CHIEF NURSING OFFICER** October 2025 - Present
**CHA Hollywood Presbyterian Medical Center, Los Angeles, CA**

Lead nursing and clinical operations at a 434-bed medical center across emergency, critical care, adult inpatient, perioperative, women's and children's, rehabilitation, and post-acute services.

- Helped reduce average hospital length of stay from 4.72 to 3.51 days by strengthening daily capacity management and standardizing escalation and bed placement.
- Reduced nursing leadership vacancies from 52% to 24%. Introduced staffing matrices, strengthened agency staffing controls, and established a frontline nurse advisory council.
- Led nursing corrective actions for a CMS Immediate Jeopardy finding and helped prepare for successful Joint Commission, stroke, and STEMI surveys.
- Partnered with physician leaders to launch the obstetric laborist program.

**VICE PRESIDENT PATIENT CARE SERVICES** **July 2021 - Jan 2025**
**CHIEF NURSE EXECUTIVE OFFICER**
Network & Community Hospitals Division, UCSF Health, San Francisco, CA
*St. Mary's Hospital and Saint Francis Hospitals were acquired from CommonSpirit/Dignity Health Aug 1, 2024

Operations and clinical executive in two 200+ licensed bed facilities with budget oversight in excess of 150M. System, regional, and local participation and responsibilities, including business growth, directing cultural transformation, community integration, multi-hospital and departmental unification, fundraising, fiscal, and clinical excellence across the continuum of care. Primary functions in FY 24 were acquisition preparation, operations stabilization, and acquisition success.

Collaboration with outside agencies, including insurers, city, county, state, federal, and private reporting, accreditation, and certification agencies. Responsible for the growth and development of SMMC and SFMH operations and nursing efforts encompassing Adult Services (ICU, Telemetry, Medical- Surgical and Acute Rehab Unit), Adult and Adolescent Inpatient Behavioral Health, Surgical Services, Burn, Gender Institute (affirmation surgery and continuum services), Procedural Areas and the Emergency Department including Disaster preparedness. Additionally, oversight for the oncology service line, pharmacy, case management, quality improvement, risk management, clinical education, clinical staffing office, and ambulatory clinics, including women's health and sports medicine, in addition to the Sister Mary Phillipa Clinic serving the underserved in San Francisco. Strategic planning for successful business development of all aspects of clinical practice.

- Grew contribution margin of the Gender Institute to $4.89M in FY2024 up from $3.16M in FY 23 - (54.7% improvement) through strategic and business planning, directed growth (commercial payer focus), physician and community advisory board collaboration. This is a 100% grant funded program and carve out of the surgical services department
- Stabilized RN workforce and clinical leadership: established multi-campus leadership structure. Consolidation resulted in annual cost savings in excess of 750K
- Implemented multi-campus engagement and continuous performance improvement strategy deemed by UCSF physician leaders upon acquisition as best-in-class
- Developed & implemented cost containment strategies resulting in expenses at budget and/or lower than prior pay period
- Oversaw development of 12-month 125M phased bed expansion plan in preparation for expected growth resulting from sale of SMMC/SFMH to UCSF

**CHIEF NURSING OFFICER (Contract)** **April 2020 - June 2020**
Sleep Train Arena Alternate Care Facility (STA-ACF)
California Department of Public Health, Sacramento, California

Oversight for the rapid 7-day design, development, and implementation of all aspects of clinical care for COVID-19-positive patients at the 360-bed 12M Sleep Train Arena Alternate Care Facility

- Led the orientation and basic competency assessments for 300+ California Healthcare Core team members and volunteers
- Created safety program resulting in zero COVID-19 conversions
- Directed nursing leadership and workforce experts, in conjunction with OES, CalFire, and EMSA to develop supply chain and equipment management processes
- Engaged Healthcare Core Team members in the design of patient care units and 60+ standard operating procedures (SOPs).
- Directed the design and implementation of paper charting in the absence of an electronic health record (EHR)
- Led the development of a quality report card and incident reporting system to insure the provision of high-quality care in conjunction with a continuous improvement culture

**VICE PRESIDENT PATIENT CARE SERVICES** **May 2017 - July 2019**
**CHIEF NURSE EXECUTIVE**
Queen of the Valley Medical Center (QVMC)
Providence, St. Joseph Health, Napa, California

Operations and clinical executive in a 208-bed facility with budget oversight in excess of 80M. System, regional, and local responsibilities directing cultural transformation, community integration, departmental unification, fundraising, fiscal and clinical excellence across the continuum of care.

Collaboration with outside agencies, including insurers, city, county, state, federal, and private reporting, accreditation, and certification agencies.

Responsible for the growth and development of QVMC's operations and nursing efforts encompassing Women and Children's Services (Labor and Delivery, High Risk OB, Maternal-Child Services, and Level II Neonatal ICU), Adult Services (ICU, Telemetry, Medical- Surgical and Acute Rehab Unit), Surgical Services, Procedural Areas and the Emergency Department including Trauma and Disaster preparedness. Additionally, oversight for the oncology service line, pharmacy, case management, quality improvement, risk management, clinical education, clinical staffing office and strategic planning for successful business development of all aspects of clinical practice.

- Throughput structure and process redesign regional lead (5 hospitals) and Providence St. Joseph Health (PSJH) non-profit system representative for NorCal. The redesign resulted in an 11% region-wide reduction in LOS
- Reduced LOS by 36% for QVMC Jan 2018-May 2019 via structured twice daily multi-disciplinary case conference program
- Reduced contract labor spend by 33% YOY from May 2017 through May 2019 (11M reduction) via cultural transformation & leadership team building
- Fund-A-Need MC for Reach for the Stars Cancer Wellness Benefit raising the highest amount in QVMC's history (250K)
- Implemented 'The Queen's Experience' (Lean Daily Management [LDM] Employee Engagement Operational Plan) Jan 2018
    - Oct 2018 Employee Engagement Survey Senior Leader Rounding improvement 22 points over the prior year
        - Most improvement and highest engagement scores of all hospitals in NorCal region Oct 2018
        - *Personal Accomplishment: 2nd Highest Direct Report Team Engagement Score of all leaders in NorCal Region
    - Region-wide adoption of LDM (rollout 2019/2020) and system video highlight for PSJH executives in May 2019
    - System HR division planned adoption of LDM Q4 2019

**CHIEF EXECUTIVE OFFICER & FOUNDER** **June 2016 - Present**
KBS Leadership Consulting
Firelight Nursing Innovations, Inc., Napa, California

Executive development, operations, and clinical consulting practice owner-operator excelling at cultural transformation, community integration, operational, fiscal, and clinical efficiency, and excellence. Our company's philosophy and principles are based on our mission to drive change through empowerment, engagement, and equal opportunity.

- Oversight for the rapid 7-day design, development, and implementation of all aspects of clinical care for COVID-19-positive patients at the 360-bed 12M Sleep Train Arena Alternate Care Facility (April 2020 - June 2020 details above)
- Developed and implemented a stop-loss strategy focused on COVID guidelines to facilitate safe operations for staff and clients
- Developed business strategy for start-up healthcare service delivery organization resulting in financial awards, grants, and funding in excess of 100k
- Chosen as a presenter on workforce engagement from an 800-person field for the American College of Healthcare Executives Annual Congress
- Taught multiple cohorts of leaders in a 19-clinic FQHC on leadership soft skills resulting in an overall increase in employee satisfaction and culture of safety in excess of 2%
- Developed business strategy for healthcare mergers and acquisition companies resulting in the initial acquisition of a business contributing 3M in profits.

**VICE PRESIDENT & CHIEF NURSING OFFICER** **Sept 2014 – May 2017**
Sierra Vista Regional Medical Center
Tenet Health, San Luis Obispo, California

Wide ranging operational and clinical executive responsibility for this 164 bed facility and 60M budget. Responsible for cultural transformation, community integration, operational, financial and clinical excellence across the continuum of care. Participation in activities to support collaboration with outside agencies including insurers, city, county, state, federal and private reporting, accreditation and certification agencies. Responsible for growth and development of nursing efforts encompassing Women and Children's Services (Labor and Delivery, High Risk OB, Maternal-Child Services and Level II Neonatal ICU), Adult Services (ICU, Telemetry, Medical-Surgical and Acute Rehab Unit), Surgical Services, Procedural Areas and the Emergency Department including Trauma and Disaster Preparedness. Additionally, responsible for quality improvement, risk management, clinical education, clinical staffing office and strategic planning for successful business development of all aspects of clinical practice.

**VP, CHIEF NURSING OFFICER (Con't)**

- Designed and Implemented Employee Engagement Operation Strategy Jan 2015: Lean Daily Management (LDM)
    - Achieved the highest improvement in Tenet's for-profit 85 hospital system on employee engagement scores Sept 2015
    - Achieved five-point overall improvement on the AHRQ Culture of Safety Survey (employee perception of hospital safety) via LDM and increased staff perception of having a voice in decisions affecting their work
    - Achieved top quartile quality scores for Tenet Health (Ranked #4 out of 85 hospitals)Year End 2015
    - Awarded Tenet Health's Circle of Excellence 2016
- Directed efforts resulting in the achievement of Joint Commission Certification for Stroke and Heart Failure Care in June 2015 and designation as a Blue Cross/Blue Shield Distinction Plus facility for hip, knee & spine surgery in 2016
- Redesigned Nursing Division in Q1 2015 with resulting $270K annual savings (savings assessed Jan 2016)
- Implemented Hospital-wide multi-disciplinary Governance Council contributing to overall 2+point shift and improvements in every category of the AHRQ Safety Survey

**ASSISTANT ADMINISTRATOR** **Nov 2012 – Sept 2014**
Sutter Memorial Hospital
Sutter Health, Sacramento, California

Sutter Medical Center, Sacramento, is the flagship hospital of the Sutter Health System, comprises 700 beds, two freestanding hospitals, administrative and medical office buildings, and outpatient clinics.

Sutter Memorial Hospital is a freestanding tertiary/quaternary hospital for women and children, with service lines including multiple specialties and subspecialties. The business strategy focused on regional integration and unification of women's and children's services with both Sutter and non-Sutter affiliates. The business plan and strategy focused on the top five service lines and required outreach, coordination, and execution of efforts across the continuum of care.

Strategic planning responsibilities for women's & children's services included the development of new business initiatives, physician contracting, strategic partnerships, development and implementation of the Epic EMR, ambulatory center build-out, and construction of the women and children's Anderson Lucchetti Center on the Sutter Medical Center campus which was a 900M project.

Operational oversight, in collaboration with the Medical Directors of Women's Services, Pediatric Services, the Chief Nursing Executive, and departmental nursing leadership, included Neonatal ICU, Labor & Delivery, Perinatology, High Risk Maternity, Postpartum, Newborn

**ASSISTANT ADMINISTRATOR (Con't)**

Nursery, MotherBaby Unit, Observation Nursery, Pediatrics, Pediatric ICU, Pediatric Emergency Department, Women's Outpatient Programs, and Children's Outpatient Services including ambulatory surgery center and Pediatric Hematology/Oncology

- Designed and led a system-wide physician contracting compliance program
- Executive team member with oversight of transition planning for the opening of Anderson Lucchetti Women's and Children's Center of Sutter General Campus
- Developed and executed a pediatric cardiovascular service line business plan resulting in YOY volume growth in excess of 150%
- Directed process for certification as a research site for Pediatric Hematologic Oncology Trials
- Led the efforts for renegotiation of medical director and call coverage contracts which resulted in a 250K annual savings

**DIRECTOR, ADMINISTRATIVE SERVICES** **May 2009 – Oct 2012**
Kaiser Roseville Medical Center
Kaiser Permanente, Roseville, California

Responsible for planning, directing, implementing, coordinating, and evaluating administrative clinical services on the Kaiser Roseville Campus. Roles and responsibilities included Service Enhancement Lead, patient care quality oversight, directed House Supervision, Staffing Office, Clinical Standards, GRASP Acuity System, Clinical Nutrition, Peripherally Inserted Central Catheter (PICC) Team, and C.N.A. Quality Liaison Manager. Fiduciary responsibility included managing an operating budget of 10M, including 77 FTEs. Worked collaboratively with KFHP and the Medical Group staff in the development and execution of strategic plans, providing quality care and managing cost-effective services across the continuum.

- Implemented Hospital-wide Patient Experience and Service Recovery Programs • Achieved "Most Improved in Region" for Patient Satisfaction HCAHPS survey scores2010
- Facilitated Joint Review Committee successfully negotiating RN schedule realignment process(9 month project) in conjunction with California Nurses Association (CNA) representatives
- Chaired Interdisciplinary Practice Committee for Kaiser Roseville's hospital and outpatient clinics, ensuring adherence to med-staff bi-laws and TJC Standards forAHP oversight

**MANAGER, NEONATAL INTENSIVE CARE UNIT, INTERIM** 2008 – 2009
**ASSISTANT NURSE MANAGER, NEONATAL INTENSIVE CARE UNIT** 2006 – 2009
**STAFF NURSE II, NEONATAL INTENSIVE CARE UNIT** 2005 – 2006
Kaiser MorseAve.
Kaiser Permanente, Sacramento, California

Responsible for managing the 48-bed unit's day-to-day clinical operations, including practice standards, staffing, payroll, budgets, fiscal management, and quality improvement. Fiduciary Responsibility included managing an operating budget of 16M, including 91 FTEs. Maintained and supported the achievement of being a Destination Unit as awarded by the Advisory Board Company (Nursing Leadership Academy) and Best of Budget within the North Valley Region.

**Kaiser (con't)**

- Successful oversight of transition of the Neonatal Intensive Care Unit and Women and Children's Services from MorseAve to Roseville Campus as Interim Manager • Facilitated successful CDPH licensing survey with no findings in the course of opening a new facility
    - Directed NICU process design for transition to and opening of new campus (Roseville)
    - Directed workflow redesign for Health Connect (EMR) adoption. (Health Connect go-live June 08, Roseville opening Jan 09)
- Awarded Destination Unit recognition by the Advisory Board Company (Nursing Leadership Academy) and Best of Budget within the North Valley Region

## VOLUNTEER BOARD SERVICE

**American Nurses Association and ANA California**

| | |
|---|---|
| Racism in Healthcare Task Force Member (ANA\C) | July 2020 - Present |
| LGBTQIA+ Equity Collaborative | Jan 2024 - Present |
| Advisory Board, Veterans Access to Healthcare | May 2025 - Present |

July 2020 -Dec 2022
Oct 2020 - Dec 2022

**Women in Healthcare**
Vice President, National Executive Board Member

May 2018 - Present
May 2019 - Present
Jan 2019 - Dec 2020

**Mentis, Napa's Center for Mental Health Services**
President, Executive Board Member
Vice President, Executive Board Member
Philanthropic Strategy, Friend-Raiser Host
Annual Gala Gift Procurement and Table Host
Development (Philanthropy) Committee
Board Member

May 2018 - Present
May 2018 - Present
May 2018 - May 2019

**California Association of Healthcare Leaders (CAHL, an ACHE Affiliate)**

| | |
|---|---|
| Immediate Past-President | Jan 2021 - Dec 2021 |
| President | Oct 2019 - Dec 2020 |
| President-Elect, Executive Board Member | Oct 2018 - Oct 2019 |
| Board Member | Oct 2010 - Oct 2018 |
| Career Transitions and Development Committee Member | Oct 2019 - Oct 2019 |
| Sponsorship Committee Chair | Oct 2014 - Oct 2018 |

**American College of Healthcare Executives (ACHE)**

| | |
|---|---|
| Regents Advisory Council, District 5 | Jan 2015 - Dec 2020 |
| Board of Governors Fellow Exam Committee | Feb 2018 - Feb 2022 |

**Cuesta College Department of Health Sciences**

| | |
|---|---|
| Advisory Board Member | Jan 2015 - May 2017 |

**PROFESSIONAL AFFILIATIONS**

American College of Healthcare Executives (ACHE) - Board Certified Fellow
American NursesAssociation (ANA) - Member
American Nurse Credential Center (ANCC) - Board Certified Nurse Executive
AdvancedAmerican Organization of Nurse Leaders (AONL) - Member
California Association of Healthcare Leaders (CAHL) - Member
International Coach Federation (ICF) - Member
National Speakers Association (NSA) - Member, Speaker
Sigma Theta Tau International Honor Society of Nursing- Member
Women in Healthcare International (WIH) - Member

**PROFESSIONAL PRESENTATIONS, FEATURES AND PUBLICATIONS** (Non-Exhaustive List)

Panelist, Brown Sims, K et al (2023) *Rebuilding Community Trust* Berkeley Haas School of Business Annual Conference

Contributing Author: Brown Sims, K., Gullap - Moore, C., Haley, T., (2021) *Racism in Nursing*, nurse.org, https://nurse.org/articles/ana-ca-racism-in-nursing-taskforce/

Panelist: Brown Sims, K., Gullap - Moore, C., Haley, T., (2021) *ANA\C Launches Racism in Nursing Taskkforce*, Ask Nurse Alice https://nurse.org/articles/ana-ca-racism-in-nursing taskforce/

Moderator: Brown Sims, K, et al (2021) *Gender Equity and Intersectionality*, California Assoc of Healthcare Leaders, Sacramento, Ca (virtual event)

Panelist: Brown Sims, K., et al (2021) *Resiliency, Recovery and Planning - Pandemic Take-Aways,* Women in Healthcare, Inc., National, Baltimore, MD (virtual event)

Presenter: Brown Sims, K., (2021) The Greatest Gift Series: *Mental Health in a Time ofVolatility.,* Bender Insurance Solutions, Roseville, Ca (virtual event)

Panelist: Brown Sims, K., et al (2021) *Stronger Together: Mental Health and Well-being DuringCOVID-19,* Center for Volunteer and Nonprofit Leadership, Marin, Ca. (virtual event)

Panel Host: Brown Sims, K. (2020) *Emotional Intelligence in Healthcare.,* California Association of Healthcare Leaders, Sacramento, Ca (virtual event)

Host: Brown Sims, K., (2020) *2020 Annual Awards Ceremony.,* CaliforniaAssociation of Healthcare Leaders, Sacramento, Ca (virtual event) https://ache-cahl.org/congress/

Presenter: Brown Sims, K., Hodge, JA., (2020 delayed to 2021) *Want extraordinary results? Value your expert workforce. Intraprenuerial Leadership Skills101,* International HospitalFederation World Congress 2021, Barcelona, Spain

**PROFESSIONAL PRESENTATIONS, FEATURES AND PUBLICATIONS** (Con't)

Presenter: Brown Sims, K., (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, Diversity and Inclusion.* Elica Health Centers, Sacramento, CA. (virtual event)

Panelist: Brown Sims, K., et al. (2020) *Salesforce Educational Webinar Series: ExecutiveInterview Panel,* AMN Leadership Solutions, Dallas, TX. (virtual event)

Panelist: Brown Sims, K., O'Connor, K., Protopapadakis, H. (2020) *Best Year Ever: Leading your Chapter to Success...and Significance*,American College of Healthcare ExecutivesChapter Leaders Conference 2020, Chicago. Illinois (virtual event)

Presenter: Brown Sims, K., (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, ConflictManagement.* Elica Health Centers, Sacramento, Ca. (virtual event)

Presenter: Brown Sims, K., (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, EffectivelyGiving and Receiving Feedback.* Elica Health Centers, Sacramento, Ca. (virtual event)

Facilitator, Appearance: Brown Sims, K., et al (2020) *In This Together,* Sleep Train Arena Alternate Care Facility, State of California, Sacramento Kings, Sacramento, Ca https://kings.box.com/s/3s4yzkarjhdkotiuigmonpt05bkz8147

Presenter: Brown Sims, K., Hodge, J. (2020) *Operationalizing Engagement: Shifting the Paradigm of Leadership.*American College of Healthcare Executives Congress (NationalConference) 2020, Chicago, Ill

Presenter: Brown Sims, K. (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, MotivationalInterviewing.* Elica Health Centers, Sacramento, Ca.

Presenter: Brown Sims, K., (2019) *Hi-Touch Healthcare: The Critical Six Soft Skills, Diversity and Inclusion.* Elica Health Centers, Sacramento, Ca.

Author: Brown Sims, K. (2019) *Your Authenticity is Your Greatest Gift to Humanity, 5 Keys to Unlocking Your Gifts.* Thrive Global. San Francisco, Ca. https://thriveglobal.com/stories/ your-authenticity-is-the-greatest-gift-to-humanity/

Featured: Cooper, S., (2019) *Kim Brown Sims' Perspectives on Leadership, Nursing and Life inNapa Valley.* InveniasPartners. Chicago, Ill.
https://www.inveniaspartners.com/article/celebrating-nurses-leadership-conversation-kim-brown sims

Featured: Schmaltz,I., (2019) *Sacred Moments: Napa nurses say they were drawn to a life of service by formative experiences.* Napa Valley Register and Inside Napa Valley. Napa,Ca.
https://napavalleyregister.com/news/local/sacred-moments-napa-nurses-say-they-were-drawn-to-a/ article_d1582328-a9f9-50f5-a1e6-8cf114ebe69a.html

**PROFESSIONAL PRESENTATIONS, FEATURES AND PUBLICATIONS** (Con't)

Contributing Presenter: Brown Sims, K., Maples, J., (2018) *Empowerment + Engagement =Happy High Reliability.* Institute for Healthcare Improvement National Conference. Orlando, Fl

Panelist: Brown Sims, K., et al., (2018) *Healthcare Administration.* Department of Health & Human Services, University of San Francisco, San Francisco, C

Panelist: Brown Sims, K., et al., (2017) *Healthcare Administration*. Department of Health & Human Services, California State University Sacramento, Sacramento, Ca

Presenter: Brown Sims, K., (2016) *Leaning Toward the Patient Experience.* Western RegionChief Nurse Executive Summit, Irvine, Ca

Contributing Author: Brown Sims, K., et al (2016) *Lean Program Delivers at Sierra Vista Regional Medical Center* Becker's Hospital Review. Chicago, Ill.
www.beckershospitalreview.com/hospital-management-administration/lean-program delivers-at-sierra-vista-regional-medical-center.html

Presenter: Brown Sims, K., et al (2015) Improving Quality Outcomes by Leveraging SynergisticRelationships. 2015 Clinical Informatics Academy, American Nursing Informatics Association, Dallas-Fort Worth Chapter. Dallas, Tx.

Facilitator, Appearance: Mechanic, M., (2015) Emmy Award Winning Public Service Announcement "Dynamite" Sutter Memorial Hospital Women and Children's Center, NationalAcademy of TelevisionArts and Sciences; KOVR Channel 13. Sacramento, Ca.
https://www.youtube.com/watch?v=4UAceiO44J4

# EXHIBIT C

**Proposed Order**

4

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**ORDER APPROVING RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

This Court having considered the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Application")[2] filed by Oroville Hospital (the "Hospital") and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"); pursuant to and upon the Declarations of Kim Brown Sims and Scott Chapple in support of the Application; and upon the Memorandum of Points and Authorities in support of the Application; and upon the List of Exhibits in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Application and hearing on the Application (the "Hearing") were appropriate under the circumstances and that no other notice need be provided; and this Court having heard and considered the statements in support of the Application at the Hearing; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and being satisfied that Kim Brown Sims does not represent any entity having an adverse interest in connection with the Chapter 11 Cases and is a "disinterested person" as defined under 11 U.S.C. § 101(14); and after due deliberation and sufficient cause appearing for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to employ and retain Kim Brown Sims as Chief Administrative Officer ("CAO"), as an officer of the Debtors in the ordinary course pursuant to 11

[2] Capitalized terms used but not defined herein have the meanings assigned in the Application.

U.S.C. §§ 105(a) and 363(b) on the terms set forth in the Employment Agreement, subject to the following:

a. As CAO, Ms. Brown Sims will report to the Debtors' Chief Executive Officer and act under the direction, control, and guidance of the Debtors' Boards of Trustees.

b. The CAO shall not be retained in any other capacity not otherwise set forth in the Employment Agreement (for example and without limitation as a financial advisor, claims agent/claims administrator, or investor/acquirer) for or on behalf of the Debtors' estates or in connection with the above-captioned cases.

c. In the event the Debtors seek to have Ms. Brown Sims assume executive officer positions that are different than the position disclosed in the Application, or to materially change the terms of her employment by either (i) modifying the functions of Ms. Brown Sims or (ii) altering or expanding the scope of her employment, a motion to modify the retention shall be filed.

d. Ms. Brown Sims shall not serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned Chapter 11 Cases.

e. The Debtors are permitted to indemnify the CAO on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' applicable insurance policies.

f. The CAO shall disclose any and all facts that may have bearing on whether she holds or represents any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

g. Notwithstanding anything contained herein, the U.S. Trustee and all parties in interest shall retain all rights granted to them under the Bankruptcy Code, including the right to move for appointment of a trustee or an examiner.

3. The terms of the Employment Agreement, including without limitation, the compensation, benefits, and relocation reimbursement provisions, are reasonable terms and conditions of employment and are hereby approved, except as modified herein.

4. The Debtors are authorized to compensate the CAO in the ordinary course of business pursuant to § 363(b), subject to the terms set forth herein.

5. All requests by the CAO for the payment of an indemnity claim shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to this Order and is reasonable under the circumstances of the

litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall the CAO be indemnified in the case of her own bad-faith, self-dealing, gross negligence or willful misconduct.

6. The Debtors and the CAO are authorized to take such other actions as are necessary to comply with their duties set forth in this Order.

7. In the event of any inconsistency between the Employment Agreement, the Application, and this Order, this Order shall govern.

8. Notwithstanding anything to the contrary contained in the Employment Agreement or this Order, any payment made or other action taken by the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to any interim and/or final orders regarding the Debtors' use of cash collateral and/or postpetition debtor in possession financing facilities, approved by this Court in these Chapter 11 Cases.

9. Notwithstanding any term in the Employment Agreement to the contrary, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

DATED:

Christopher D. Jaime, Chief Judge
United States Bankruptcy Judge

# EXHIBIT L

**26**
KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al.,*
*the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**LIST OF EXHIBITS IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

Oroville Hospital (the "Hospital"), and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), the above-referenced debtors and debtors-in-possession (collectively, the "Debtors"), in the above-captioned bankruptcy cases (the "Chapter 11 Cases") filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby submit the following exhibits in support of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Application").

| Exhibit | Description | Page(s) |
|---|---|---|
| A | Employment Agreement dated November 12, 2026 | 3-7 |
| B | Kim Brown Sims's Qualifications | 8-21 |
| C | Proposed Order | 22-26 |

Dated: November 23, 2026

**FOX ROTHSCHILD LLP**

By */s/ Keith C. Owens*
KEITH C. OWENS
NICHOLAS A. KOFFROTH
*Counsel to Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

# EXHIBIT A

**Employment Agreement dated November 12, 2026**

OroHealth

November 12, 2026

Kim Brown Sims
[redacted]

**RE: Employment Offer – Chief Administrative Officer (CAO)**

Dear Ms. Brown Sims,

We are pleased to extend this formal offer of employment with OroHealth Corporation ("OroHealth") for the position of Chief Administrative Officer (CAO) of OroHealth and Oroville Hospital (the "Hospital"). This is a full-time, exempt executive position reporting to the Chief Executive Officer (CEO).

The Chief Administrative Officer will serve as a senior executive leader with significant responsibility for advancing hospital-wide operational performance, organizational effectiveness, strategic initiatives, financial performance, and long-term sustainability of the organization. The Chief Administrative Officer will be designated as an officer of OroHealth and the Hospital, subject to applicable governing documents and required Board or other authorized governing body approvals. In that capacity, the Chief Administrative Officer will be eligible for coverage under the Directors and Officers liability insurance policy, as applicable, subject to the terms, conditions, exclusions, and limits of the applicable policies.

The Chief Administrative Officer specific scope of responsibility, decision making authority, and reporting relationships will be established and may be modified by the organization in accordance with its governance structure, strategic objectives, operational priorities, and applicable legal and regulatory requirements, including those arising from or associated with any restructuring initiatives.

Nothing in this offer shall be construed as a commitment, promise, or guarantee of future appointment or advancement to the position of Chief Executive Officer. Any future changes in organizational leadership or consideration of the Chief Administrative Officer for advancement to a Chief Executive Officer position will be evaluated independently based on organizational needs, qualifications, performance, and applicable approval process. The Board expressly reserves the right to conduct a formal executive search, which may include consideration of internal and external candidates, in connection with any future Chief Executive Officer vacancy or leadership transition.

We anticipate your employment is expected to commence on or about December 14, 2026, subject to (a) mutual agreement and successful completion of all applicable pre-employment requirements and (b) approval of the Bankruptcy Court in the Chapter 11 Cases (defined below) of OroHealth and the

Hospital. We are confident that your leadership, financial expertise, and experience will be valuable to the organization.

**1. Annual Compensation**

Your annual base salary will be $435,011.20, equivalent to $209.14 per hour for payroll calculation purposes. Your salary will be paid on a biweekly basis in accordance with OroHealth's established payroll practices. OroHealth maintains twenty-six (26) pay periods annually, with employees paid every other Friday.

You will also become eligible for a performance bonus for the fiscal year ending November 2027, subject to approval by the Board of Trustees of OroHealth in its sole discretion; provided, however, that notwithstanding anything to the contrary in this letter, no performance bonus, if any, shall accrue, be earned, or otherwise become payable by OroHealth or the Hospital, or their respective bankruptcy estates, with respect to any period, or portion of a performance period, occurring while the Chapter 11 Cases are pending.

**2. Relocation Assistance**

In connection with your acceptance of this position, OroHealth will reimburse you for documented, reasonable relocation, temporary housing for up to thirty (30) days, and moving-related expenses associated with your employment related to OroHealth, up to a maximum of $25,000.

As a condition of receiving the relocation reimbursement, you agree that if you voluntarily resign from employment or are terminated for cause within the first twelve (12) months of employment, you will be required to repay the relocation reimbursement amounts paid to you, subject to applicable law and any required limitations. No repayment will be required if your employment is terminated without cause by OroHealth, including termination resulting from a sale, merger, acquisition, transfers, or change in ownership or control of the facility.

Relocation, temporary housing, and moving related expenses must be supported by appropriate receipts and documentation. You and OroHealth will coordinate the submission and reimbursement of eligible expenses in accordance with OroHealth's applicable practices.

**3. Employee Benefits**

You will be eligible for employee benefit programs effective the first day of the month following your hire date, subject to the eligibility requirements and terms of the applicable benefit plans. Other benefits will become effective in accordance with existing organizational policies and applicable plan provisions.

Employee benefit programs and policies may be amended or modified from time to time, with changes communicated to employees in accordance with applicable policies and law.

**4. Pre-Employment Requirements and Onboarding**

This offer is also contingent upon successful completion of applicable pre-employment requirements, including reference checks, background checks, and all required employee health screenings. You will

be scheduled an initial appointment with Employee Health to complete all required employee health assessments, followed by an appointment with Human Resources to complete and execute the necessary new hire documentation.

In addition, federal law requires verification of identity and employment authorization of all new employees. Accordingly, your employment is contingent upon satisfactory verification of your identity and eligibility to work in the United States.

**5. Employment Relationship**

Your employment with OroHealth is at-will, meaning that either you or OroHealth may terminate the employment relationship at any time, with or without cause or advance notice, subject to applicable law and the specific contractual compensation, expressly outlined in this offer letter.

For clarity, the at-will nature of your employment does not eliminate, supersede, or otherwise diminish OroHealth's express obligations concerning the matters described in this letter. These specific commitments will remain enforceable in accordance with their stated terms and applicable law.

**6. Subject to Bankruptcy Court Approval**

As you know, OroHealth, and its affiliate, Oroville Hospital, are currently debtors and debtors in possession in their Chapter 11 cases pending in the United States Bankruptcy Court for the Eastern District of California, Sacramento Division, jointly administered under Case No. 25-26876 (the "Chapter 11 Cases"). As such, your employment, including the terms set forth in this letter, is subject to approval of the Bankruptcy Court.

**7. Acceptance of Offer**

We are excited about the opportunity to welcome you as our Chief Administrative Officer. We believe your experience and leadership will make a meaningful contribution to the Hospital and its continued success.

Please indicate your acceptance of this offer by signing below and returning a copy of this letter no later than Sunday, November 15, 2026. Should you have any questions regarding the offer or its terms, please feel free to contact me.

We look forward to working with you.

Sincerely,

Scott Chapple
President and Chief Executive Officer

**Acknowledgement and Acceptance**

I acknowledge that I have reviewed and understand the terms and conditions of this employment offer and voluntarily accept the position of Chief Administrative Officer with OroHealth Corporation and Oroville Hospital, including the annual base compensation outlined in this letter.

I understand that my employment is at-will, and subject to the specific compensation expressly set forth in this offer and approval of the Bankruptcy Court.

Employee Signature: [signature]

Printed Name: Kim Brown Sims

Date: 11.15.26

**<u>EXHIBIT B</u>**

**Kim Brown Sims's Qualifications**

# Kim Brown Sims
**MBA, RN, PHN, FACHE, NEA-BC**

[redacted]


## EDUCATION

**Master of Business Administration, Strategic Leadership**
Trident University International, Cypress, Ca
Degree Conferred: January 2015
*Magna Cum Laude*

**Bachelor of Science, Nursing**
California State University, Sacramento
Degree Conferred: June 1995

**Associate of Science, Nursing**
Solano Community College, Rockville, Ca
Degree Conferred: June 1989

**Certificate, Vocational Nursing**
Napa Valley College, Napa, Ca
Degree Conferred: June 1985

## PROFESSIONAL INTERESTS

Lean Theory Application in Healthcare * Workforce Stabilization

Strategic Planning for Market Consolidation * Strategic Planning to Maximize Margins

## LICENSES, CERTIFICATIONS & ADVANCED TRAINING

**Licensed, Registered Nurse (RN), 443100**
• Board of Registered Nursing, California, Exp 7/31/2027
**Licensed, Public Health Nurse, 561819**
• Board of Registered Nursing, California, Exp 7/31/2027
**Licensed, Continuing Education Provider, 18085**
• Board of Registered Nursing, California, Exp 6/30/2027
• Firelight Nursing Innovations, Inc.
**Board Certified Healthcare Executive, Fellow (FACHE)**
• American College of Healthcare Executives (ACHE) Exp 12/31/2027
**Board Certified Nurse Exec Advanced (NEA-BC), 2019014931**
• American Nurse Credentialing Center (ANCC), Exp 3/27/2029
**Certified, Six Sigma Lean Black Belt in Healthcare**
• Management and Strategy Institute (MSI), Conferred 2020
**Provider, Basic Life Support (B.L.S., C.P.R.)**
• American Heart Association, Exp 12/06/2026

**LICENSES, CERTIFICATIONS & ADVANCED TRAINING (Con't)**

**Certified: AI for Nursing Leaders: Transforming Nursing with Technology, 141990260**
• Walden University, May 2025
**Certified: Change Leadership Professional, 142734803**
• Walden University, May 2025
**Certified: Coaching Teams Through Change, 142788348**
• Walden University, May 2025
**Certified: Successful AI Implementations in Nursing Practice, 141990259**
• Walden University, May 2025

**HONORS & AWARDS**

Center for Volunteer & Nonprofit Leadership (CVNL) April 2024 Excellence in Board Leadership
Center for Volunteer & Nonprofit Leadership (CVNL) April 2023 Excellence in Board Leadership
American College of Healthcare Executives Aug 2021 Exemplary Service Award
CaliforniaAssociation of Healthcare Leaders Aug 2021 President's Award for Leadership
American Nurses Association \ California Apr 2021 Public PolicyAward
Racism in Healthcare Task Force & Toolkit
California Department of Public Health May 2020 Certificate of Recognition
Commitment to Public Health in Response to the COVID-19 Pandemic
American College of Healthcare Executives Aug 2019 Regent'sAward, Senior Executive Distinguished Service Award
California State Assembly & California State Senate Aug 2019 Certificate of Recognition
Leadership Napa Valley
Sigma Theta Tau International Honor Society of Nursing Feb 2019 Nursing Leadership Achievement
Queen of the Valley Medical Center, Providence St. Joseph Health March 2019 Values In Action Nomination
Excellence in Leadership
Queen of the Valley Medical Center, Providence St. Joseph Health March 2018 Values In Action Nomination
Excellence in Leadership
California State Board of Equalization Oct 2017 Certificate of Recognition
Leadership San Luis Obispo
California Association of Healthcare Leaders Aug 2016 Volunteer of the Year
American College of Healthcare Executives Aug 2015 Distinguished ServiceAward

**TEACHING EXPERIENCE**

**Faculty** Aug 2019 - Present American *College of Healthcare Executives*
• 2020 Congress on Healthcare Leadership
• 2020 Chapter Leaders Conference
**Guest Lecturer** July 2023 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*
Leadership, Resilience and Professionalism
**Guest Lecturer** July 2022 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

## TEACHING EXPERIENCE (con't)

**Guest Lecturer** July 2021 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

Leadership During Crisis, Communication, Equity in Healthcare

**Guest Lecturer** July 2020 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

Leadership During Crisis, Communication, Equity in Healthcare

**Guest Lecturer** June 2019 CSU *Monterey Bay, Cuesta College Bachelor of Science Nursing Bridge Program*

Leadership, Professionalism and Cultural Transformation

**Guest Lecturer** June 2016 California *Polytechnic University San Luis Obispo, Department of Engineering*

Lean Theory Application in Healthcare

## RESEARCH EXPERIENCE

**Executive Director, The Gender Institute** **July 2021 - Jan 2025**
*Saint Francis Memorial Hospital, San Francisco, Ca*

Facilitated research support for Dr. Heidi Wittenberg: Peritoneal Pull-Through Technique for Gender Confirmation Vaginoplasty Grafting

**Service Line Administrator, Pediatric Oncology** **Nov 2012 - Sept 2014**
*Sutter Memorial Hospital, Sacramento, Ca*

Directed re-certification approval process as a Member of the National Cancer Institute/ Children's Oncology Group (completed March 2013) enabling IRB-approved clinical trials to resume at SMH

## PROFESSIONAL EXPERIENCE

**CHIEF NURSING OFFICER** October 2025 - Present
**CHA Hollywood Presbyterian Medical Center, Los Angeles, CA**

Lead nursing and clinical operations at a 434-bed medical center across emergency, critical care, adult inpatient, perioperative, women's and children's, rehabilitation, and post-acute services.

- Helped reduce average hospital length of stay from 4.72 to 3.51 days by strengthening daily capacity management and standardizing escalation and bed placement.
- Reduced nursing leadership vacancies from 52% to 24%. Introduced staffing matrices, strengthened agency staffing controls, and established a frontline nurse advisory council.
- Led nursing corrective actions for a CMS Immediate Jeopardy finding and helped prepare for successful Joint Commission, stroke, and STEMI surveys.
- Partnered with physician leaders to launch the obstetric laborist program.

**VICE PRESIDENT PATIENT CARE SERVICES** **July 2021 - Jan 2025**
**CHIEF NURSE EXECUTIVE OFFICER**
Network & Community Hospitals Division, UCSF Health, San Francisco, CA
*St. Mary's Hospital and Saint Francis Hospitals were acquired from CommonSpirit/Dignity Health Aug 1, 2024

Operations and clinical executive in two 200+ licensed bed facilities with budget oversight in excess of 150M. System, regional, and local participation and responsibilities, including business growth, directing cultural transformation, community integration, multi-hospital and departmental unification, fundraising, fiscal, and clinical excellence across the continuum of care. Primary functions in FY 24 were acquisition preparation, operations stabilization, and acquisition success.

Collaboration with outside agencies, including insurers, city, county, state, federal, and private reporting, accreditation, and certification agencies. Responsible for the growth and development of SMMC and SFMH operations and nursing efforts encompassing Adult Services (ICU, Telemetry, Medical- Surgical and Acute Rehab Unit), Adult and Adolescent Inpatient Behavioral Health, Surgical Services, Burn, Gender Institute (affirmation surgery and continuum services), Procedural Areas and the Emergency Department including Disaster preparedness. Additionally, oversight for the oncology service line, pharmacy, case management, quality improvement, risk management, clinical education, clinical staffing office, and ambulatory clinics, including women's health and sports medicine, in addition to the Sister Mary Phillipa Clinic serving the underserved in San Francisco. Strategic planning for successful business development of all aspects of clinical practice.

- Grew contribution margin of the Gender Institute to $4.89M in FY2024 up from $3.16M in FY 23 - (54.7% improvement) through strategic and business planning, directed growth (commercial payer focus), physician and community advisory board collaboration. This is a 100% grant funded program and carve out of the surgical services department
- Stabilized RN workforce and clinical leadership: established multi-campus leadership structure. Consolidation resulted in annual cost savings in excess of 750K
- Implemented multi-campus engagement and continuous performance improvement strategy deemed by UCSF physician leaders upon acquisition as best-in-class
- Developed & implemented cost containment strategies resulting in expenses at budget and/or lower than prior pay period
- Oversaw development of 12-month 125M phased bed expansion plan in preparation for expected growth resulting from sale of SMMC/SFMH to UCSF

**CHIEF NURSING OFFICER (Contract)** **April 2020 - June 2020**
Sleep Train Arena Alternate Care Facility (STA-ACF)
California Department of Public Health, Sacramento, California

Oversight for the rapid 7-day design, development, and implementation of all aspects of clinical care for COVID-19-positive patients at the 360-bed 12M Sleep Train Arena Alternate Care Facility

- Led the orientation and basic competency assessments for 300+ California Healthcare Core team members and volunteers
- Created safety program resulting in zero COVID-19 conversions
- Directed nursing leadership and workforce experts, in conjunction with OES, CalFire, and EMSA to develop supply chain and equipment management processes
- Engaged Healthcare Core Team members in the design of patient care units and 60+ standard operating procedures (SOPs).
- Directed the design and implementation of paper charting in the absence of an electronic health record (EHR)
- Led the development of a quality report card and incident reporting system to insure the provision of high-quality care in conjunction with a continuous improvement culture

**VICE PRESIDENT PATIENT CARE SERVICES** **May 2017 - July 2019**
**CHIEF NURSE EXECUTIVE**
Queen of the Valley Medical Center (QVMC)
Providence, St. Joseph Health, Napa, California

Operations and clinical executive in a 208-bed facility with budget oversight in excess of 80M. System, regional, and local responsibilities directing cultural transformation, community integration, departmental unification, fundraising, fiscal and clinical excellence across the continuum of care.

Collaboration with outside agencies, including insurers, city, county, state, federal, and private reporting, accreditation, and certification agencies.

Responsible for the growth and development of QVMC's operations and nursing efforts encompassing Women and Children's Services (Labor and Delivery, High Risk OB, Maternal-Child Services, and Level II Neonatal ICU), Adult Services (ICU, Telemetry, Medical- Surgical and Acute Rehab Unit), Surgical Services, Procedural Areas and the Emergency Department including Trauma and Disaster preparedness. Additionally, oversight for the oncology service line, pharmacy, case management, quality improvement, risk management, clinical education, clinical staffing office and strategic planning for successful business development of all aspects of clinical practice.

- Throughput structure and process redesign regional lead (5 hospitals) and Providence St. Joseph Health (PSJH) non-profit system representative for NorCal. The redesign resulted in an 11% region-wide reduction in LOS
- Reduced LOS by 36% for QVMC Jan 2018-May 2019 via structured twice daily multi-disciplinary case conference program
- Reduced contract labor spend by 33% YOY from May 2017 through May 2019 (11M reduction) via cultural transformation & leadership team building
- Fund-A-Need MC for Reach for the Stars Cancer Wellness Benefit raising the highest amount in QVMC's history (250K)
- Implemented 'The Queen's Experience' (Lean Daily Management [LDM] Employee Engagement Operational Plan) Jan 2018
    - Oct 2018 Employee Engagement Survey Senior Leader Rounding improvement 22 points over the prior year
        - Most improvement and highest engagement scores of all hospitals in NorCal region Oct 2018
        - *Personal Accomplishment: 2nd Highest Direct Report Team Engagement Score of all leaders in NorCal Region
    - Region-wide adoption of LDM (rollout 2019/2020) and system video highlight for PSJH executives in May 2019
    - System HR division planned adoption of LDM Q4 2019

**CHIEF EXECUTIVE OFFICER & FOUNDER** **June 2016 - Present**
KBS Leadership Consulting
Firelight Nursing Innovations, Inc., Napa, California

Executive development, operations, and clinical consulting practice owner-operator excelling at cultural transformation, community integration, operational, fiscal, and clinical efficiency, and excellence. Our company's philosophy and principles are based on our mission to drive change through empowerment, engagement, and equal opportunity.

- Oversight for the rapid 7-day design, development, and implementation of all aspects of clinical care for COVID-19-positive patients at the 360-bed 12M Sleep Train Arena Alternate Care Facility (April 2020 - June 2020 details above)
- Developed and implemented a stop-loss strategy focused on COVID guidelines to facilitate safe operations for staff and clients
- Developed business strategy for start-up healthcare service delivery organization resulting in financial awards, grants, and funding in excess of 100k
- Chosen as a presenter on workforce engagement from an 800-person field for the American College of Healthcare Executives Annual Congress
- Taught multiple cohorts of leaders in a 19-clinic FQHC on leadership soft skills resulting in an overall increase in employee satisfaction and culture of safety in excess of 2%
- Developed business strategy for healthcare mergers and acquisition companies resulting in the initial acquisition of a business contributing 3M in profits.

**VICE PRESIDENT & CHIEF NURSING OFFICER** **Sept 2014 – May 2017**
Sierra Vista Regional Medical Center
Tenet Health, San Luis Obispo, California

Wide ranging operational and clinical executive responsibility for this 164 bed facility and 60M budget. Responsible for cultural transformation, community integration, operational, financial and clinical excellence across the continuum of care. Participation in activities to support collaboration with outside agencies including insurers, city, county, state, federal and private reporting, accreditation and certification agencies. Responsible for growth and development of nursing efforts encompassing Women and Children's Services (Labor and Delivery, High Risk OB, Maternal-Child Services and Level II Neonatal ICU), Adult Services (ICU, Telemetry, Medical-Surgical and Acute Rehab Unit), Surgical Services, Procedural Areas and the Emergency Department including Trauma and Disaster Preparedness. Additionally, responsible for quality improvement, risk management, clinical education, clinical staffing office and strategic planning for successful business development of all aspects of clinical practice.

**VP, CHIEF NURSING OFFICER (Con't)**

- Designed and Implemented Employee Engagement Operation Strategy Jan 2015: Lean Daily Management (LDM)
    - Achieved the highest improvement in Tenet's for-profit 85 hospital system on employee engagement scores Sept 2015
    - Achieved five-point overall improvement on the AHRQ Culture of Safety Survey (employee perception of hospital safety) via LDM and increased staff perception of having a voice in decisions affecting their work
    - Achieved top quartile quality scores for Tenet Health (Ranked #4 out of 85 hospitals)Year End 2015
    - Awarded Tenet Health's Circle of Excellence 2016
- Directed efforts resulting in the achievement of Joint Commission Certification for Stroke and Heart Failure Care in June 2015 and designation as a Blue Cross/Blue Shield Distinction Plus facility for hip, knee & spine surgery in 2016
- Redesigned Nursing Division in Q1 2015 with resulting $270K annual savings (savings assessed Jan 2016)
- Implemented Hospital-wide multi-disciplinary Governance Council contributing to overall 2+point shift and improvements in every category of the AHRQ Safety Survey

**ASSISTANT ADMINISTRATOR** **Nov 2012 – Sept 2014**
Sutter Memorial Hospital
Sutter Health, Sacramento, California

Sutter Medical Center, Sacramento, is the flagship hospital of the Sutter Health System, comprises 700 beds, two freestanding hospitals, administrative and medical office buildings, and outpatient clinics.

Sutter Memorial Hospital is a freestanding tertiary/quaternary hospital for women and children, with service lines including multiple specialties and subspecialties. The business strategy focused on regional integration and unification of women's and children's services with both Sutter and non-Sutter affiliates. The business plan and strategy focused on the top five service lines and required outreach, coordination, and execution of efforts across the continuum of care.

Strategic planning responsibilities for women's & children's services included the development of new business initiatives, physician contracting, strategic partnerships, development and implementation of the Epic EMR, ambulatory center build-out, and construction of the women and children's Anderson Lucchetti Center on the Sutter Medical Center campus which was a 900M project.

Operational oversight, in collaboration with the Medical Directors of Women's Services, Pediatric Services, the Chief Nursing Executive, and departmental nursing leadership, included Neonatal ICU, Labor & Delivery, Perinatology, High Risk Maternity, Postpartum, Newborn

**ASSISTANT ADMINISTRATOR (Con't)**

Nursery, MotherBaby Unit, Observation Nursery, Pediatrics, Pediatric ICU, Pediatric Emergency Department, Women's Outpatient Programs, and Children's Outpatient Services including ambulatory surgery center and Pediatric Hematology/Oncology

- Designed and led a system-wide physician contracting compliance program
- Executive team member with oversight of transition planning for the opening of Anderson Lucchetti Women's and Children's Center of Sutter General Campus
- Developed and executed a pediatric cardiovascular service line business plan resulting in YOY volume growth in excess of 150%
- Directed process for certification as a research site for Pediatric Hematologic Oncology Trials
- Led the efforts for renegotiation of medical director and call coverage contracts which resulted in a 250K annual savings

**DIRECTOR, ADMINISTRATIVE SERVICES** **May 2009 – Oct 2012**
Kaiser Roseville Medical Center
Kaiser Permanente, Roseville, California

Responsible for planning, directing, implementing, coordinating, and evaluating administrative clinical services on the Kaiser Roseville Campus. Roles and responsibilities included Service Enhancement Lead, patient care quality oversight, directed House Supervision, Staffing Office, Clinical Standards, GRASP Acuity System, Clinical Nutrition, Peripherally Inserted Central Catheter (PICC) Team, and C.N.A. Quality Liaison Manager. Fiduciary responsibility included managing an operating budget of 10M, including 77 FTEs. Worked collaboratively with KFHP and the Medical Group staff in the development and execution of strategic plans, providing quality care and managing cost-effective services across the continuum.

- Implemented Hospital-wide Patient Experience and Service Recovery Programs • Achieved "Most Improved in Region" for Patient Satisfaction HCAHPS survey scores2010
- Facilitated Joint Review Committee successfully negotiating RN schedule realignment process(9 month project) in conjunction with California Nurses Association (CNA) representatives
- Chaired Interdisciplinary Practice Committee for Kaiser Roseville's hospital and outpatient clinics, ensuring adherence to med-staff bi-laws and TJC Standards forAHP oversight

**MANAGER, NEONATAL INTENSIVE CARE UNIT, INTERIM** 2008 – 2009
**ASSISTANT NURSE MANAGER, NEONATAL INTENSIVE CARE UNIT** 2006 – 2009
**STAFF NURSE II, NEONATAL INTENSIVE CARE UNIT** 2005 – 2006
Kaiser MorseAve.
Kaiser Permanente, Sacramento, California

Responsible for managing the 48-bed unit's day-to-day clinical operations, including practice standards, staffing, payroll, budgets, fiscal management, and quality improvement. Fiduciary Responsibility included managing an operating budget of 16M, including 91 FTEs. Maintained and supported the achievement of being a Destination Unit as awarded by the Advisory Board Company (Nursing Leadership Academy) and Best of Budget within the North Valley Region.

**Kaiser (con't)**

- Successful oversight of transition of the Neonatal Intensive Care Unit and Women and Children's Services from MorseAve to Roseville Campus as Interim Manager • Facilitated successful CDPH licensing survey with no findings in the course of opening a new facility
    - Directed NICU process design for transition to and opening of new campus (Roseville)
    - Directed workflow redesign for Health Connect (EMR) adoption. (Health Connect go-live June 08, Roseville opening Jan 09)
- Awarded Destination Unit recognition by the Advisory Board Company (Nursing Leadership Academy) and Best of Budget within the North Valley Region

## VOLUNTEER BOARD SERVICE

**American Nurses Association and ANA California**

Racism in Healthcare Task Force Member (ANA\C) — July 2020 - Present
LGBTQIA+ Equity Collaborative — Jan 2024 - Present
Advisory Board, Veterans Access to Healthcare — May 2025 - Present

July 2020 -Dec 2022
**Women in Healthcare**
Oct 2020 - Dec 2022
Vice President, National Executive Board Member

May 2018 - Present
**Mentis, Napa's Center for Mental Health Services**
May 2019 - Present
President, Executive Board Member
Jan 2019 - Dec 2020
Vice President, Executive Board Member
Philanthropic Strategy, Friend-Raiser Host
May 2018 - Present
Annual Gala Gift Procurement and Table Host
May 2018 - Present
Development (Philanthropy) Committee
May 2018 - May 2019
Board Member

**California Association of Healthcare Leaders (CAHL, an ACHE Affiliate)**

Immediate Past-President — Jan 2021 - Dec 2021
President — Oct 2019 - Dec 2020
President-Elect, Executive Board Member — Oct 2018 - Oct 2019
Board Member — Oct 2010 - Oct 2018
Career Transitions and Development Committee Member — Oct 2019 - Oct 2019
Sponsorship Committee Chair — Oct 2014 - Oct 2018

**American College of Healthcare Executives (ACHE)**

Regents Advisory Council, District 5 — Jan 2015 - Dec 2020
Board of Governors Fellow Exam Committee — Feb 2018 - Feb 2022

**Cuesta College Department of Health Sciences**

Advisory Board Member — Jan 2015 - May 2017

**PROFESSIONAL AFFILIATIONS**

American College of Healthcare Executives (ACHE) - Board Certified Fellow
American NursesAssociation (ANA) - Member
American Nurse Credential Center (ANCC) - Board Certified Nurse Executive
AdvancedAmerican Organization of Nurse Leaders (AONL) - Member
California Association of Healthcare Leaders (CAHL) - Member
International Coach Federation (ICF) - Member
National Speakers Association (NSA) - Member, Speaker
Sigma Theta Tau International Honor Society of Nursing- Member
Women in Healthcare International (WIH) - Member

**PROFESSIONAL PRESENTATIONS, FEATURES AND PUBLICATIONS** (Non-Exhaustive List)

Panelist, Brown Sims, K et al (2023) *Rebuilding Community Trust* Berkeley Haas School of Business Annual Conference

Contributing Author: Brown Sims, K., Gullap - Moore, C., Haley, T., (2021) *Racism in Nursing*, nurse.org, https://nurse.org/articles/ana-ca-racism-in-nursing-taskforce/

Panelist: Brown Sims, K., Gullap - Moore, C., Haley, T., (2021) *ANA\C Launches Racism in Nursing Taskkforce*, Ask Nurse Alice https://nurse.org/articles/ana-ca-racism-in-nursing taskforce/

Moderator: Brown Sims, K, et al (2021) *Gender Equity and Intersectionality*, California Assoc of Healthcare Leaders, Sacramento, Ca (virtual event)

Panelist: Brown Sims, K., et al (2021) *Resiliency, Recovery and Planning - Pandemic Take-Aways,* Women in Healthcare, Inc., National, Baltimore, MD (virtual event)

Presenter: Brown Sims, K., (2021) The Greatest Gift Series: *Mental Health in a Time ofVolatility.,* Bender Insurance Solutions, Roseville, Ca (virtual event)

Panelist: Brown Sims, K., et al (2021) *Stronger Together: Mental Health and Well-being DuringCOVID-19,* Center for Volunteer and Nonprofit Leadership, Marin, Ca. (virtual event)

Panel Host: Brown Sims, K. (2020) *Emotional Intelligence in Healthcare.,* California Association of Healthcare Leaders, Sacramento, Ca (virtual event)

Host: Brown Sims, K., (2020) *2020 Annual Awards Ceremony.,* CaliforniaAssociation of Healthcare Leaders, Sacramento, Ca (virtual event) https://ache-cahl.org/congress/

Presenter: Brown Sims, K., Hodge, JA., (2020 delayed to 2021) *Want extraordinary results? Value your expert workforce. Intraprenuerial Leadership Skills101,* International HospitalFederation World Congress 2021, Barcelona, Spain

**PROFESSIONAL PRESENTATIONS, FEATURES AND PUBLICATIONS** (Con't)

Presenter: Brown Sims, K., (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, Diversity and Inclusion.* Elica Health Centers, Sacramento, CA. (virtual event)

Panelist: Brown Sims, K., et al. (2020) *Salesforce Educational Webinar Series: ExecutiveInterview Panel,* AMN Leadership Solutions, Dallas, TX. (virtual event)

Panelist: Brown Sims, K., O'Connor, K., Protopapadakis, H. (2020) *Best Year Ever: Leading your Chapter to Success…and Significance*,American College of Healthcare ExecutivesChapter Leaders Conference 2020, Chicago. Illinois (virtual event)

Presenter: Brown Sims, K., (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, ConflictManagement.* Elica Health Centers, Sacramento, Ca. (virtual event)

Presenter: Brown Sims, K., (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, EffectivelyGiving and Receiving Feedback.* Elica Health Centers, Sacramento, Ca. (virtual event)

Facilitator, Appearance: Brown Sims, K., et al (2020) *In This Together,* Sleep Train Arena Alternate Care Facility, State of California, Sacramento Kings, Sacramento, Ca https://kings.box.com/s/3s4yzkarjhdkotiuigmonpt05bkz8l47

Presenter: Brown Sims, K., Hodge, J. (2020) *Operationalizing Engagement: Shifting the Paradigm of Leadership.*American College of Healthcare Executives Congress (NationalConference) 2020, Chicago, Ill

Presenter: Brown Sims, K. (2020) *Hi-Touch Healthcare: The Critical Six Soft Skills, MotivationalInterviewing.* Elica Health Centers, Sacramento, Ca.

Presenter: Brown Sims, K., (2019) *Hi-Touch Healthcare: The Critical Six Soft Skills, Diversity and Inclusion.* Elica Health Centers, Sacramento, Ca.

Author: Brown Sims, K. (2019) *Your Authenticity is Your Greatest Gift to Humanity, 5 Keys to Unlocking Your Gifts.* Thrive Global. San Francisco, Ca. https://thriveglobal.com/stories/ your-authenticity-is-the-greatest-gift-to-humanity/

Featured: Cooper, S., (2019) *Kim Brown Sims' Perspectives on Leadership, Nursing and Life inNapa Valley.* InveniasPartners. Chicago, Ill.

https://www.inveniaspartners.com/article/celebrating-nurses-leadership-conversation-kim-brown sims

Featured: Schmaltz,I., (2019) *Sacred Moments: Napa nurses say they were drawn to a life of service by formative experiences.* Napa Valley Register and Inside Napa Valley. Napa,Ca.

https://napavalleyregister.com/news/local/sacred-moments-napa-nurses-say-they-were-drawn-to-a/ article_d1582328-a9f9-50f5-a1e6-8cf114ebe69a.html

**PROFESSIONAL PRESENTATIONS, FEATURES AND PUBLICATIONS** (Con't)

Contributing Presenter: Brown Sims, K., Maples, J., (2018) *Empowerment + Engagement =Happy High Reliability.* Institute for Healthcare Improvement National Conference. Orlando, Fl

Panelist: Brown Sims, K., et al., (2018) *Healthcare Administration.* Department of Health & Human Services, University of San Francisco, San Francisco, C

Panelist: Brown Sims, K., et al., (2017) *Healthcare Administration*. Department of Health & Human Services, California State University Sacramento, Sacramento, Ca

Presenter: Brown Sims, K., (2016) *Leaning Toward the Patient Experience*. Western RegionChief Nurse Executive Summit, Irvine, Ca

Contributing Author: Brown Sims, K., et al (2016) *Lean Program Delivers at Sierra Vista Regional Medical Center* Becker's Hospital Review. Chicago, Ill. www.beckershospitalreview.com/hospital-management-administration/lean-program delivers-at-sierra-vista-regional-medical-center.html

Presenter: Brown Sims, K., et al (2015) Improving Quality Outcomes by Leveraging SynergisticRelationships. 2015 Clinical Informatics Academy, American Nursing Informatics Association, Dallas-Fort Worth Chapter. Dallas, Tx.

Facilitator, Appearance: Mechanic, M., (2015) Emmy Award Winning Public Service Announcement "Dynamite" Sutter Memorial Hospital Women and Children's Center, NationalAcademy of TelevisionArts and Sciences; KOVR Channel 13. Sacramento, Ca. https://www.youtube.com/watch?v=4UAceiO44J4

# EXHIBIT C

**Proposed Order**

**4**

KEITH C. OWENS (SBN 184841)
kowens@foxrothschild.com
NICHOLAS A. KOFFROTH (SBN 287854)
nkoffroth@foxrothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Oroville Hospital, et al., the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br><br>OROVILLE HOSPITAL, *et al.*,[1]<br><br>Debtors and Debtors in Possession. | Lead Case No. 25-26876<br><br>Jointly Administered With:<br>Case No. 25-26877<br><br>**DCN KCO-20**<br><br>Chapter 11<br><br>Hon. Christopher D. Jaime |
| ☒ Affects All Debtors<br><br>☐ Affects Oroville Hospital<br>☐ Affects OroHealth Corporation: A Nonprofit Healthcare System<br><br>Debtors and Debtors in Possession. | **Hearing Information**<br>Hearing Date: December 8, 2026<br>Hearing Time: 11:00 a.m.<br>Location: Courtroom 32<br>501 I Street<br>Sacramento, California 95814 |

**ORDER APPROVING RETENTION AND EMPLOYMENT OF KIM BROWN SIMS AS DEBTORS' CHIEF ADMINISTRATIVE OFFICER**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Oroville Hospital (4554) and OroHealth Corporation: A Nonprofit Healthcare System (4776). The mailing address for the Debtors is 2767 Olive Highway, Oroville, California, 95966.

This Court having considered the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kim Brown Sims as Debtors' Chief Administrative Officer* (the "Application")[2] filed by Oroville Hospital (the "Hospital") and OroHealth Corporation: A Nonprofit Healthcare System ("OroHealth"), debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"); pursuant to and upon the Declarations of Kim Brown Sims and Scott Chapple in support of the Application; and upon the Memorandum of Points and Authorities in support of the Application; and upon the List of Exhibits in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Application and hearing on the Application (the "Hearing") were appropriate under the circumstances and that no other notice need be provided; and this Court having heard and considered the statements in support of the Application at the Hearing; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and being satisfied that Kim Brown Sims does not represent any entity having an adverse interest in connection with the Chapter 11 Cases and is a "disinterested person" as defined under 11 U.S.C. § 101(14); and after due deliberation and sufficient cause appearing for the relief granted herein,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth herein.

2. The Debtors are authorized to employ and retain Kim Brown Sims as Chief Administrative Officer ("CAO"), as an officer of the Debtors in the ordinary course pursuant to 11

[2] Capitalized terms used but not defined herein have the meanings assigned in the Application.

U.S.C. §§ 105(a) and 363(b) on the terms set forth in the Employment Agreement, subject to the following:

a. As CAO, Ms. Brown Sims will report to the Debtors' Chief Executive Officer and act under the direction, control, and guidance of the Debtors' Boards of Trustees.

b. The CAO shall not be retained in any other capacity not otherwise set forth in the Employment Agreement (for example and without limitation as a financial advisor, claims agent/claims administrator, or investor/acquirer) for or on behalf of the Debtors' estates or in connection with the above-captioned cases.

c. In the event the Debtors seek to have Ms. Brown Sims assume executive officer positions that are different than the position disclosed in the Application, or to materially change the terms of her employment by either (i) modifying the functions of Ms. Brown Sims or (ii) altering or expanding the scope of her employment, a motion to modify the retention shall be filed.

d. Ms. Brown Sims shall not serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned Chapter 11 Cases.

e. The Debtors are permitted to indemnify the CAO on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' applicable insurance policies.

f. The CAO shall disclose any and all facts that may have bearing on whether she holds or represents any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

g. Notwithstanding anything contained herein, the U.S. Trustee and all parties in interest shall retain all rights granted to them under the Bankruptcy Code, including the right to move for appointment of a trustee or an examiner.

3. The terms of the Employment Agreement, including without limitation, the compensation, benefits, and relocation reimbursement provisions, are reasonable terms and conditions of employment and are hereby approved, except as modified herein.

4. The Debtors are authorized to compensate the CAO in the ordinary course of business pursuant to § 363(b), subject to the terms set forth herein.

5. All requests by the CAO for the payment of an indemnity claim shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to this Order and is reasonable under the circumstances of the

litigation or settlement in respect of which indemnity is sought, provided however, that in no event shall the CAO be indemnified in the case of her own bad-faith, self-dealing, gross negligence or willful misconduct.

6. The Debtors and the CAO are authorized to take such other actions as are necessary to comply with their duties set forth in this Order.

7. In the event of any inconsistency between the Employment Agreement, the Application, and this Order, this Order shall govern.

8. Notwithstanding anything to the contrary contained in the Employment Agreement or this Order, any payment made or other action taken by the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights and authorizations granted or approved hereunder, shall be subject in all respects to any interim and/or final orders regarding the Debtors' use of cash collateral and/or postpetition debtor in possession financing facilities, approved by this Court in these Chapter 11 Cases.

9. Notwithstanding any term in the Employment Agreement to the contrary, the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

DATED:

______________________________

Christopher D. Jaime, Chief Judge
United States Bankruptcy Judge

# EXHIBIT M

| Name | Address |
|---|---|
| ALE USA, INC. | ATTN CARMEN AZEVEDO 2000 CORPORATE CENTER DR THOUSAND OAKS CA 91320 UNITED STATES OF AMERICA |
| ALE USA, INC. | ATTN CARMEN AZEVEDO P.O. BOX 660367 DALLAS TX 75266-0367 UNITED STATES OF AMERICA |
| ALLIANCE FUNDING GROUP | 18231 IRVINE BLVD STE 100 TUSTIN CA 927803432 UNITED STATES OF AMERICA |
| AMERICORP FINANCING | PO BOX 633553 CINCINNATI OH 45263-3553 UNITED STATES OF AMERICA |
| AMERICORP FINANCING | 877 S. ADAMS RD BIRMINGHAM MI 48009 UNITED STATES OF AMERICA |
| AMUR FINANCIING | 304 W 3RD ST GRAND ISLAND NE 68801 UNITED STATES OF AMERICA |
| AMUR FINANCING | PO BOX 2555 GRAND ISLAND NE 68801 UNITED STATES OF AMERICA |
| BETA HEALTHCARE GROUP | ATTN ANDREW GUARAGLIA PO BOX 619804 ROSEVILLE CA 95661 UNITED STATES OF AMERICA |
| BOSTON SCIENTIFIC | ATTN: ENRICO LAURENT 300 BOSTON SCIENTIFIC WAY (OFFICIAL COMMITTEE OF UCC) MARLBOROUGH MA 01752 UNITED STATES OF AMERICA |
| BOSTON SCIENTIFIC CORPORATION | ATTN KETNOUVONG, BOUNTIAP 201 WASHINGTON ST BOSTON MA 02108 UNITED STATES OF AMERICA |
| BOSTON SCIENTIFIC CORPORATION | ATTN KETNOUVONG, BOUNTIAP PO BOX 951653 DALLAS TX 75395-1653 UNITED STATES OF AMERICA |
| CALIFORNIA ATTORNEY GENERALS OFFICE | CONSUMER PROTECTION SECTION ATTN: BANKRUPTCY NOTICES 455 GOLDEN GATE AVE., STE. 11000 SAN FRANCISCO CA 94102-7004 UNITED STATES OF AMERICA |
| CALIFORNIA DEPARTMENT | OF HEALTH CARE SERVICES 1501 CAPITOL AVE STE 71.2048 SACRAMENTO CA 95814-5005 UNITED STATES OF AMERICA |
| CALIFORNIA HEALTHCARE INS, INC | ATTN PRESIDENT AND COO 9229 SIERRA COLLEGE BLVD ROSEVILLE CA 95661-5919 UNITED STATES OF AMERICA |
| CANNON DESIGN | ATTN SAMUEL J. MUIR, ESQ. 222 BROADWAY, SUITE 1503 OAKLAND CA 94507 UNITED STATES OF AMERICA |
| CANNON DESIGN | ATTN CEO 300 E 42ND ST 2ND FL NEW YORK NY 10017 UNITED STATES OF AMERICA |
| CANNON DESIGN | ATTN CEO DEPT CHICAGO 19824 PALATINE IL 60055 UNITED STATES OF AMERICA |
| CANON MEDICAL FINANCE | 2441 MICHELLE DR TUSTIN CA 927807047 UNITED STATES OF AMERICA |
| CARDINAL HEALTH | ATTN TYRONZA WALTON P.O. BOX 742946 LOS ANGELES CA 90074-2946 UNITED STATES OF AMERICA |
| CARDINAL HEALTH | ATTN TYRONZA WALTON 7000 CARDINAL PLACE DUBLIN OH 43017 UNITED STATES OF AMERICA |
| CHANGE HEALTHCARE | ATTN LUANNE ANDERSON C/O OPTUM 11000 OPTUM CIRCLE EDEN PRAIRIE MN 55344 UNITED STATES OF AMERICA |
| CHANGE HEALTHCARE | ATTN VASSI ILIADIS, DAVID WILLNER OREN KREPS 1999 AVE OF THE STARS, STE 1400 LOS ANGELES CA 90067 UNITED STATES OF AMERICA |
| CHANGE HEALTHCARE | ATTN LUANNE ANDERSON P.O. BOX 742526 ATLANTA GA 30374-2526 UNITED STATES OF AMERICA |
| CHANGE HEALTHCARE OPERATIONS, LLC | ATTN: PAUL RUNICE ONE HEALTH DRIVE MN103-0500 (OFFICIAL COMMITTEE OF UCC) EDEN PRAIRIE MN 55344 UNITED STATES OF AMERICA |
| CHG MEDICAL STAFFING, INC. | ATTN EVONNE ORWIN P.O. BOX 972670 DALLAS TX 75397-2670 UNITED STATES OF AMERICA |
| CLINICOMP INTERNATIONAL, INC. | ATTN SEAN GALLAGHER 9655 TOWNE CENTRE DR SAN DIEGO CA 92121 UNITED STATES OF AMERICA |
| CODONICS | PO BOX 523 MURIETTA OH 45750-0523 UNITED STATES OF AMERICA |

| Name | Address |
|---|---|
| CODONICS | 17991 ENGLEWOOD DR MIDDLEBURG HEIGHTS OH 44130 UNITED STATES OF AMERICA |
| CURATIVE TALENT, LLC | ATTN BLAKE BEAR PO BOX 122549 DALLAS TX 75312-2549 UNITED STATES OF AMERICA |
| DE LAGE LANDEN FINANCIAL | SERVICES, INC. PO BOX 825736 PHILADELPHIA PA 19182-5736 UNITED STATES OF AMERICA |
| DELL FINANCIAL SERVICES | ONE DELL WAY ROUND ROCK TX 78682 UNITED STATES OF AMERICA |
| DELL FINANCIAL SERVICES | PO BOX 5292 CAROL STREAM IL 60197-5292 UNITED STATES OF AMERICA |
| DENTONS US LLP | COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDS ATTN SAM ALBERTS 1900 K STREET, NW WASHINGTON DC 20006-1102 UNITED STATES OF AMERICA |
| DENTONS US LLP | COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDS ATTN TANIA MOYRON, SAMUEL MAIZEL 601 SOUTH FIGUEROA ST, STE 2500 LOS ANGELES CA 90017-5704 UNITED STATES OF AMERICA |
| DEXT CAPITAL | PO BOX 74007351 CHICAGO IL 60674-7351 UNITED STATES OF AMERICA |
| DIEGO MATEO CARLSON | 1800 CENTURY PARK EAST, STE 1500 LOS ANGELES CA 90067 UNITED STATES OF AMERICA |
| DOWNEY BRAND LLP | COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDS DOWNEY BRAND LLP ATTN JAMIE DREHER, JORGE GAITAN 621 CAPITOL MALL, 18TH FL SACRAMENTO CA 95814 UNITED STATES OF AMERICA |
| FIRST CITIZENS BANK | 440 DRAKE CIRCLE SACRAMENTO CA 95864 UNITED STATES OF AMERICA |
| FIRST CITIZENS BANK | PO BOX 63034 CHARLOTTE NC 28263-3034 UNITED STATES OF AMERICA |
| FORD CREDIT | BANKRUPTCY DEPARTMENT P.O. BOX 35911 CLEVELAND OH 44135-0911 UNITED STATES OF AMERICA |
| GE HEALTHCARE | 2984 COLLECTION CENTER DRIVE CHICAGO IL 60693 UNITED STATES OF AMERICA |
| GE HEALTHCARE CAPITAL | PO BOX 640200 PITTSBURGH PA 15264-0200 UNITED STATES OF AMERICA |
| GREENBERG TRAURIG, LLP | COUNSEL TO UMB ATTN COLLEENMURPHY 1 INTERNATIONAL PL STE 2000 BOSTON MA 02110 UNITED STATES OF AMERICA |
| INTUITIVE SURGICAL | ATTN CEO/GENERAL COUNSEL 1020 KIFER ROAD SUNNYVALE CA 94086 UNITED STATES OF AMERICA |
| INTUITIVE SURGICAL | ATTN CEO/GENERAL COUNSEL PO BOX 883629 LOS ANGELES CA 90088-3629 UNITED STATES OF AMERICA |
| INTUITIVE SURGICAL | PO BOX 883629 LOS ANGELES CA 90088-3629 UNITED STATES OF AMERICA |
| INTUITIVE SURGICAL INC | 1020 KIFER ROAD SUNNYVALE CA 94086 UNITED STATES OF AMERICA |
| LANDMARK HEALTHCARE FACILITIES | ATTN MICHAEL D. CLEARY 839 N. JEFFERSON ST MILWAUKEE WI 53202 UNITED STATES OF AMERICA |
| MECHANICS BANK | 2227 MYERS STREET OROVILLE CA 95966 UNITED STATES OF AMERICA |
| MECHANICS BANK | 2000 M STREET MERCED CA 95340 UNITED STATES OF AMERICA |
| MEDICAL SOLUTIONS | ATTN DARREL REICHENBERG P.O. BOX 850737 MINNEAPOLIS MN 55485-0737 UNITED STATES OF AMERICA |
| MEDLINE INDUSTRIES | ATTN SHANE REED, DIRECTOR OF CREDIT A/R SERVICES AND ESCALATIONS FINANCE THREE LAKES DR NORTHFIELD TOWNSHIP IL 60093 UNITED STATES OF AMERICA |
| MEDLINE INDUSTRIES | ATTN SHANE REED, DIRECTOR OF CREDIT A/R SERVICES AND ESCALATIONS FINANCE DEPT. LA 21558 PASADENA CA 91185-1558 UNITED STATES OF AMERICA |

| Name | Address |
|---|---|
| MEDLINE INDUSTRIES LP | ATTN: SHANE REED 3 LAKES DRIVE (OFFICIAL COMMITTEE OF UCC) NORTHFIELD IL 60093 UNITED STATES OF AMERICA |
| MODERN-SUNDT | ATTN SARA KORNBLATT C/O GIBBS GIDEN 12100 WILSHIRE BLVD STE 300 LOS ANGELES CA 90025 UNITED STATES OF AMERICA |
| MODERN-SUNDT, A JOINT VENTURE | ATTN: MOKE SEEGERT 3083 SOUTHGATE LANE (OFFICIAL COMMITTEE OF UCC) CHICO CA 95928 UNITED STATES OF AMERICA |
| NISSAN MOTORS | PO BOX 740849 CINCINNATI OH 45274-0849 UNITED STATES OF AMERICA |
| OFFICE OF THE U.S. TRUSTEE | 450 GOLDEN GATE AVENUE, 5TH FLOOR SUITE 05-0153 SAN FRANCISCO CA 94102 UNITED STATES OF AMERICA |
| OHPAC PARTNERS, LLC | ATTN RICHARD PACHULSKI 10100 SANTA MONICA BLVD LOS ANGELES CA 90067 UNITED STATES OF AMERICA |
| OROVILLE MEDICAL COMPLEX, LLC | ATTN RICHARD PACHULSKI 10100 SANTA MONICA BLVD LOS ANGELES CA 90067 UNITED STATES OF AMERICA |
| PACIFIC GAS & ELECTRIC | ATTN CEO/GENERAL COUNSEL P.O. BOX 997300 SACRAMENTO CA 95899-7300 UNITED STATES OF AMERICA |
| PACIFIC GAS & ELECTRIC | ATTN CEO/GENERAL COUNSEL 300 LAKESIDE DRIVE OAKLAND CA 94612 UNITED STATES OF AMERICA |
| PACIFIC PARKS LANDSCAPING, INC | 12740 EARHART AVE. AUBURN CA 95602 UNITED STATES OF AMERICA |
| PHOENIX SETTLEMENT ADMIN | ATTN: SUSANA CARRILLO 515 FIGUEROA ST. SUITE 1250 (OFFICIAL COMMITTEE OF UCC) LOS ANGELES CA 90071 UNITED STATES OF AMERICA |
| PHOENIX SETTLEMENT ADMIN. | ATTN YAMI BURNS P.O. BOX 7208 ORANGE CA 92863 UNITED STATES OF AMERICA |
| PHOENIX SETTLEMENT ADMIN. | ATTN YAMI BURNS 1411 N. BATAVIA ST., SUITE 105 ORANGE CA 92867 UNITED STATES OF AMERICA |
| REED SMITH LLP | COUNSEL TO BANK OF NEW YORK MELLON TRUST CO ATTN LUKA A SIZEMORE 225 FIFTH AVENUE PITTSBURGH PA 15222 UNITED STATES OF AMERICA |
| STERIS CORPORATION | ATTN ALEX SYLVAN 5960 HEISLEY ROAD MENTOR OH 44060 UNITED STATES OF AMERICA |
| STERIS CORPORATION | ATTN ALEX SYLVAN P.O. BOX 644063 PITTSBURGH PA 15264-4063 UNITED STATES OF AMERICA |
| STRYKER SALES LLC | ATTN NOEL PEREIRA 21343 NETWORK PLACE CHICAGO IL 60673-1213 UNITED STATES OF AMERICA |
| THE BANK OF NEW YORK MELLON | 500 ROSS ST 12TH FL PITTSBURGH PA 15262 UNITED STATES OF AMERICA |
| THE BANK OF NEW YORK MELLON | PO BOX 392013 PITTSBURGH PA 15251-9013 UNITED STATES OF AMERICA |
| TRI COUNTIES BANK | 63 CONSTITUTION DRIVE CHICO CA 95973 UNITED STATES OF AMERICA |
| TRISHA L. HOPPS AND PAMELA SERAFINE | PAMELA SERAFINE 5537 BLACK OLIVE DRIVE PARADISE CA 95954 UNITED STATES OF AMERICA |
| U.S. DEPARTMENT OF JUSTICE | ATTN EDWARD C. CROOKE CIVIL DIVISION, FRAUD SECTION 175 N STREET NE WASHINGTON DC 200004 UNITED STATES OF AMERICA |
| UMB BANK | PO BOX 414589 KANSAS CITY MO 64141-4589 UNITED STATES OF AMERICA |
| UNITED STEELWORKERS INTERNATIONAL UNION | ATTN: ZACH HEBERT ASSISTANT GENERAL COUNSEL 60 BLVD. OF THE ALLIES, RM. 807 (OFFICIAL COMMITTEE OF UCC) PITTSBURGH PA 15222 UNITED STATES OF AMERICA |
| US ATTORNEY, EASTERN DISTRICT OF CA | 501 I ST, STE 10-100 ATTN ERIC GRANT SACRAMENTO CA 95814 UNITED STATES OF AMERICA |
| VITALANT | ATTN MISTY JOHNSON 9305 E. VIA DE VENTURA SCOTTSDALE AZ 85258 UNITED STATES OF AMERICA |

| Name | Address |
|---|---|
| VITALANT | ATTN MISTY JOHNSON P.O. BOX 29650 PHOENIX AZ 85038-9650 UNITED STATES OF AMERICA |
| VITEL NET | ATTN MICHAEL KOLLAR 1640 BORO PLACE 4TH FLOOR, SUITE 505 MCLEAN VA 22102 UNITED STATES OF AMERICA |
| VITEL NET | ATTN: MICHAEL KOLLAR 1640 BORO PLACE, 4TH FLOOR (OFFICIAL COMMITTEE OF UCC) MCLEAN VA 22102 UNITED STATES OF AMERICA |
| WEATHERBY LOCUMS, INC. | ATTN EVONNE ORWIN P.O. BOX 972633 DALLAS TX 75397-2633 UNITED STATES OF AMERICA |
| WEATHERBY LOCUMS, INC. | ATTN EVONNE ORWIN 7259 BINGHAM JCT. BLVD MIDVALE UT 84047 UNITED STATES OF AMERICA |
| ZIMMER, INC. | ATTN DANIEL CARABALLO 14235 COLLECTIONS CENTER DR CHICAGO IL 60693 UNITED STATES OF AMERICA |

Total Count: 85

# EXHIBIT N

| Name | Email |
|---|---|
| ALLIANCE FUNDING GROUP | BKNOX@AFG.COM |
| AMERICORP FINANCING | CREDITDEPT@AMERICORPUSA.COM; MARK.JOHNSON@AMERICORPUSA.COM |
| AMERICORP FINANCING | CREDITDEPT@AMERICORPUSA.COM; MARK.JOHNSON@AMERICORPUSA.COM |
| AMUR FINANCIING | LIVLER@GOAMUR.COM |
| AMUR FINANCING | LIVLER@GOAMUR.COM |
| BETA HEALTHCARE GROUP | ANDREW.GUARAGLIA@BETAHG.COM |
| BOSTON SCIENTIFIC CORPORATION | BOUNTIAP.KETNOUVONG@BSCI.COM> |
| BOSTON SCIENTIFIC CORPORATION | BOUNTIAP.KETNOUVONG@BSCI.COM> |
| CALIFORNIA ATTORNEY GENERALS OFFICE | ATTORNEYGENERAL.APPOINTMENTS@DOJ.CA.GOV |
| CALIFORNIA DEPARTMENT | CDTFA-BANKRUPTCY@CDTFA.CA.GOV |
| CALIFORNIA HEALTHCARE INS, INC | MHIGGINS@OPTIMAHEALTHCARE.COM |
| CANNON DESIGN | SAM@MUIR.LAW |
| CANON MEDICAL FINANCE | PGILLECE@US.MEDICAL.CANON |
| CHANGE HEALTHCARE | VASSI.ILIADIS@HOGANLOVELLS.COM; OREN.KREPS@HOGANLOVELLS.COM |
| CHG MEDICAL STAFFING, INC. | EVONNE.ORWIN@CHGHEALTHCARE.COM |
| CLINICOMP INTERNATIONAL, INC. | SEAN.GALLAGHER@CLINICOMP.COM |
| CODONICS | GCADDELL@CODONICS.COM |
| CODONICS | GCADDELL@CODONICS.COM |
| CURATIVE TALENT, LLC | BBEAR@DOXIMITY.COM |
| DE LAGE LANDEN FINANCIAL | JKSMITH@LEASEDIRECT.COM; SMATHUR2@LEASEDIRECT.COM; CUSTOMERSUPPORT@LEASEDIRECT.COM |
| DELL FINANCIAL SERVICES | PATRICK_HANKS@DELL.COM |
| DENTONS US LLP | TANIA.MOYRON@DENTONS.COM; SAMUEL.MAIZEL@DENTONS.COM |
| DENTONS US LLP | SAM.ALBERTS@DENTONS.COM |
| DEXT CAPITAL | BRENT.MCQUEEN@DEXTCAPITAL.COM |
| DOWNEY BRAND LLP | JGAITAN@DOWNEYBRAND.COM |
| FIRST CITIZENS BANK | GREG.MELLOR@FIRSTCITIZENS.COM |
| FIRST CITIZENS BANK | GREG.MELLOR@FIRSTCITIZENS.COM |
| GE HEALTHCARE | DAVID.W.KELSEY@GEHEALTHCARE.COM |
| GE HEALTHCARE CAPITAL | DAVID.W.KELSEY@GEHEALTHCARE.COM |
| GREENBERG TRAURIG, LLP | COLLEEN.MURPHY@GTLAW.COM |
| INTUITIVE SURGICAL | JENNIFER.KLEPPER@INTUSURG.COM |
| INTUITIVE SURGICAL | CUSTOMERSERVICE@INTUSURG.COM |
| INTUITIVE SURGICAL | CUSTOMERSERVICE@INTUSURG.COM |
| INTUITIVE SURGICAL INC | INVESTOR.RELATIONS@INTUSURG.COM |
| MECHANICS BANK | ANGIE_SARGSYAN@MECHANICSBANK.COM; SAMONE_SHAFER@MECHANICSBANK.COM |
| MECHANICS BANK | ANGIE_SARGSYAN@MECHANICSBANK.COM; SAMONE_SHAFER@MECHANICSBANK.COM |
| MEDLINE INDUSTRIES | SREED@MEDLINE.COM |
| MEDLINE INDUSTRIES | SREED@MEDLINE.COM |

| Name | Email |
|---|---|
| MEDLINE INDUSTRIES LP | SREED@MEDLINE.COM |
| MODERN-SUNDT | SKORNBLATT@GIBBSGIDEN.COM |
| NISSAN MOTORS | DOMINIC.VIZOR@NISSAN-USA.COM |
| OFFICE OF THE U.S. TRUSTEE | USTP.REGION17@USDOJ.GOV |
| OHPAC PARTNERS, LLC | RPACHULSKI@PSZJLAW.COM |
| OMNICELL, INC. | BKNOTIFICATIONS@OMNICELL.COM |
| OROVILLE MEDICAL COMPLEX, LLC | RPACHULSKI@PSZJLAW.COM |
| PACIFIC GAS & ELECTRIC | CUSTOMERSERVICE@PGE.COM |
| PACIFIC GAS & ELECTRIC | CUSTOMERSERVICE@PGE.COM |
| PACIFIC PARKS LANDSCAPING, INC | KSG@AGRLAW.COM |
| PHOENIX SETTLEMENT ADMIN. | NOTICE@PHOENIXCLASSACTION.COM |
| PHOENIX SETTLEMENT ADMIN. | KEVIN@PHOENIXCLASSACTION.COM; TAYLOR@PHOENIXCLASSACTION.COM |
| STERIS CORPORATION | ALEX_SYLVAN@STERIS.COM |
| STERIS CORPORATION | ALEX_SYLVAN@STERIS.COM |
| STRYKER SALES LLC | NOEL.PEREIRA@STRYKER.COM |
| THE BANK OF NEW YORK MELLON | FELICIA.KADIMAJOHNSON@USBANK.COM |
| THE BANK OF NEW YORK MELLON | FELICIA.KADIMAJOHNSON@USBANK.COM |
| TRI COUNTIES BANK | KENFORBIS@TCBK.COM |
| TRISHA L. HOPPS AND PAMELA SERAFINE | HOPPSIE44@GMAIL.COM |
| UMB BANK | GAVIN.WILKINSON@UMB.COM |
| VITALANT | AR@VITALANT.ORG |
| VITALANT | AR@VITALANT.ORG |
| VITEL NET | INFO@VITELNET.COM |
| VITEL NET | MKOLLAR@VITELNET.COM |
| WEATHERBY LOCUMS, INC. | EVONNE.ORWIN@CHGHEALTHCARE.COM |
| WEATHERBY LOCUMS, INC. | EVONNE.ORWIN@CHGHEALTHCARE.COM |
| ZIMMER, INC. | DANIEL.CARABALLO@ZIMMERBIOMET.COM |

Total Count: 74